IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CANAL INSURANCE COMPANY,

     Plaintiff,

vs.

BILLY GENE MICHAEL, an individual;
JOEY BARNES, individually and d/b/a
BAD J TRUCKING COMPANY;
CANDACE M. GROSE, as personal
representative of the Estate of
JAKOB A. GROSE; et al.

2007 OCT -3 A 10:08

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION NO.:

2:07cv 882 MHT

## COMPLAINT FOR DECLARATORY JUDGMENT

     COMES the Plaintiff, Canal Insurance Company, by and through its undersigned counsel of record, and files this Complaint for Declaratory Judgment.

## PARTIES

     1. Canal Insurance Company (hereinafter "Canal") is a South Carolina corporation with its principal place of business in Greenville, South Carolina. Canal was qualified and engaged in the business of writing insurance in the State of Mississippi at all times referred to herein;

     2. Joey Barnes, an individual and d/b/a Bad J Trucking Company, is a resident of the State of Mississippi;

     3. Candace M. Grose is a resident of the State of South Carolina and is the appointed personal representative of Jakob A. Grose, deceased;

     4. Billy Gene Michael is an individual resident of the State of Mississippi;

1

SCANNED

## JURISDICTION AND VENUE

5.  This is a Declaratory Judgment action and is brought pursuant to 28 U.S.C. § 2201, et seq., and Rule 57 of the Federal Rules of Civil Procedure;

6.  This lawsuit involves an insurance coverage dispute that is premised on the underlying lawsuit styled *Candace M. Grose, Personal Representative of the Estate of Jakob A. Grose, deceased vs. Billy Gene Michael; Bad J Trucking Company; Joey Barnes, an individual; Joey Barnes, d/b/a Bad J Trucking, et al.,* pending in the Circuit Court of Montgomery County, Alabama, and bearing Civil Action Number CV-06-900085;

7.  There exists federal question jurisdiction in this case pursuant to 28 U.S.C. § 1331;

8.  Venue in this matter is appropriate pursuant to 28 U.S.C. § 1391;

## FACTS

9.  On October 10, 2006, Candace M. Grose, as personal representative of the Estate of Jakob A. Grose, filed a wrongful death claim in the Circuit Court of Montgomery County, Alabama against Billy Gene Michael and various fictitious defendants.  On November 6, 2006, Candace M. Grose, as personal representative of the Estate of Jakob A. Grose, amended her complaint in that underlying case to name Billy Gene Michael;  Bad J Trucking Company; Joey Barnes, an individual; Joey Barnes, d/b/a Bad J Trucking Company, along with various fictitious parties as defendants .  A copy of the underlying Complaint and First Amended Complaint are attached hereto as Exhibits "A" and "B" respectively.

10.  Candace M. Grose, as personal representative of the Estate of Jakob A. Grose, alleges in the underlying lawsuit that on or about April 7, 2005, the defendants, Billy Gene Michael, Bad J Trucking Company, Joey Barnes individually and d/b/a Bad J Trucking

2

Company, along with the fictitious defendants, were operating an 18-wheel tractor trailer rig

within Montgomery County, Alabama, on U.S. Highway 231; that the defendants negligently or

wantonly caused or allowed the tractor trailer rig to pull out of a private drive, across U.S. 231

South and completely block the path of the decedent, Jakob A. Grose; and that as a result, the

vehicle being driven by the decedent, Jakob A Grose, collided with the defendants' rig, causing

injuries to Jakob A. Grose, from which he died.  The First Amended Complaint in the underlying

lawsuit further purports to state claims against Bad J Trucking Company, Joey Barnes

individually and/or d/b/a Bad J Trucking, and various fictitious defendants, for negligent hiring,

training and supervision of Billy Gene Michael; negligent entrustment of the 18-wheel tractor

trailer rig to Billy Gene Michael; negligent inspection or maintenance of the tractor trailer rig

being operated by Billy Gene Michael at the time of the subject accident; and vicarious liability

for the acts, errors and/or omissions of Billy Gene Michael.  The underlying lawsuit demands

judgment against the defendants as allowed by law for the wrongful death of Jakob Alvin Grose;

11.   From November 10, 2004 until April 1, 2005, Billy Gene Michael owned and

operated the 1993 International tractor, VIN 1MSRACAN3PH465116,  involved in the subject

accident under the authority of Joey Barnes d/b/a Bad J Trucking.  There was no written lease

agreement between Billy Gene Michael and Joey Barnes d/b/a Bad J Trucking, but instead, there

was on oral agreement that Billy Gene Michael would pay Joey Barnes d/b/a Bad J Trucking

fifteen percent (15%) of his loads, in exchange for coming under the authority of Joey Barnes

d/b/a Bad J Trucking, and Billy Gene Michael being permitted to display Bad J Trucking's DOT

numbers and placard on his tractor.  There was also an agreement that Billy Gene Michael's

tractor would be added to Joey Barnes d/b/a Bad J Trucking's insurance policy, but that Billy

3

Gene Michael would be responsible for the cost of that insurance;

12.  During the period of time from November 10, 2004 until April 1, 2005, Billy Gene Michael did not comply with the terms of the oral agreement he had with Joey Barnes d/b/a Bad J Trucking inasmuch as he continued to fall behind on payment of his insurance fees and was not making payments as agreed to Joey Barnes d/b/a Bad J Trucking.  Accordingly, on April 1, 2005, Joey Barnes told Billy Gene Michael that he was no longer permitted to operate the subject tractor under the authority of Joey Barnes d/b/a Bad J Trucking; that the insurance agent would be informed to remove Billy Gene Michael's tractor from the insurance policy effective that day; and that Billy Gene Michael had twenty-four hours to remove the Bad J Trucking's DOT number, placards and insurance information from the subject tractor.  Billy Gene Michael spoke to the insurance agent on April 1, 2005 and was informed at that time that his tractor was being deleted from Joey Barnes d/b/a Bad J Trucking's insurance policy on April 2, 2005, and in fact, Billy Gene Michael's tractor was deleted from Joey Barnes d/b/a Bad J Trucking's policy on April 2, 2005;

13.  Despite being informed on April 1, 2005 that he was no longer permitted to run under the authority of Joey Barnes d/b/a Bad J Trucking, and that his tractor was being deleted from Joey Barnes d/b/a Bad J Trucking's insurance policy, Billy Gene Michael picked up a load from FSR Transportation, a regular client of Joey Barnes d/b/a Bad J Trucking.  At the time he arrived at FSR Transportation, Billy Gene Michael had not removed Bad J Trucking's DOT numbers and placard as instructed by Joey Barnes d/b/a Bad J Trucking.  Joey Barnes d/b/a Bad J Trucking was not expected to receive, and in fact did not receive, any compensation from FSR Transportation or Billy Gene Michael in connection with that load.  Any compensation paid in

4

connection with that load would have been paid by FSR Transportation to Billy Gene Michael.

14.   After leaving FSR Transportation with its loaded trailer, and while in Montgomery County, Alabama, Billy Gene Michael was involved in an accident in which a vehicle being driven by the decent, Jakob A. Grose collided with the tractor trailer being operated by Billy Gene Michael.  As the result of that accident, Jakob A. Grose allegedly received injuries resulting in his death.  The tractor being operated by Billy Gene Michael at the time of the accident was the 1993 International tractor he owned, which had been deleted from Joey Barnes dba Bad J Trucking's Insurance Policy some five days prior to the accident, and which Billy Gene Michael had been informed some six days earlier was no longer under the authority of Joey Barnes dba Bad J Trucking.

15.   At the time of the subject accident, Joey Barnes d/b/a Bad J Trucking had in effect a basic auto liability policy with Canal Insurance Company, policy number 395497, with a policy period of March 28, 2003, until canceled, listing Joey Barnes dba Bad J Trucking as the named insured.   Under Section A - Basic Automobile Liability Insurance, the policy provides as follows:

I.      **COVERAGE A - BODILY INJURY LIABILITY - COVERAGE B - PROPERTY DAMAGE LIABILITY:**

> The company will pay on behalf of the **insured** all sums which the **insured** shall become legally obligated to pay as damages because of **bodily injury** or **property damage** to which this insurance applies, caused by an **occurrence** and arising out of the ownership, maintenance or use, including loading and unloading, for the purposes stated as applicable thereto in the declaration, of an **owned automobile** or of a **temporary substitute automobile** . . .
>                     *          *          *

5

Exclusions: This insurance does not apply:

> \*        \*        \*

> (f) to bodily injury to property damage arising out of the ownership, maintenance, operation, use, loading or unloading of any owned automobile or temporary substitute automobile while such automobile is being used as a public or livery conveyance, **unless such use is specifically declared and described in the declarations.** (emphasis added)

A copy of the subject insurance policy is attached hereto as Exhibit "C."

16. The subject insurance policy is a scheduled vehicle policy, and at one time, listed the 1993 International tractor, which was owned by Billy Gene Michael and which he was operating at the time of the subject accident, as a covered vehicle under the policy. However, prior to the date of the subject accident, and more specifically, on April 2, 2005, the 1993 International tractor had been deleted from the Canal policy pursuant to an April 2, 2005 E-3L endorsement, and following Joey Barnes' notice to Billy Gene Michael on April 1, 2005 that his 1993 International tractor would be removed from the subject policy, and that Billy Gene Michael had twenty-four hours to remove the Bad J Trucking placards and USDOT authority from that tractor.

17. The subject insurance policy contained a Federal Motor Carrier Safety Administration MCS-90 endorsement, providing as follows:

> The insurer agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance, or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere. Such insurance as is afforded for public liability does not apply to injury or death of the insured's employees while engaged in the course of their employment, or property transported by the insured, designated as cargo.

6

## BILL OF COMPLAINT

## COUNT ONE

## DECLARATORY JUDGMENT

17.  Billy Gene Michael's 1993 International tractor was deleted from the subject

insurance policy's list of scheduled vehicles on April 2, 2005, by an E-3L Change of Vehicle

Endorsement Liability form, some five days prior to the accident made the basis of the

underlying lawsuit, and accordingly, Canal Insurance Company does not have an obligation to

defend or to indemnify Billy Gene Michael, Joey Barnes, individually, Bad J Trucking, or Joey

Barnes dba Bad J Trucking, for the claims, demands, or damages in the underlying lawsuit.

18. The MCS-90 Endorsement does not create an obligation on the part of Canal

Insurance Company to defend or to indemnify Billy Gene Michael, Joey Barnes, individually,

Bad J Trucking, or Joey Barnes dba Bad J Trucking for the claims, demands, or damages in the

underlying lawsuit inasmuch as there was no written lease agreement between Billy Gene

Michael and Joey Barnes dba Bad J Trucking as required by the United States Department of

Transportation.  49 C.F.R. 376.12.  In addition, not withstanding the absence of a written lease

agreement, as required by the U.S. Department of Transportation, any alleged "oral" lease

agreement was terminated on April 1, 2005 when Joey Barnes on behalf of Bad J Trucking gave

notice to Billy Gene Michael that he was no longer authorized to operate his 1993 International

tractor under the authority of Joey Barnes dba Bad J Trucking, that Billy Gene Michael's 1993

International tractor would be deleted from Joey Barnes dba Bad J Trucking's policy of

insurance, and that Billy Gene Michael had twenty-four hours to remove Bad J Trucking's DOT

numbers and placards from the subject tractor.    Accordingly, at the time of the subject accident,

any lease agreement, oral or otherwise, between Joey Barnes individually or dba Bad J Trucking

and Billy Gene Michael had been terminated, and Billy Gene Michael was not authorized to

operate his 1993 International tractor under the authority of Joey Barnes dba Bad J Trucking.

19.    Inasmuch as Billy Gene Michael's 1993 International tractor was deleted from the

subject policy some five days prior to the accident in the underlying lawsuit, and there existed no

lease agreement between Joey Barnes individually or dba Bad J Trucking and Billy Gene

Michael at the time of the accident, there is no obligation on the part of Canal Insurance

Company to defend or to indemnity the claims, demands, or damages in the underlying lawsuit

filed against Joey Barnes individually, Joey Barnes dba Bad J Trucking, Bad J Trucking

Company, and Billy Gene Michael.

20.  Canal Insurance Company alleges that a justiciable controversy exists regarding its

rights, duties and obligations under the applicable policy of insurance.


WHEREFORE, premises considered, Plaintiff Canal Insurance Company requests:

A.    That this Court take jurisdiction of this cause;

B.    That this Court order, adjudge and decree that this is a proper cause for an action

of declaratory judgment, and that there exists a bonafide controversy as to the

legal rights, duties, status and liability of the parties;

C.    That the process of this Court will be issued to all of the Defendants, Joey Barnes

individually and dba Bad J Trucking, Billy Gene Michael, and Candace M. Grose,

personal representative and the Estate of Jakob A. Grose, deceased, as provided

8

by law and the rules of this Court and that they each be required to plead or

answer this Complaint for Declaratory Judgment within the time and manner

required by law;

D.    That this Court stay the underlying lawsuit until all coverage issues are

determined and declared by this Court, said underlying lawsuit being styled

*Candace M. Grose, Personal Representative of the Estate of Jakob A. Grose,*

*deceased vs. Billy Gene Michael; Bad J Trucking Company; Joey Barnes, an*

*individual; Joey Barnes, d/b/a Bad J Trucking, et al.,* pending in the Circuit Court

of Montgomery County, Alabama, and bearing Civil Action Number CV-06-

900085;

E.    That upon a final hearing of this cause, this Court will declare the rights, duties,

status and legal relations of Canal Insurance Company and all named Defendants

to this action under the applicable policy of insurance;

F.    That upon a final decree of this cause, this Court will order, adjudge and decree

that Canal Insurance Company has no obligation to defend and no obligation to

indemnify Billy Gene Michael, Joey Barnes individually, Joey Barnes dba Bad J

Trucking or Bad J Trucking for the claims, demands and damages in the

underlying lawsuit styled *Candace M. Grose, Personal Representative of the*

*Estate of Jakob A. Grose, deceased vs. Billy Gene Michael; Bad J Trucking*

*Company; Joey Barnes, an individual; Joey Barnes, d/b/a Bad J Trucking, et al.,*

pending in the Circuit Court of Montgomery County, Alabama, and bearing Civil

Action Number CV-06-900085; and

9

G.    Canal Insurance Company requests any such other, further and different relief as it

may be entitled to, and offers to do equity and further requests that if it be

mistaken and any special relief herein sought is denied, that such other, further or

more general relief to which it may be entitled be granted.

Jack J. Hall (ASB-7823-162j)
Attorney for Plaintiff,
Canal Insurance Company

**OF COUNSEL:**
HALL, CONERLY & BOLVIG, P.C.
505 N. 20th Street, Suite 1400
Birmingham, AL 35203
(205) 251-8143
fax: (205) 326-3202

**PLAINTIFF'S ADDRESS:**
Canal Insurance Company
P.O. Box 7
Greenville, SC 29602

**Please serve these Defendants by Certified Mail as follows:**

Joey Barnes, an individual and dba Bad J Trucking
PO Box 575
Booneville, Mississippi 38829

Candace M. Grose as personal representative of
the Estate of Jakob A. Grose, deceased
1007 9th Street
Port Royal, South Carolina 29935

Billy Gene Michael
County Road 1200, House No. 8
Booneville, Mississippi 38829

10

ELECTRONICALLY FILED
10/10/2006 1:26 PM
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

## IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY, ALABAMA

CANDACE M. GROSE,                                    )
Personal Representative of the Estate                )
of JAKOB A. GROSE, Deceased,                         )
                                                     )
        *Plaintiff,*                        )
                                                     )
vs.                                                  )    CIVIL ACTION NO. CV-06-*900085*
                                                     )
BILLY GENE MICHAEL, an individual;                   )
FICTITIOUS DEFENDANT A, those persons,               )
firms, corporations, partnerships, or                )
other entities who negligently hired,                )
trained, or supervised BILLY GENE                    )
MICHAEL; FICTITIOUS DEFENDANT B, those               )
persons, firms, corporations,                        )
partnerships, or other entities who                  )
negligently entrusted the accident rig               )
to BILLY GENE MICHAEL, an incompetent                )
driver; FICTITIOUS DEFENDANT C, those                )
persons, firms, corporations,                        )
partnerships, or other entities who                  )
negligently maintained and/or                        )
inspected the rig operated by                        )
Defendant BILLY GENE MICHAEL at the                  )
time of the accident made the basis                  )
of this suit; FICTITIOUS DEFENDANT D,                )
those persons, firms, corporations,                  )
partnerships, or other entities for                  )
whose benefit BILLY GENE MICHAEL                      )
was operating the truck at the time                  )
of the accident made the basis of this               )
suit; FICTITIOUS DEFENDANT E, those                  )
persons, firms, corporations,                        )
partnerships, or other entities who                  )
are responsible for the death of                     )
JAKOB A. GROSE, the identities of all                )
of said fictitious defendants are not                )
known at this time to the plaintiff,                 )
however, will be added by amendment                  )
when ascertained,                                    )
                                                     )
        *Defendants.*                      )



EXHIBIT

A

# COMPLAINT

## PARTIES

1.      CANDACE M. GROSE is a resident of South Carolina and is the duly appointed personal representative of JAKOB A. GROSE, deceased.

2.      BILLY GENE MICHAEL, on information and belief, is a resident of Mississippi and is over the age of nineteen (19) years.

3.      FICTITIOUS DEFENDANT A, those persons, firms, corporations, partnerships, or other entities who negligently hired, trained, or supervised BILLY GENE MICHAEL.

4.      FICTITIOUS DEFENDANT B, those persons, firms, corporations, partnerships, or other entities who negligently entrusted the accident rig to BILLY GENE MICHAEL, an incompetent driver.

5.      FICTITIOUS DEFENDANT C, those persons, firms, corporations, partnerships, or other entities who negligently maintained and/or inspected the rig operated by Defendant BILLY GENE MICHAEL at the time of the accident made the basis of this suit.

6.      FICTITIOUS DEFENDANT D, those persons, firms, corporations, partnerships, or other entities for whose benefit BILLY GENE MICHAEL was operating the truck at the time of the accident made the basis of this suit.

7.      FICTITIOUS DEFENDANT E, those persons, firms, corporations, partnerships, or other entities who are responsible for the death of JAKOB A. GROSE.

-2-

### COUNT I

8.      The plaintiff incorporates Paragraphs 1 through 7 of the Complaint by reference as though fully set herein.

9.      On or about the 7th day of April, 2005, the defendants, Billy Gene Michael, and/or Fictitious Defendants A, B, C, D, and/or E were operating an 18-wheel tractor trailer rig within Montgomery County, Alabama, on U. S. Highway 231.

10.     The defendants negligently or wantonly caused or allowed the tractor trailer rig to pull out of a private drive, across U. S. 231 South and completely block the path of the decedent, Jakob A. Grose, in violation of the Alabama Rules of the Road.

11.     The decedent, Jakob A. Grose, was operating his vehicle upon U. S. 231 in a lawful manner and had the right of way.

12.     As a proximate result of the defendant's negligence or wantonness described herein, to include, but not limited to the defendant's failure to yield the right of way, the vehicle of Jakob A. Grose collided with the defendants' rig. Jakob A. Grose sustained injuries including a partial decapitation as a result of the defendants' aforesaid negligence or wantonness from which he died.

WHEREFORE, THE PREMISES CONSIDERED, plaintiff demands judgment against Billy Gene Michael and Defendants A, B, C, D, and E as allowed by law for the wrongful death of Jakob Alvin Grose.

-3-

## COUNT II

13.     The plaintiff incorporates Paragraphs 1 through 12 of the Complaint by reference as though fully set herein.

14.     Fictitious Defendant A negligently hired, trained and/or supervised Billy Gene Michael concerning the operation, use, and maintenance of the accident rig.

15.     As a proximate result of the negligence described herein, Defendant Billy Gene Michael caused or allowed the tractor trailer rig he was operating to pull out of a private drive, across U.S. 231 South and completely block the path of the decedent, Jakob A. Grose, in violation of the Alabama Rules of the Road.

16.     The decedent, Jakob A. Grose, was operating his vehicle upon U.S. 231 in a lawful manner and had the right of way.

17.     As a proximate result of the defendant's negligence or wantonness described herein, to include, but not limited to the defendant's failure to yield the right of way, the vehicle of Jakob A. Grose collided with the defendants' rig. Jakob A. Grose sustained injuries including a partial decapitation as a result of the defendants' aforesaid negligence or wantonness from which he died.

WHEREFORE, THE PREMISES CONSIDERED, plaintiff demands judgment against Billy Gene Michael and Defendant A as allowed by law for the wrongful death of Jakob Alvin Grose.

-4-

## COUNT III

18.    The plaintiff incorporates Paragraphs 1 through 17 of the Complaint by reference as though fully set herein.

19.    Fictitious Defendant B negligently entrusted to Billy Gene Michael the 18-wheel tractor trailer rig which he was operating at the time of the accident.

20.    Fictitious Defendant B knew or should have known that Billy Gene Michael had a poor driving record, possessed reckless tendencies, was not properly trained or supervised, and lacked the proper credentials for the operation of an 18-wheel tractor trailer rig.

21.    As a proximate result of the negligence of Fictitious Defendant B, Defendant Billy Gene Michael caused or allowed the tractor trailer rig he was operating to pull out of a private drive , across U. S. 231 South and completely block the path of the decedent, Jakob A. Grose, in violation of the Alabama Rules of the Road.

22.    The decedent, Jakob A. Grose, was operating his vehicle upon U. S. 231 in a lawful manner and had the right of way.

23.    As a proximate result of the defendant's negligence or wantonness described herein, to include, but not limited to the defendant's failure to yield the right of way, the vehicle of Jakob A. Grose collided with the defendants' rig. Jakob A. Grose sustained injuries including a partial decapitation as a result of the defendants' aforesaid negligence or wantonness from which he died.

-5-

WHEREFORE, THE PREMISES CONSIDERED, plaintiff demands judgment against Billy Gene Michael and Defendant B as allowed by law for the wrongful death of Jakob Alvin Grose.

## COUNT IV

24.    The plaintiff incorporates Paragraphs 1 through 23 of the Complaint by reference as though fully set herein.

25.    Fictitious Defendant C negligently inspected or maintained the tractor trailer rig operated by Billy Gene Michael at the time of the accident made the basis of this suit.

26.    The defendants' tractor trailer rig was unsafe and did not comply with applicable regulations.

27.    As a proximate result of the negligence of Fictitious Defendant C, Defendant Billy Gene Michael caused or allowed the tractor trailer rig he was operating to pull out of a private drive , across U. S. 231 South and completely block the path of the decedent, Jakob A. Grose, in violation of the Alabama Rules of the Road.

28.    The decedent, Jakob A. Grose, was operating his vehicle upon U. S. 231 in a lawful manner and had the right of way.

29.    As a proximate result of the defendant's negligence or wantonness described herein, to include, but not limited to the defendant's failure to yield the right of way, the vehicle of Jakob A. Grose collided with the defendants' rig. Jakob A. Grose sustained

-6-

injuries including a partial decapitation as a result of the defendants' aforesaid negligence or wantonness from which he died.

WHEREFORE, THE PREMISES CONSIDERED, plaintiff demands judgment against Billy Gene Michael and Defendant C as allowed by law for the wrongful death of Jakob Alvin Grose.

## COUNT V

30.     The plaintiff incorporates Paragraphs 1 through 29 of the Complaint by reference as though fully set herein.

31.     Fictitious Defendant D is the person, corporation, firm, or entity for whose benefit the tractor trailer rig was being operated at the time of the events described herein which caused the death of Jakob Alvin Grose.

32.     Fictitious Defendant D is liable to the plaintiff vicariously for the acts, errors, and/or omissions of Billy Gene Michael and Defendants A, B, C, and E described herein.

33.     As a proximate result of the negligence or wantonness of Fictitious Defendant D, Defendant Billy Gene Michael caused or allowed the tractor trailer rig he was operating to pull out of a private drive, across U. S. 231 South and completely block the path of the decedent, Jakob A. Grose, in violation of the Alabama Rules of the Road.

34.     The decedent, Jakob A. Grose, was operating his vehicle upon U. S. 231 in a lawful manner and had the right of way.

-7-

35.    As a proximate result of the defendant's negligence or wantonness described herein, to include, but not limited to the defendant's failure to yield the right of way, the vehicle of Jakob A. Grose collided with the defendants' rig.  Jakob A. Grose sustained injuries including a partial decapitation as a result of the defendants' aforesaid negligence or wantonness from which he died.

WHEREFORE, THE PREMISES CONSIDERED, plaintiff demands judgment against Billy Gene Michael and Defendants A, B, C, D, and E as allowed by law for the wrongful death of Jakob Alvin Grose.


## COUNT VI

36.    The plaintiff incorporates Paragraphs 1 through 35 of the Complaint by reference as though fully set herein.

37.    Fictitious Defendant E is the person, firm, corporation, partnership, or other entity responsible for the death of Jacob Alvin Grose.

38.    The acts, errors, and omissions of Fictitious Defendant E combined and concurred with the negligence or wantonness of Defendants Billy Gene Michael, A, B, C, and D to cause the injuries to Jakob Alvin Grose from which he died.

39.    The decedent, Jakob A. Grose, was operating his vehicle upon U. S. 231 in a lawful manner and had the right of way.

40.    As a proximate result of the defendant's negligence or wantonness described herein, to include, but not limited to the defendant's failure to yield the right of way, the

-8-

vehicle of Jakob A. Grose collided with the defendants' rig. Jakob A. Grose sustained injuries including a partial decapitation as a result of the defendants' aforesaid negligence or wantonness from which he died.

WHEREFORE, THE PREMISES CONSIDERED, plaintiff demands judgment against Billy Gene Michael and Defendants A, B, C, D, and E as allowed by law for the wrongful death of Jakob Alvin Grose.

_____
DAVID R. ALLRED (ALL039)

_____
D. CRAIG ALLRED (ALL078)
Attorneys for Plaintiff

OF COUNSEL:

DAVID R. ALLRED, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone:   (334) 396-9200
Facsimile:   (334) 396-9977

JEMISON & MENDELSOHN, P.C.
Post Office Box 241566
Montgomery, Alabama 36124-1566
Telephone:   (334) 213-2323
Facsimile:   (334) 213-5663

JURY DEMAND

THE PLAINTIFF DEMANDS A TRIAL BY JURY.

_____
OF COUNSEL.

-9-

*Serve Defendant by certified mail as follows:*

BILLY GENE MICHAEL
CR 1200 House #8
Booneville, Mississippi 38829

-10-



# IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY, ALABAMA

CANDACE M. GROSE,                    )
Personal Representative of the Estate )
of JAKOB A. GROSE, Deceased,         )
                                     )
                    *Plaintiff,*     )
                                     )
vs.                                  )    CIVIL ACTION NO. CV-06-900085
                                     )
BILLY GENE MICHAEL, an individual;   )
BAD J TRUCKING COMPANY, a            )
foreign corporation, partnership, or )
other entity; JOEY BARNES, an        )
individual; JOEY BARNES d/b/a        )
BAD J TRUCKING COMPANY;              )
FICTITIOUS DEFENDANT A, those persons, )
firms, corporations, partnerships, or )
other entities who negligently hired, )
trained, or supervised BILLY GENE    )
MICHAEL; FICTITIOUS DEFENDANT B, those )
persons, firms, corporations,        )
partnerships, or other entities who  )
negligently entrusted the accident rig )
to BILLY GENE MICHAEL, an incompetent )
driver; FICTITIOUS DEFENDANT C, those )
persons, firms, corporations,        )
partnerships, or other entities who  )
negligently maintained and/or        )
inspected the rig operated by        )
Defendant BILLY GENE MICHAEL at the  )
time of the accident made the basis  )
of this suit; FICTITIOUS DEFENDANT D, )
those persons, firms, corporations,  )
partnerships, or other entities for  )
whose benefit BILLY GENE MICHAEL     )
was operating the truck at the time  )
of the accident made the basis of this )
suit; FICTITIOUS DEFENDANT E, those  )
persons, firms, corporations,        )
partnerships, or other entities who  )
are responsible for the death of     )



EXHIBIT

B

JAKOB A. GROSE, the identities of all          )
of said fictitious defendants are not           )
known at this time to the plaintiff,            )
however, will be added by amendment    )
when ascertained,                               )
                                                )
                *Defendants.*                   )

# FIRST AMENDED COMPLAINT

## PARTIES

1.     CANDACE M. GROSE is a resident of South Carolina and is the duly appointed

personal representative of JAKOB A. GROSE, deceased.

2.     BILLY GENE MICHAEL, on information and belief, is a resident of Mississippi

and is over the age of nineteen (19) years.

3.     BAD J TRUCKING COMPANY, a foreign corporation, partnership, or other entity

which owned, operated, or entrusted the accident rig to Billy Gene Michael, or for whose

benefit Billy Gene Michael was acting at the time of the decedent's death.

4.     JOEY BARNES, an individual, and JOEY BARNES d/b/a BAD J TRUCKING

COMPANY, the individual, firm, corporation, partnership, or other entity who owned,

operated, or entrusted the accident rig to Billy Gene Michael, or for whose benefit Billy

Gene Michael was acting at the time of the decedent's death.

5.     FICTITIOUS DEFENDANT A, those persons, firms, corporations, partnerships,

or other entities who negligently hired, trained, or supervised BILLY GENE MICHAEL.

6.    FICTITIOUS DEFENDANT B, those persons, firms, corporations, partnerships, or other entities who negligently entrusted the accident rig to BILLY GENE MICHAEL, an incompetent driver.

7.    FICTITIOUS DEFENDANT C, those persons, firms, corporations, partnerships, or other entities who negligently maintained and/or inspected the rig operated by Defendant BILLY GENE MICHAEL at the time of the accident made the basis of this suit.

8.    FICTITIOUS DEFENDANT D, those persons, firms, corporations, partnerships, or other entities for whose benefit BILLY GENE MICHAEL was operating the truck at the time of the accident made the basis of this suit.

9.    FICTITIOUS DEFENDANT E, those persons, firms, corporations, partnerships, or other entities who are responsible for the death of JAKOB A. GROSE.

## COUNT I

10.    The plaintiff incorporates Paragraphs 1 through 9 of the Complaint by reference as though fully set herein.

11.    On or about the 7th day of April, 2005, the defendants, Billy Gene Michael, Bad J Trucking Company, Joey Barnes, an individual, and d/b/a Bad J Trucking Company, and/or Fictitious Defendants A, B, C, D, and/or E were operating an 18-wheel tractor trailer rig within Montgomery County, Alabama, on U. S. Highway 231.

-3-

12.    The defendants negligently or wantonly caused or allowed the tractor trailer rig to pull out of a private drive, across U. S. 231 South and completely block the path of the decedent, Jakob A. Grose, in violation of the Alabama Rules of the Road.

13.    The decedent, Jakob A. Grose, was operating his vehicle upon U. S. 231 in a lawful manner and had the right of way.

14.    As a proximate result of the defendant's negligence or wantonness described herein, to include, but not limited to the defendant's failure to yield the right of way, the vehicle of Jakob A. Grose collided with the defendants' rig. Jakob A. Grose sustained injuries including a partial decapitation as a result of the defendants' aforesaid negligence or wantonness from which he died.

WHEREFORE, THE PREMISES CONSIDERED, plaintiff demands judgment against Billy Gene Michael, Bad J Trucking Company, Joey Barnes, an individual, and d/b/a Bad J Trucking Company, and Defendants A, B, C, D, and E as allowed by law for the wrongful death of Jakob Alvin Grose.


## COUNT II

15.    The plaintiff incorporates Paragraphs 1 through 14 of the Complaint by reference as though fully set herein.

16.    Bad J Trucking Company, Joey Barnes, an individual, Joey Barnes, d/b/a Bad J Trucking Company, and/or Fictitious Defendant A negligently hired, trained and/or

supervised Billy Gene Michael concerning the operation, use, and maintenance of the accident rig.

17.    As a proximate result of the negligence described herein, Defendant Billy Gene Michael caused or allowed the tractor trailer rig he was operating to pull out of a private drive, across U. S. 231 South and completely block the path of the decedent, Jakob A. Grose, in violation of the Alabama Rules of the Road.

18.    The decedent, Jakob A. Grose, was operating his vehicle upon U. S. 231 in a lawful manner and had the right of way.

19.    As a proximate result of the defendant's negligence or wantonness described herein, to include, but not limited to the defendant's failure to yield the right of way, the vehicle of Jakob A. Grose collided with the defendants' rig.  Jakob A. Grose sustained injuries including a partial decapitation as a result of the defendants' aforesaid negligence or wantonness from which he died.

WHEREFORE, THE PREMISES CONSIDERED, plaintiff demands judgment against Billy Gene Michael, Bad J Trucking Company, Joey Barnes, an individual, and d/b/a Bad J Trucking Company, and Defendant A as allowed by law for the wrongful death of Jakob Alvin Grose.

## COUNT III

20.    The plaintiff incorporates Paragraphs 1 through 19 of the Complaint by reference as though fully set herein.

21.     Bad J Trucking Company, Joey Barnes, an individual, Joey Barnes, d/b/a Bad J Trucking Company, and/or Fictitious Defendant B negligently entrusted to Billy Gene Michael the 18-wheel tractor trailer rig which he was operating at the time of the accident.

22.     Bad J Trucking Company, Joey Barnes, an individual, Joey Barnes, d/b/a Bad J Trucking Company, and/or Fictitious Defendant B knew or should have known that Billy Gene Michael had a poor driving record, possessed reckless tendencies, was not properly trained or supervised, and lacked the proper credentials for the operation of an 18-wheel tractor trailer rig.

23.     As a proximate result of the negligence of Bad J Trucking Company, Joey Barnes, an individual, Joey Barnes, d/b/a Bad J Trucking Company, and/or Fictitious Defendant B, Defendant Billy Gene Michael caused or allowed the tractor trailer rig he was operating to pull out of a private drive, across U. S. 231 South and completely block the path of the decedent, Jakob A. Grose, in violation of the Alabama Rules of the Road.

24.     The decedent, Jakob A. Grose, was operating his vehicle upon U. S. 231 in a lawful manner and had the right of way.

25.     As a proximate result of the defendant's negligence or wantonness described herein, to include, but not limited to the defendant's failure to yield the right of way, the vehicle of Jakob A. Grose collided with the defendants' rig. Jakob A. Grose sustained injuries including a partial decapitation as a result of the defendants' aforesaid negligence or wantonness from which he died.

-6-

WHEREFORE, THE PREMISES CONSIDERED, plaintiff demands judgment against Billy Gene Michael, Bad J Trucking Company, Joey Barnes, an individual, Joey Barnes, d/b/a Bad J Trucking Company, and/or and Defendant B as allowed by law for the wrongful death of Jakob Alvin Grose.

## COUNT IV

26.    The plaintiff incorporates Paragraphs 1 through 25 of the Complaint by reference as though fully set herein.

27.    Bad J Trucking Company, Joey Barnes, an individual, Joey Barnes, d/b/a Bad J Trucking Company, and/or Fictitious Defendant C negligently inspected or maintained the tractor trailer rig operated by Billy Gene Michael at the time of the accident made the basis of this suit.

28.    The defendants' tractor trailer rig was unsafe and did not comply with applicable regulations.

29.    As a proximate result of the negligence of Bad J Trucking Company, Joey Barnes, an individual, Joey Barnes, d/b/a Bad J Trucking Company, and/or Fictitious Defendant C, Defendant Billy Gene Michael caused or allowed the tractor trailer rig he was operating to pull out of a private drive , across U. S. 231 South and completely block the path of the decedent, Jakob A. Grose, in violation of the Alabama Rules of the Road.

30.    The decedent, Jakob A. Grose, was operating his vehicle upon U. S. 231 in a lawful manner and had the right of way.

31.     As a proximate result of the defendant's negligence or wantonness described herein, to include, but not limited to the defendant's failure to yield the right of way, the vehicle of Jakob A. Grose collided with the defendants' rig. Jakob A. Grose sustained injuries including a partial decapitation as a result of the defendants' aforesaid negligence or wantonness from which he died.

WHEREFORE, THE PREMISES CONSIDERED, plaintiff demands judgment against Billy Gene Michael, Bad J Trucking Company, Joey Barnes, an individual, Joey Barnes, d/b/a Bad J Trucking Company, and/or and Fictitious Defendant C as allowed by law for the wrongful death of Jakob Alvin Grose.


## COUNT V

32.     The plaintiff incorporates Paragraphs 1 through 31 of the Complaint by reference as though fully set herein.

33.     Bad J Trucking Company, Joey Barnes, an individual, Joey Barnes, d/b/a Bad J Trucking Company, and/or Fictitious Defendant D is the person, corporation, firm, or entity for whose benefit the tractor trailer rig was being operated at the time of the events described herein which caused the death of Jakob Alvin Grose.

34.     Bad J Trucking Company, Joey Barnes, an individual, Joey Barnes, d/b/a Bad J Trucking Company, and/or Fictitious Defendant D is liable to the plaintiff vicariously for the acts, errors, and/or omissions of Billy Gene Michael and Defendants A, B, C, and E described herein.

35.    As a proximate result of the negligence or wantonness of Bad J Trucking Company, Joey Barnes, an individual,  Joey Barnes, d/b/a Bad J Trucking Company, and/or Fictitious Defendant D, Defendant Billy Gene Michael caused or allowed the tractor trailer rig he was operating to pull out of a private drive , across U. S. 231 South and completely block the path of the decedent, Jakob A. Grose, in violation of the Alabama Rules of the Road.

36.    The decedent, Jakob A. Grose, was operating his vehicle upon U. S. 231 in a lawful manner and had the right of way.

37.    As a proximate result of the defendant's negligence or wantonness described herein, to include, but not limited to the defendant's failure to yield the right of way, the vehicle of Jakob A. Grose collided with the defendants' rig.  Jakob A. Grose sustained injuries including a partial decapitation as a result of the defendants' aforesaid negligence or wantonness from which he died.

WHEREFORE, THE PREMISES CONSIDERED, plaintiff demands judgment against Billy Gene Michael, Bad J Trucking Company, Joey Barnes, an individual,  Joey Barnes, d/b/a Bad J Trucking Company, and/or and Defendants A, B, C, D, and E as allowed by law for the wrongful death of Jakob Alvin Grose.


## COUNT VI

38.    The plaintiff incorporates Paragraphs 1 through 37 of the Complaint by reference as though fully set herein.

39.    Bad J Trucking Company, Joey Barnes, an individual, Joey Barnes, d/b/a Bad J Trucking Company, and/or Fictitious Defendant E is the person, firm, corporation, partnership, or other entity responsible for the death of Jacob Alvin Grose.

40.    The acts, errors, and omissions of Bad J Trucking Company, Joey Barnes, an individual, Joey Barnes, d/b/a Bad J Trucking Company, and/or Fictitious Defendant E combined and concurred with the negligence or wantonness of Defendants Billy Gene Michael, A, B, C, and D to cause the injuries to Jakob Alvin Grose from which he died.

41.    The decedent, Jakob A. Grose, was operating his vehicle upon U. S. 231 in a lawful manner and had the right of way.

42.    As a proximate result of the defendant's negligence or wantonness described herein, to include, but not limited to the defendant's failure to yield the right of way, the vehicle of Jakob A. Grose collided with the defendants' rig. Jakob A. Grose sustained injuries including a partial decapitation as a result of the defendants' aforesaid negligence or wantonness from which he died.

WHEREFORE, THE PREMISES CONSIDERED, plaintiff demands judgment against Billy Gene Michael Bad J Trucking Company, Joey Barnes, an individual, Joey Barnes, d/b/a Bad J Trucking Company, and/or and Defendants A, B, C, D, and E as allowed by law for the wrongful death of Jakob Alvin Grose.

_____
DAVID E. ALLRED (ALL039)

-10-

_Craig Allred_
D. CRAIG ALLRED (ALL078)
Attorneys for Plaintiff

OF COUNSEL:

DAVID E. ALLRED, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone:   (334) 396-9200
Facsimile:   (334) 396-9977

JEMISON & MENDELSOHN, P.C.
Post Office Box 241566
Montgomery, Alabama 36124-1566
Telephone:   (334) 213-2323
Facsimile:   (334) 213-5663

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *First Amended Complaint* has been served

upon the following party in this cause by placing a copy of same in the United States Mail,

first-class postage prepaid, on this the 3rd day of November, 2006.

Billy Gene Michael
CR 1200 House #8
Booneville, Mississippi 38829

_signature_
OF COUNSEL

_Serve Defendant by certified mail as follows_:

JOEY BARNES, an individual, and
BAD J TRUCKING COMPANY
Post Office Box 575
Booneville, Mississippi 38829

-11-

# BASIC AUTOMOBILE LIABILITY POLICY

STOCK COMPANY



## Canal Insurance Company

*P.O. Box 7 - Greenville, South Carolina - 29602-0007*



EXHIBIT

C

Blumberg No. 5119

# CANAL INSURANCE COMPANY
### GREENVILLE, SOUTH CAROLINA
(A stock insurance company, herein called the company)

In consideration of the payment of the premium, in reliance upon the statements in the declarations made a part hereof and subject to all of the terms of this policy, agrees with the **named insured** as follows:

## SECTION A - BASIC AUTOMOBILE LIABILITY INSURANCE

### I.  COVERAGE A - BODILY INJURY LIABILITY -- COVERAGE B - PROPERTY DAMAGE LIABILITY:

The company will pay on behalf of the **insured** all sums which the **insured** shall become legally obligated to pay as damages because of

#### bodily injury or property damage

to which this insurance applies, caused by an **occurrence** and arising out of the ownership, maintenance or use, including loading and unloading, for the purposes stated as applicable thereto in the declarations, of an **owned automobile** or of a **temporary substitute automobile**, and the company shall have the right and duty to defend any suit against the **insured** seeking damages on account of such **bodily injury** or **property damage**, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.

**Exclusions:** This insurance does not apply:

(a) to liability assumed by the **insured** under any contract or agreement;

(b) to any obligation for which the **insured** or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law;

(c) to **bodily injury** to any employee of the **insured** arising out of and in the course of his employment by the **insured** or to any obligation of the **insured** to indemnify another because of damages arising out of such injury; but this exclusion does not apply to any such injury arising out of and in the course of domestic employment by the **insured** unless benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law;

(d) to **property damage** to
  (1) property owned or being transported by the **insured**, or
  (2) property rented to or in the care, custody or control of the **insured**, or as to which the **insured** is for any purpose exercising physical control, other than **property damage** to a residence or private garage by a **private passenger automobile** covered by this insurance;

(e) to **bodily injury** or **property damage** due to war, whether or not declared, civil war, insurrection, rebellion or revolution or to any act or condition incident to any of the foregoing, with respect to expenses for first aid under the Supplementary Payments provision;

(f) to **bodily injury** or **property damage** arising out of the ownership, maintenance, operation, use, loading or unloading of any **owned automobile** or **temporary substitute automobile** while such **automobile** is being used as a public or livery conveyance, unless such use is specifically declared and described in the declarations;

(g) to **bodily injury** or **property damage** arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any watercourse or body of water; but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental.

### II.  SUPPLEMENTARY PAYMENTS: The company will pay, in addition to the applicable limit of liability:

(a) all expenses incurred by the company, all costs taxed against the **insured** in any suit defended by the company and all interest on the entire amount of any judgment therein which accrues after entry of the judgment and before the company has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the company's liability thereon;

(b) premiums on appeal bonds required in any such suit, premiums on bonds to release attachments in any such suit for an amount not in excess of the applicable limit of liability of this policy, and the cost of bail bonds required of the **insured** because of accident or traffic law violation arising out of the use of any vehicle to which this policy applies, not to exceed $250 per bail bond, but the company shall have no obligation to apply for or to furnish any such bonds;

(c) expenses incurred by the **insured** for first aid to others at the time of an accident, for **bodily injury** to which this policy applies;

(d) reasonable expenses incurred by the **insured** at the company's request in assisting the company in the investigation or defense of any claim or suit, including actual loss of earnings not to exceed $25 per day.

**III. PERSONS INSURED:** Each of the following is an **insured** under this insurance to the extent set forth below:

(a) the **named insured**;

(b) any partner or executive officer thereof, but with respect to a **temporary substitute automobile** only while such **automobile** is being used in the business of the **named insured**;

(c) any other person while using an **owned automobile** or a **temporary substitute automobile** with the permission of the **named insured**, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, but with respect to **bodily injury** or **property damage** arising out of the loading or unloading thereof, such other person shall be an **insured** only if he is:

   (1) a lessee or borrower of the **automobile**, or

   (2) an employee of the **named insured** or of such lessee or borrower;

(d) any other person or organization but only with respect to his or its liability because of acts or omissions of an **insured** under (a), (b) or (c) above.

None of the following is an **insured**:

(i) any person while engaged in the business of his employer with respect to **bodily injury** to any fellow employee of such person injured in the course of his employment;

(ii) except as stated under (b) above, the owner of a **temporary substitute automobile**, or any agent or employee of such owner;

(iii) any person or organization, other than the **named insured**, with respect to:

   (1) a motor vehicle while used with any **trailer** owned or hired by such person or organization and not covered by like insurance in the company (except a **trailer** designed for use with a four wheel **private passenger automobile** and not being used for business purposes with another type motor vehicle), or

   (2) a **trailer** while used with any motor vehicle owned or hired by such person or organization and not covered by like insurance in the company;

(iv) any person while employed in or otherwise engaged in duties in connection with an **automobile business**, other than an **automobile business** operated by the **named insured**.

**IV. LIMITS OF LIABILITY:** Regardless of the number of (1) **insureds** under this policy, (2) persons or organizations who sustain **bodily injury** or **property damage**, (3) claims made or suits brought on account of **bodily injury** or **property damage** or (4) **automobiles** to which this policy applies, the company's liability is limited as follows:

**Coverage A -** The limit of **bodily injury** liability stated in the declarations as applicable to "each person" is the limit of the company's liability for all damages, including damages for care and loss of services, because of **bodily injury** sustained by one person as the result of any one **occurrence**; but subject to the above provision respecting "each person", the total liability of the company for all damages, including damages for care and loss of services, because of **bodily injury** sustained by two or more persons as the result of any one **occurrence** shall not exceed the limit of **bodily injury** liability stated in the declarations as applicable to "each **occurrence**".

**Coverage B -** The total liability of the company for all damages because of all **property damage** sustained by one or more persons or organizations as the result of any one **occurrence** shall not exceed the limit of **property damage** liability stated in the declarations as applicable to "each **occurrence**".

**Coverages A and B -** For the purpose of determining the limit of the company's liability, all **bodily injury** and **property damage** arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one **occurrence**.

**V. POLICY TERRITORY:** This insurance applies only to **bodily injury** or **property damage** which occurs within the **policy territory**.

**VI. DEFINITIONS:** When used in this policy (including endorsements forming a part hereof):

"**automobile**" means a land motor vehicle, trailer or semi-trailer designed for travel on public roads (including any machinery or apparatus attached thereto), but does not include **mobile equipment;**

"**bodily injury**" means bodily injury, sickness or disease sustained by any person which occurs during the policy period, including death at any time resulting therefrom;

"**insured**" means any person or organization qualifying as an insured in the "Persons Insured" provision of the applicable insurance coverage. The insurance afforded applies separately to each **insured** against whom claim is made or suit is brought, except with respect to the limits of the company's liability;

"**mobile equipment**" means a land vehicle (including any machinery or apparatus attached thereto,) whether or not self-propelled, (1) not subject to motor vehicle registration, or (2) maintained for use exclusively on premises owned by or rented to the **named insured**, including the ways immediately adjoining, or (3) designed for use principally off public roads, or (4) designed or maintained for the sole purpose of affording mobility to equipment of the following types forming an integral part of or permanently attached to such vehicle: power cranes, shovels, loaders, diggers and drills; concrete mixers (other than the mix-in-transit type); graders, scrapers, rollers and other road construction or repair equipment; air-compressors, pumps and generators, including spraying, welding and building cleaning equipment; and geophysical exploration and well servicing equipment;

"named insured" means the person or organization named in Item 1 of the declarations of this policy;

"occurrence" means an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured;

"policy territory" means:
(1) the United States of America, its territories or possessions, or Canada, or
(2) international waters or air space, provided the bodily injury or property damage does not occur in the course of travel or transportation to or from any other country, state or nation;

"property damage" means (1) physical injury to or destruction of tangible property which occurs during the policy period, including the loss of use thereof at any time resulting therefrom, or (2) loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an occurrence during the policy period.

## VII. ADDITIONAL DEFINITIONS (Automobile Liability Insurance): When used in reference to this insurance (including endorsements forming a part of the policy):

"automobile business" means the business or occupation of selling, repairing, servicing, storing or parking automobiles;

"owned automobile" means either
(a) an automobile which is owned by the named insured and described in the declarations; or
(b) an automobile ownership of which is newly acquired by the named insured during the policy period, provided
   (i) it replaces an owned automobile as defined in (a) above, or
   (ii) the company insures all automobiles owned by the named insured on the date of such acquisition and the named insured notifies the company within 30 days thereafter of his election to make this and no other policy issued by the company applicable to such automobile and pays any additional premium required therefor;
and "owned automobile" includes a trailer not described in this policy, if designed for use with a four wheel private passenger automobile and if not being used for business purposes with another type automobile;

"private passenger automobile" means a private passenger or station wagon type automobile and any automobile the purpose of use of which is stated in the declarations as pleasure and business;

"temporary substitute automobile" means an automobile not owned by the named insured or any resident of the same household, while temporarily used with the permission of the owner as a substitute for an owned automobile when withdrawn from normal use for servicing or repair or because of its breakdown, loss or destruction;

"trailer" includes semi-trailer but does not include mobile equipment;

and as to "purpose(s) of use":

"commercial" means use principally in the business occupation of the named insured as stated in the declarations including occasional use for personal, pleasure, family and other business purposes;

"pleasure and business" means personal, pleasure, family and business use.

## VIII. ADDITIONAL CONDITIONS:

**A. Other Insurance-Temporary Substitute and Newly Acquired Automobiles:** With respect to a temporary substitute automobile, this insurance shall be excess insurance over any other valid and collectible insurance available to the insured.
With respect to an owned automobile ownership of which is newly acquired by the named insured during the policy period and not described in the declarations, this insurance shall not apply if any other valid and collectible insurance is available to the named insured.

**B. Out of State Insurance:** If, under the provisions of the motor vehicle financial responsibility law or the motor vehicle compulsory insurance law or any similar law of any state or province, a non-resident is required to maintain insurance with respect to the operation or use of a motor vehicle in such state or province and such insurance requirements are greater than the insurance provided by the policy, the limits of the company's liability and kinds of coverage afforded by the policy shall be as set forth in such law, in lieu of the insurance otherwise provided by the policy, but only to the extent required by such law and only with respect to the operation or use of a motor vehicle in such state or province; provided that the insurance under this provision shall be reduced to the extent that there is other valid and collectible insurance under this or any other motor vehicle insurance policy. In no event shall any person be entitled to receive duplicate payments for the same elements of loss.

## SECTION B - AUTOMOBILE MEDICAL PAYMENT INSURANCE

**I. COVERAGE C - AUTOMOBILE MEDICAL PAYMENTS:** The company will pay all reasonable **medical expense** incurred within one year from the date of the accident:

**Division 1.** to or for each person who sustains **bodily injury**, caused by accident, while **occupying a designated automobile** which is being used by a person for whom **bodily injury** liability insurance is afforded under this policy with respect to such use;

**Division 2.** to or for each **insured** who sustains **bodily injury**, caused by accident, while **occupying** or, while a pedestrian, through being struck by a **highway vehicle**.

**Exclusions:** This insurance does not apply:

(a) to **bodily injury** to any person or **insured** while employed or otherwise engaged in duties in connection with an **automobile business**, if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law;

(b) to **bodily injury** due to war, whether or not declared, civil war, insurrection, rebellion or revolution, or to any act or condition incident to any of the foregoing;

(c) under Division 1, to **bodily injury** to any employee of the **named insured** arising out of and in the course of employment by the **named insured**, but this exclusion does not apply to any such **bodily injury** arising out of and in the course of domestic employment by the **named insured** unless benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law;

(d) under Division 2, to **bodily injury** sustained while **occupying** a **highway vehicle** owned by any **insured**, or furnished for the regular use of any **insured** by any person or organization other than the **named insured**.

**II. PERSONS INSURED - DIVISION 2:** Each of the following is an **insured** under this insurance to the extent set forth below:

(a) any person designated as **insured** in the schedule;

(b) while residents of the same household as such designated person, his spouse and the relatives of either;

and if such designated person shall die, any person who was an **insured** at the time of such death shall continue to be an **insured**.

**III. LIMIT OF LIABILITY:** Regardless of the number of (1) persons or organizations who are **insureds** under this policy, (2) persons who sustain **bodily injury**, (3) claims made or suits brought on account of **bodily injury**, or (4) **designated automobiles** to which this policy applies, the limit of liability for medical payments stated in the declarations as applicable to "each person" is the limit of the company's liability for all expenses

incurred by or on behalf of each person who sustains **bodily injury** as the result of any one accident.

When more than one medical payments coverage afforded by this policy applies to the loss, the company shall not be liable for more than the amount of the highest applicable limit of liability.

**IV. ADDITIONAL DEFINITIONS:** The additional definitions applicable to **automobile bodily injury** liability insurance also apply to this insurance; and when used in reference to this insurance (including endorsements forming a part of the policy):

"**designated automobile**" means an **automobile** designated in the schedule and includes:

(a) an **automobile** not owned by the **named insured** while temporarily used as a substitute for an **owned automobile** designated in the schedule when withdrawn from normal use for servicing or repair or because of its breakdown, loss or destruction; and

(b) a trailer designed for use with a **private passenger automobile**, if not being used for business purposes with another type **automobile** and if not a home, office, store, display or passenger trailer;

"**highway vehicle**" means a land motor vehicle or trailer other than

(a) a farm type tractor or other equipment designated for use principally off public roads, while not upon public roads;

(b) a vehicle operated on rails or crawler-treads, or

(c) a vehicle while located for use as a residence or premises;

"**medical expense**" means expenses for necessary medical, surgical, x-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services;

"**occupying**" means in or upon or entering into or alighting from.

**V. POLICY PERIOD; TERRITORY:** This insurance applies only to accidents which occur during the policy period within the policy territory.

**VI. ADDITIONAL CONDITIONS:**

**A. Medical Reports; Proof and Payment of Claim:** As soon as practicable the injured person or someone on his behalf shall give to the company written proof of claim, under oath if required, and shall, after each request from the company, execute authorization to enable the company to obtain medical reports and copies of records. The injured person shall submit to physical examination by physicians selected by the company when and as often as the company may reasonably require. The company may pay the injured person or any person or organization rendering the services and such payment shall reduce the amount payable hereunder for such injury. Payment hereunder

shall not constitute an admission of liability of any person or, except hereunder, of the company.

**B. Excess Insurance:** Except with respect to an **owned automobile**, the insurance under Division 1 shall be excess insurance over any other valid and collectible automobile medical payments or automobile **medical expense** insurance.

The insurance under Division 2 shall be excess insurance over any other valid and collectible automobile medical payments or automobile **medical expense** insurance available to the **insured** under any other policy.

**C. Non-Applicability of Subrogation Condition:** The Subrogation Condition does not apply to the Automobile Medical Payments Coverage.

## SECTION C - UNINSURED MOTORISTS INSURANCE

**I.  COVERAGE D - UNINSURED MOTORIST (Damages for Bodily Injury):** The company will pay all sums which the **insured** or his legal representative shall be legally entitled to recover as damages from the owner or operator of an **uninsured highway vehicle** because of **bodily injury** sustained by the **insured**, caused by accident and arising out of the ownership, maintenance or use of such **uninsured highway vehicle**; provided, for the purposes of this coverage, determination as to whether the **insured** or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the **insured** or such representative and the company or, if they fail to agree, by arbitration.

No judgment against any person or organization alleged to be legally responsible for the **bodily injury** shall be conclusive, as between the **insured** and the company, of the issues of liability of such person or organization or of the amount of damages to which the **insured** is legally entitled unless such judgment is entered pursuant to an action prosecuted by the **insured** with the written consent of the company.

**Exclusions:** This insurance does not apply:

(a)  to **bodily injury** to an **insured** with respect to which such **insured**, his legal representative or any person entitled to payment under this insurance shall, without written consent of the company, make any settlement with any person or organization who may be legally liable therefor;

(b)  to **bodily injury** to an **insured** while **occupying** a **highway vehicle** (other than an **insured highway vehicle**) owned by the **named insured**, any **designated insured** or any relative resident in the same household as the **named** or **designated insured**, or through being struck by such a vehicle, but this exclusion does not apply to the **named insured** or his relatives while **occupying** or if struck by a **highway vehicle** owned by a **designated insured** or his relatives;

(c)  so as to inure directly or indirectly to the benefit of any workmen's compensation or disability benefits carrier or any person or organization qualifying as a self-insurer under any workmen's compensation or disability benefits law or any similar law.

**II.  PERSONS INSURED:** Each of the following is an **insured** under this insurance to the extent set forth below:

(a)  the **named insured** and any **designated insured** and, while residents of the same household, the spouse and relatives of either;

(b)  any other person while **occupying** an **insured highway vehicle**; and

(c)  any person, with respect to damages he is entitled to recover because of **bodily injury** to which this insurance applies sustained by an **insured** under (a) or (b) above.

The insurance applies separately with respect to each **insured**, except with respect to the limits of the company's liability.

**III.  LIMITS OF LIABILITY** : Regardless of the number of (1) persons or organizations who are **insureds** under this policy, (2) persons who sustain **bodily injury**, (3) claims made or suits brought on account of **bodily injury**, or (4) **highway vehicles** to which this policy applies,

(a)  The limit of liability stated in the declarations as applicable to "each person" is the limit of the company's liability for all damages because of **bodily injury** sustained by one person as the result of any one accident and, subject to the above provision respecting "each person" the limit of liability stated in the declarations as applicable to "each accident" is the total limit of the company's liability for all damages because of **bodily injury** sustained by two or more persons as the result of any one accident.

(b)  Any amount payable under the terms of this insurance because of **bodily injury** sustained in an accident by a person who is an **insured** under this coverage shall be reduced by

(1) all sums paid on account of such **bodily injury** by or on behalf of

(i)  the owner or operator of the **uninsured highway vehicle** and

(ii)  any other person or organization jointly or severally liable together with such owner or operator for such **bodily injury**,

including all sums paid under the **bodily injury** liability coverage of the policy, and

(2) the amount paid and the present value of all amounts payable on account of such **bodily**

**injury** under any workmen's compensation law, disability benefits law or any similar law.

(c) Any payment made under this insurance to or for any **insured** shall be applied in reduction of the amount of damages which he may be entitled to recover from any person or organization who is an **insured** under the **bodily injury** liability coverage of the policy.

(d) The company shall not be obligated to pay under this insurance that part of the damages which the **insured** may be entitled to recover from the owner or operator of an **uninsured highway vehicle** which represents expenses for medical services paid or payable under the medical payments coverage of the policy.

**IV. POLICY PERIOD; TERRITORY**: This insurance applies only to accidents which occur during the policy period and within the United States of America, its territories or possessions, or Canada.

**V. ADDITIONAL DEFINITIONS**:    When used in reference to this insurance (including endorsements forming a part of the policy):

"**designated insured**" means an individual named in the schedule under **Designated Insured**;

"**highway vehicle**" means a land motor vehicle or trailer other than

(a) a farm type tractor or other equipment designed for use principally off public roads, while not upon public roads,

(b) a vehicle operated on rails or crawler-treads, or

(c) a vehicle while located for use as a residence or premises;

"**hit-and-run vehicle**" means a **highway vehicle** which causes **bodily injury** to an **insured** arising out of physical contact of such vehicle with the **insured** or with a vehicle which the **insured** is **occupying** at the time of the accident, provided:

(a) there cannot be ascertained the identity of either the operator or owner of such **highway vehicle**;

(b) the **insured** or someone on his behalf shall have reported the accident within 24 hours to a police, peace or judicial officer or to the Commissioner of Motor Vehicles, and shall have filed with the company within 30 days thereafter a statement under oath that the **insured** or his legal representative has a cause or causes of action arising out of such accident for damages against a person or persons whose identity is unascertainable, and setting forth the facts in support thereof; and

(c) at the company's request, the **insured** or his legal representative makes available for inspection the vehicle which the **insured** was **occupying** at the time of the accident;

"**insured highway vehicle**" means a **highway vehicle**:

(a) described in the schedule as an **insured highway vehicle** to which the **bodily injury** liability coverage of the policy applies;

(b) while temporarily used as a substitute for an **insured highway vehicle** as described in subparagraph (a) above, when withdrawn from

normal use because of its breakdown, repair, servicing, loss or destruction;

(c) while being operated by the **named** or **designated insured** or by the spouse of either if a resident of the same household;

but the term "**insured highway vehicle**" shall not include:

(i) a vehicle while used as a public or livery conveyance, unless such use is specifically declared and described in this policy;

(ii) a vehicle while being used without the permission of the owner;

(iii) under subparagraphs (b) and (c) above, a vehicle owned by the **named insured**, any **designated insured** or any resident of the same household as the **named** or **designated insured**; or

(iv) under subparagraphs (b) and (c) above, a vehicle furnished for the regular use of the **named insured** or any resident of the same household;

"**occupying**" means in or upon or entering into or alighting from;

"**state**" includes the District of Columbia, a territory or possession of the United States, and a province of Canada;

"**uninsured highway vehicle**" means:

(a) a **highway vehicle** with respect to the ownership, maintenance or use of which there is, in at least the amounts specified by the financial responsibility law of the **state** in which the **insured highway vehicle** is principally garaged, no **bodily injury** liability bond or insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such vehicle, or with respect to which there is a **bodily injury** liability bond or insurance policy applicable at the time of the accident but the company writing the same denies coverage thereunder or is or becomes insolvent; or

(b) a **hit-and-run vehicle**;

but the term "**uninsured highway vehicle**" shall not include:

(i) an **insured highway vehicle**,

(ii) a **highway vehicle** which is owned or operated by a self-insurer within the meaning of any motor vehicle financial responsibility law, motor carrier law or any similar law,

(iii) a **highway vehicle** which is owned by the United States of America, Canada, a **state**, a political subdivision of any such government or an agency of any of the foregoing.

**VI. ADDITIONAL CONDITIONS:**

**A. Premium**: If during the policy period the number of **insured highway vehicles** owned by the **named insured** or spouse or the number of dealer's license plates issued to the **named insured** changes, the **named insured** shall notify the company during the policy period of any change and the premium shall be adjusted in accordance with the manuals in use by the company. If the earned premium thus computed exceeds the advance premium paid, the **named insured** shall pay the excess to the company; if less, the company shall return to the **named insured** the unearned portion paid by such **insured**.

**B. Proof of Claim; Medical Reports:**  As soon as practicable, the **insured** or other person making claim shall give to the company written proof of claim, under oath if required, including full particulars of the nature and extent of the injuries, treatment, and other details entering into the determination of the amount payable hereunder.  The **insured** and every other person making claim hereunder shall submit to examinations under oath by any person named by the company and subscribe the same, as often as may reasonably be required.  Proof of claim shall be made upon forms furnished by the company unless the company shall have failed to furnish such forms within 15 days after receiving notice of claim.

The injured person shall submit to physical examinations by physicians selected by the company when and as often as the company may reasonably require and he, or in the event of his incapacity his legal representative, or in the event of his death his legal representative or the person or persons entitled to sue therefor, shall upon each request from the company execute authorization to enable the company to obtain medical reports and copies of records.

**C. Assistance and Cooperation of the Insured:** After notice of claim under this insurance, the company may require the **insured** to take such action as may be necessary or appropriate to preserve his right to recover damages from any person or organization alleged to be legally responsible for the **bodily injury**; and in any action against the company, the company may require the **insured** to join such person or organization as a party defendant.

**D. Notice of Legal Action:** If, before the company makes payment of loss hereunder, the **insured** or his legal representative shall institute any legal action for **bodily injury** against any person or organization legally responsible for the use of a **highway vehicle** involved in the accident, a copy of the summons and complaint or other process served in connection with such legal action shall be forwarded immediately to the company by the **insured** or his legal representative.

**E. Other Insurance:** With respect to **bodily injury** to an **insured** while **occupying** a **highway vehicle** not owned by the **named insured**, this insurance shall apply only as excess insurance over any other similar insurance available to such **insured** and applicable to such vehicle as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance.

Except as provided in the foregoing paragraph, if the **insured** has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable for a greater proportion of any loss to which this coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance.

**F. Arbitration:** If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an **uninsured highway vehicle** because of **bodily injury** to the **insured**, or do not agree as to the amount of payment which may be owing under this insurance, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration, which shall be conducted in accordance with the rules of the American Arbitration Association unless other means of conducting the arbitration are agreed to between the **insured** and the company, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof.  Such person and the company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this insurance.

**G. Trust Agreement:** In the event of payment to any person under this insurance:
(a) the company shall be entitled to the extent of such payment to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery of such person against any person or organization legally responsible for the **bodily injury** because of which such payment is made;
(b) such person shall hold in trust for the benefit of the company all rights of recovery which he shall have against such other person or organization because of the damages which are the subject of claim made under this insurance;
(c) such person shall do whatever is proper to secure and shall do nothing after loss to prejudice such rights;
(d) if requested in writing by the company, such person shall take, through any representative designated by the company, such action as may be necessary or appropriate to recover such payment as damages from such other person or organization, such action to be taken in the name of such person; in the event of a recovery, the company shall be reimbursed out of such recovery for expenses, costs and attorneys' fees incurred by it in connection therewith;
(e) such person shall execute and deliver to the company such instruments and papers as may be appropriate to secure the rights and obligations of such person and the company established by this provision.

**H. Payment of Loss by the Company:** Any amount due hereunder is payable:
(a) to the **insured**, or
(b) if the **insured** be a minor to his parent or guardian, or
(c) if the **insured** be deceased to his surviving spouse, otherwise
(d) to a person authorized by law to receive such payment or to a person legally entitled to recover the damages which the payment represents;
provided, the company may at its option pay any amount due hereunder in accordance with division (d) hereof.

## CONDITIONS

**1. Premium:** All premiums for this policy shall be computed in accordance with the company's rules, rates, rating plans, premiums and minimum premiums applicable to the insurance afforded herein.

Premium designated in this policy as "advance premium" is a deposit premium only which shall be credited to the amount of the earned premium due at the end of the policy period. At the close of each period (or part thereof terminating with the end of the policy period) designated in the declarations as the audit period the earned premium shall be computed for such period and, upon notice thereof to the **named insured**, shall become due and payable. If the total earned premium for the policy period is less than the premium previously paid, the company shall return to the **named insured** the unearned portion paid by the **named insured**.

The **named insured** shall maintain records of such information as is necessary for premium computation, and shall send copies of such records to the company at the end of the policy period and at such times during the policy period as the company may direct.

**2. Inspection and Audit:** The company shall be permitted but not obligated to inspect the **named insured's** property and operations at any time. Neither the company's right to make inspections nor the making thereof nor any report thereon shall constitute an undertaking, on behalf of or for the benefit of the **named insured** or others, to determine or warrant that such property or operations are safe or healthful, or are in compliance with any law, rule or regulation.

The company may examine and audit the **named insured's** books and records at any time during the policy period and extensions thereof and within three years after the final termination of this policy, as far as they relate to the subject matter of this insurance.

**3. Financial Responsibility Laws:** When this policy is certified as proof of financial responsibility for the future under the provisions of any motor vehicle financial responsibility law, such insurance as is afforded by this policy for **bodily injury** liability or for **property damage** liability shall comply with the provisions of such law to the extent of the coverage and limits of liability required by such law. The **insured** agrees to reimburse the company for any payment made by the company which it would not have been obligated to make under the terms of this policy except for the agreement contained in this paragraph.

**4. Insured's Duties in the Event of Occurrence, Claim or Suit:**

(a) In the event of an **occurrence**, written notice containing particulars sufficient to identify the **insured** and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the **insured** to the company or any of its authorized agents as soon as practicable.

(b) If claim is made or suit is brought against the **insured**, the **insured** shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.

(c) The **insured** shall cooperate with the company and, upon the company's request, assist in making settlements, in the conduct of suits and in enforcing any right of contribution or indemnity against any person or organization who may be liable to the **insured** because of injury or damage with respect to which insurance is afforded under this policy; and the **insured** shall attend hearings and trials and assist in securing and giving evidence and obtaining the attendance of witnesses. The **insured** shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for first aid to others at the time of accident.

**5. Action Against Company:** No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy, nor until the amount of the **insured's** obligation to pay shall have been finally determined either by judgment against the **insured** after actual trial or by written agreement of the **insured**, the claimant and the company.

Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. No person or organization shall have any right under this policy to join the company as a party to any action against the **insured** or determine the **insured's** liability, nor shall the company be impleaded by the **insured** or his legal representative. Bankruptcy or insolvency of the **insured** or of the **insured's** estate shall not relieve the company of any of its obligations hereunder.

**6. Other Insurance:** The insurance afforded by this policy is primary insurance, except when stated to apply in excess of or contingent upon the absence of other insurance. When this insurance is primary and the **insured** has other insurance which is stated to be applicable to the loss on an excess or contingent basis, the amount of the company's liability under this policy shall not be reduced by the existence of such other insurance.

When both this insurance and other insurance apply to the loss on the same basis, whether primary, excess or contingent, the company shall not be liable

under this policy for a greater proportion of the loss than that stated in the applicable contribution provision below:

(a) **Contribution by Equal Shares.** If all of such other valid and collectible insurance provides for contribution by equal shares, the company shall not be liable for a greater proportion of such loss than would be payable if each insurer contributes an equal share until the share of each insurer equals the lowest applicable limit of liability under any one policy or the full amount of the loss is paid, and with respect to any amount of loss not so paid the remaining insurers then continue to contribute equal shares of the remaining amount of the loss until each such insurer has paid its limit in full or the full amount of the loss is paid.

(b) **Contribution by Limits**. If any of such other insurance does not provide for contribution by equal shares, the company shall not be liable for a greater proportion of such loss than the applicable limit of liability under this policy for such loss bears to the total applicable limit of liability of all valid and collectible insurance against such loss.

**7. Subrogation:** In the event of any payment under this policy, the company shall be subrogated to all the **insured's** rights of recovery therefor against any person or organization and the **insured** shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The **insured** shall do nothing after loss to prejudice such rights.

**8. Changes:** Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this policy or estop the company from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part of this policy.

**9. Assignment:** Assignment of interest under this policy shall not bind the company until its consent is

endorsed hereon; if, however, the **named insured** shall die, such insurance as is afforded by this policy shall apply (1) to the **named insured's** legal representative, as the **named insured**, but only while acting within the scope of his duties as such, and (2) with respect to the property of the **named insured**, to the person having proper temporary custody thereof, as **insured**, but only until the appointment and qualification of the legal representative.

**10. Cancellation:** This policy may be cancelled by the **named insured** by surrender thereof to the company or any of its authorized agents or by mailing to the company written notice stating when thereafter the cancellation shall be effective. This policy may be cancelled by the company by mailing to the **named insured** at the address shown in this policy, written notice stating when not less than ten days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice. The time of surrender or the effective date and hour of cancellation stated in the notice shall become the end of the policy period. Delivery of such written notice either by the **named insured** or by the company shall be equivalent to mailing.

If the **named insured** cancels, earned premium shall be computed in accordance with the customary short rate table and procedure. If the company cancels, earned premium shall be computed pro rata. Premium adjustment may be made either at the time cancellation is effected or as soon as practicable after cancellation becomes effective, but payment or tender of unearned premium is not a condition of cancellation.

**11. Declarations:** By acceptance of this policy, the **named insured** agrees that the statements in the declarations are his agreements and representations, that this policy is issued in reliance upon the truth of such representations and that this policy embodies all agreements existing between himself and the company or any of its agents relating to this insurance.

**In Witness Whereof,** the company has caused this policy to be executed and attested, but this policy shall not be valid unless countersigned by a duly authorized representative of the company.

*Secretary*                                    *President*

## NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT (BROAD FORM)

This endorsement modifies the provisions of this policy relating to **ALL AUTOMOBILE LIABILITY AND MEDICAL PAYMENTS INSURANCE.**

It is agreed that:

I.   This policy does not apply:

A.   Under any Liability Coverage, to **bodily injury** or **property damage**

  (1) with respect to which an **insured** under this policy is also an **insured** under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters or Nuclear Insurance Association of Canada, or would be an **insured** under any such policy but for its termination upon exhaustion of its limit of liability; or

  (2) resulting from the **hazardous properties** of **nuclear material** and with respect to which (a) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (b) the **insured** is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

B.   Under any Medical Payments Coverage, or under any Supplementary Payments provision relating to first aid, to expenses incurred with respect to **bodily injury** resulting from the **hazardous properties** of **nuclear material** and arising out of the operation of a **nuclear facility** by any person or organization.

C.   Under any Liability Coverage, to **bodily injury** or **property damage** resulting from the **hazardous properties** of **nuclear material,** if

  (1) the **nuclear material** (a) is at any **nuclear facility** owned by, or operated by or on behalf of, an **insured** or (b) has been discharged or dispersed therefrom;

  (2) the **nuclear material** is contained in **spent fuel** or **waste** at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of an **insured;** or

  (3) the **bodily injury** or **property damage** arises out of the furnishing by an **insured** of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any **nuclear facility,** but if such facility is located within the United States of America, its territories or

possessions or Canada, this exclusion (3) applies only to **property damage** to such **nuclear facility** and any property thereat.

II.   As used in this endorsement:

**"hazardous properties"** include radioactive, toxic or explosive properties;

**"nuclear material"** means **source material, special nuclear material** or **byproduct material;**

**"source material," "special nuclear material",** and **"byproduct material"** have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof;

**"spent fuel"** means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a **nuclear reactor;**

**"waste"** means any waste material (1) containing **byproduct material** and (2) resulting from the operation by any person or organization of any **nuclear facility** included within the definition of **nuclear facility** under paragraph (a) or (b) thereof;

**"nuclear facility"** means

  (a) any **nuclear reactor,**

  (b) any equipment or device designed or used for (1) separating the isotopes of uranium or plutonium, (2) processing or utilizing **spent fuel,** or (3) handling, processing or packaging **waste,**

  (c) any equipment or device used for the processing, fabricating or alloying of **special nuclear material** if at any time the total amount of such material in the custody of the **insured** at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235,

  (d) any structure, basin, excavation, premises or place prepared or used for the storage or disposal of **waste,**

and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations;

**"nuclear reactor"** means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material;

**"property damage"** includes all forms of radioactive contamination of property.

**NEW YORK EXCEPTION:** The "Nuclear Energy Liability Exclusion Endorsement (Broad Form)" does not apply to Automobile Liability Insurance in New York.

# BASIC AUTOMOBILE LIABILITY POLICY

STOCK COMPANY



## Canal Insurance Company

P.O. Box 7 - Greenville, South Carolina - 29602-0007

## SHORT RATE CANCELLATION TABLE FOR ONE YEAR POLICIES

| Days Policy in Force | Per Cent of One Year Premium | Days Policy In Force | Per Cent of One Year Premium | Days Policy in Force | Per Cent of One Year Premium | Days Policy in Force | Per Cent of One Year Premium | Days Policy in Force | Per Cent of One Year Premium | Days Policy in Force | Per Cent of One Year Premium |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 5 | 37-40 | 21 | 95-98 | 37 | 154-156 | 53 | 219-223 | 69 | 292-296 | 85 |
| 2 | 6 | 41-43 | 22 | 99-102 | 38 | 157-160 | 54 | 224-228 | 70 | 297-301 | 86 |
| 3-4 | 7 | 44-47 | 23 | 103-105 | 39 | 161-164 | 55 | 229-232 | 71 | 302-305 (10 mos.) | 87 |
| 5-6 | 8 | 48-51 | 24 | 106-109 | 40 | 165-167 | 56 | 233-237 | 72 | 306-310 | 88 |
| 7-8 | 9 | 52-54 | 25 | 110-113 | 41 | 168-171 | 57 | 238-241 | 73 | 311-314 | 89 |
| 9-10 | 10 | 55-58 | 26 | 114-116 | 42 | 172-175 | 58 | 242-246 (8 mos.) | 74 | 315-319 | 90 |
| 11-12 | 11 | 59-62 (2 mos.) | 27 | 117-120 | 43 | 176-178 | 59 | 247-250 | 75 | 320-323 | 91 |
| 13-14 | 12 | 63-65 | 28 | 121-124 (4 mos.) | 44 | 179-182 (6 mos.) | 60 | 251-255 | 76 | 324-328 | 92 |
| 15-16 | 13 | 66-69 | 29 | 125-127 | 45 | 183-187 | 61 | 256-260 | 77 | 329-332 | 93 |
| 17-18 | 14 | 70-73 | 30 | 128-131 | 46 | 188-191 | 62 | 261-264 | 78 | 333-337 (11 mos.) | 94 |
| 19-20 | 15 | 74-76 | 31 | 132-135 | 47 | 192-196 | 63 | 265-269 | 79 | 338-342 | 95 |
| 21-22 | 16 | 77-80 | 32 | 136-138 | 48 | 197-200 | 64 | 270-273 (9mos.) | 80 | 343-346 | 96 |
| 23-25 | 17 | 81-83 | 33 | 139-142 | 49 | 201-205 | 65 | 274-278 | 81 | 347-351 | 97 |
| 26-29 | 18 | 84-87 | 34 | 143-146 | 50 | 206-209 | 66 | 279-282 | 82 | 352-355 | 98 |
| 30-32 (1 mo.) | 19 | 88-91 (3 mos.) | 35 | 147-149 | 51 | 210-214 (7 mos.) | 67 | 283-287 | 83 | 356-360 | 99 |
| 33-36 | 20 | 92-94 | 36 | 150-153 (5 mos.) | 52 | 215-218 | 68 | 288-291 | 84 | 361-365 (12 mos.) | 100 |

**No. 395497**                    BASIC AUTOMOBILE LIABILITY POLICY                    STOCK COMPANY

# Canal Insurance Company

<u>NEW</u>
Previous Policy

### DECLARATIONS          GREENVILLE, SOUTH CAROLINA

Items

**1. Named Insured** and Address

JOEY BARNES DBA BAD J TRUCKING
45 CR 229
IUKA, MS 38852 (TISHOMINGO county)

## DUPLICATE POLICY CERTIFIED BY:
_Mrs C. Fleury_

## DATE: 8.28.07

**2.** Policy Period:
From 3/28/03 UNTIL CANCELLED
2:00 P.M., standard time at the address of the **named insured** as stated herein.

Business of the **named insured** is: TRUCKING – DRY VAN FREIGHT, NEW FURNITURE, PRODUCE
Radius: UNLIMITED within policy territory

**3.** Schedule as of Effective Date of this Insurance – As To:  (a) **Owned Automobiles;**

Description:                                                     Purposes of Use (P&B=Pleasure and Business; C=Commercial)

| AUTO No. | Year of Model | Trade Name | Body Type and Model; Truck Size; Truck Load; Tank Gallonage Capacity; or Bus Seating Capacity | Identification (I) No.; Serial (S) No.; Motor (M) No. | Cylinders (No.) | Principally Garaged in (Town or City, State) | Purposes of Use | Classi-ification |
|---|---|---|---|---|---|---|---|---|
| 1 | 1995 FREIGHTLINER TRACTOR | | | 1FUYDZB9SP557400 | | IUKA, MS | C | |
| 2 | ANY TRAILER WHILE SINGULARLY ATTACHED TO A SCHEDULED TRACTOR | | | | | | | |

**(b)** **Automobile Medical Payments Coverage: Designated Person Insured**
_____

**(c)** **Uninsured Motorists Coverage: Designated person Insured**
_____

Designation of Automobiles – Division 1
AUTO No. _____
Insured Highway Vehicles
AUTO No. _____

**4.** The insurance afforded is only with respect to such and so many of the following coverages as are indicated by specific premium charge or charges. The limit of the company's liability against each such coverage shall be as stated herein, subject to all the terms of this insurance having reference thereto.

| PREMIUMS | | | | | LIMIT OF LIABILITY | | COVERAGES | SEC-TION |
|---|---|---|---|---|---|---|---|---|
| Total | Auto No. 1 | Auto No. 2 | Auto No. 3 | Auto No. 4 | | | | |
| | | | | | | each occurrence $1,000,000 | Combined Single Limit | A |
| | | | | | each person $0000 | each occurrence $0000 | A. Bodily Injury Liability | A |
| | | | | | | $0000 | B. Property Damage Liability | A |
| | | | | | | 000 | Automobile Medical Payments | B |
| | | | | | each person | each accident | D. Uninsured Motorists | C |
| | | | | | | $25,000 CSL | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | Premium for Endorsements: | | | |
| | | | | | TOTAL PREMIUM | | | |

Form numbers of endorsements attached to policy at issue: TRN-1 (11-02) E-69L (12-91) E-96 (7-91) E-4 (12-91) E-18 (1-94) E-45 (12-91) E-70 MS (4-02) E-102 (11-93) E-103 (7-96) E-125 (4-99) Form F (6-71) A101, Info Notice: ID-1 MS (1-01)

**5.** Except with respect to bailment lease, conditional sale, purchase agreement, mortgage or other encumbrance, the **named insured** is the sole owner of every vehicle described in Item 3 above, unless otherwise stated herein:
Countersigned:      5101 WHEELIS, SUITE 214
                    MEMPHIS, TN 38117  3/29/03

By_____
                                    Authorized Representative
HORNER INSURANCE SERVICES, INC.

# CANAL
## GROUP

# POLICYHOLDER DISCLOSURE
# NOTICE OF TERRORISM
# INSURANCE COVERAGE

Coverage for acts of terrorism is included in your policy.  Effective November 26, 2002, any losses caused by certified acts of terrorism would be partially reimbursed by the United States under a formula established by federal law.  The term "act of terrorism" means any act that is certified by the Secretary of the Treasury, in concurrence with the Secretary of State, and the Attorney General of the United States--to be an act of terrorism; to be a violent act or an act that is dangerous to human life, property, or infrastructure; to have resulted in damage within the United States, or outside the United States in the case of an air carrier or vessel or the premises of a United States mission; and to have been committed by an individual or individuals acting on behalf of any foreign person or foreign interest, as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion.  Under this formula, the United States pays 90% of covered terrorism losses exceeding the statutorily established deductible paid by the insurance company providing the coverage.  The portion of your annual premium that is attributable to coverage for acts of terrorism is:  $ **waived**    .

Form TRN-1

(Rev. 11-2002)

# Schedule of Equipment

# Liability

| Vehicle # | Year/Trade Name/Model/Body Type | Radius (miles) | Garage Location | Premium |
|---|---|---|---|---|
| | Motor Vehicle Identification #(VIN) | | | Monthly Prem. |
| 1 | 1995 FREIGHTLINER TRACTOR<br>1FUYDZY89SP557400 | UNLIMITED | IUKA, MS | $5,964.00<br>$497.00 |
| 2 | ANY TRAILER WHILE SINGULARLY ATTACHED TO A SCHEDULED TRACTOR | | | INCLUDED |

Policy Number ___395497_____     Endorsement Effective Time XXXXXXX 2:00 PM____     Endorsement Effective Date __03/28/2003_

Insured _JOEY BARNES DBA BAD J TRUCKING_____     Expiration Date _Until Cancelled

Issue Date __03/29/2003_ Authorized Signature _____HORNER INSURANCE SERVICES, INC_____

## ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED

# Canal Insurance Company

Greenville, South Carolina

Form E-69L

(Rev. 12-1991)

410623805

# ENDORSEMENT

## MONTHLY PREMIUM ENDORSEMENT

It is agreed that this insurance shall take effect as of the date and time shown in Item 2 of the Declarations and continue in full force and effect as long as the monthly premium shown below is paid on or before each monthly due date.

$ __5,964.00__ - Annual Premium Rate

$ __497.00__ - Monthly Premium

__4/1/03__ - Due date of first monthly premium; subsequent payments due on the

__1st__ of each month.

$ __994.00__ - Deposit

$ __64.00__ - Partial Month Premium from inception to first installment

To guarantee the payment of earned premium under this policy, the named Insured hereby agrees to deposit with the Company the above deposit amount, which the Company agrees to hold in a special escrow account until this policy is terminated as provided herein or in the policy conditions. Upon termination of this policy, the Company will refund to the named Insured the entire amount of such escrow deposit, less only such part thereof as may be necessary to complete the payment of any previously unpaid earned premium under the policy. No part of this escrow deposit shall be considered as policy premium except such part as may actually be applied by the Company to the payment of earned premium as herein before specified and provided.

In event this policy is cancelled short rate as provided in the Cancellation condition of the policy, the basis used for the calculation of the short rate earned premium shall be the full annual premium from which the monthly premium for this policy has been determined.

And it is further agreed that the conditions of this policy are hereby amended to provide that failure on the part of the assured to make any monthly payment on or before due dates above set forth will constitute request on his part for cancellation and cancellation will be effected on the customary short rate basis by the mailing of cancellation notice. In the event cancellation notice is mailed for non-payment of premium, such notice, at the option of the Company, may be rescinded if past due premium plus $3.00 rescinder fee is received at Home Office of Company on or before effective date of cancellation.

Policy Number __395497__     Endorsement Effective Time ~~XXXXXX~~ 2:00 PM     Endorsement Effective Date __03/28/2003__

Insured __JOEY BARNES DBA BAD J TRUCKING__     Expiration Date __Until Cancelled__

Issue Date __03/29/2003__ Authorized Signature __HORNER INSURANCE SERVICES, INC__

## ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED
# Canal Insurance Company
Greenville, South Carolina

Form E-96

(Rev. 7-1991)

410623805

# ENDORSEMENT

## OCCUPANT HAZARD EXCLUDED

It is agreed that such insurance as is afforded by the policy for Bodily Injury Liability does not apply to Bodily Injury including death at any time resulting therefrom, sustained by any person while in or upon, entering or alighting from the automobile.

It is further agreed that, in the event the company shall, because of provision of the Federal or State statutes become obligated to pay any sum or sums of money because of such bodily injury or death resulting therefrom, the insured agrees to reimburse the company for any and all loss, costs and expenses paid or incurred by the company.

**ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED** - This endorsement is effective the same date and hour as shown in Item 2 of the Policy Declarations and forms a part of the policy to which it is attached.

## Canal Insurance Company

Greenville, South Carolina

Form E-4

(Rev. 12-91)

# ENDORSEMENT

## ERRONEOUS DELIVERY OF LIQUID PRODUCTS

It is agreed that the insurance with respect to any **automobile** does not apply to **bodily injury** or **property damage** arising out of the delivery of any liquid product into a wrong receptacle or to a wrong address or the erroneous delivery of one liquid product for another, if the **bodily injury** or **property damage** occurs after such operations have been completed or abandoned at the site of such delivery.  Operations which may require further service or maintenance work, or correction, repair or replacement because of performance at the wrong address or because of any error, defect or deficiency, but which are otherwise complete, shall be deemed completed.

**ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED** - This endorsement is effective the same date and hour as shown in Item 2 of the Policy Declarations and forms a part of the policy to which it is attached.

## Canal Insurance Company

Greenville, South Carolina

Form E-18

(Rev. 1-1994)

Copy of Image
**ENDORSEMENT**

# TRUCKMAN'S ENDORSEMENT

In consideration of the premium charged for the policy to which this endorsement is attached, it is understood and agreed that no coverage is extended to any person, firm or organization using the described automobile pursuant to any lease, contract of hire, bailment, rental agreement, or any similar contract or agreement either written or oral, expressed or implied, the terms and provisions of the Insuring Agreement III of Section A, entitled "Persons Insured" notwithstanding.

In the event the automobile described in this policy is being used or maintained pursuant to any lease, contract of hire, bailment, rental agreement or any similar contract or agreement, either written or oral, expressed or implied, the insurance afforded the named insured shall be excess insurance over any other insurance.

**ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED** - This endorsement is effective the same date and hour as shown in Item 2 of the Policy Declarations and forms a part of the policy to which it is attached.

## Canal Insurance Company

Greenville, South Carolina

Form E-45

Copy of Image

(Rev. 12-1991)

3275610469

# ENDORSEMENT

## UNINSURED MOTORIST INSURANCE

## AMENDATORY ENDORSEMENT - MISSISSIPPI

## SECTION C - UNINSURED MOTORIST INSURANCE

**PART I**

**COVERAGE D -** Uninsured Motorists Coverage (Damages for Bodily Injury) shall also include **property damage** unless rejected.
The word damages is changed to compensatory damages.

**EXCLUSIONS:** Exclusion (b) is deleted.
The following are added:
(d) so as to inure directly or indirectly to the benefit of an insurer of property;
(e) to property contained in or struck by any vehicle owned by the **insured** or any **family member** which is not a covered auto;
(f) to the first $200 of **property damage** to the property of each **insured** as the result of any one **occurrence;**
(g) any person using a vehicle without a reasonable belief that said person is entitled to do so;
(h) to punitive or exemplary damages.

**PART II**

**PERSONS INSURED -** The following is added:
(d) any person using a covered owned **auto** with expressed or implied consent of the **named insured.**

**PART III**

**LIMITS OF LIABILITY -** The first paragraph and (a) and (b) are amended as follows:
Regardless of the number of covered **autos, insureds,** premiums paid, claims made or vehicles involved in the **occurrence,** the most we will pay for all damages resulting from any one **occurrence** is:
(a) The limit of UNINSURED MOTORISTS COVERAGE shown in the declarations. For the **named insured** and **family members** only, if there is more than one covered **auto,** our maximum Limit of Liability for any one **occurrence** is the sum of the limits for those **autos** owned by the **insured** which are covered **autos.**
(b) Any amount payable under the terms of this insurance because of **bodily injury** sustained in an **occurrence** by a person who is an **insured** under this coverage shall be reduced by:
(1) all sums paid on account of such **bodily injury** by or on behalf of
(i) the owner or operator of the **uninsured highway vehicle** and
(ii) any other person or organization jointly or severally liable together with such owner or operator for such **bodily injury,** including all sums paid under the bodily injury liability coverage of the policy, and
(2) the amount paid and the present value of all amounts payable on account of such **bodily injury** under any workmen's compensation law, disability benefits law or any similar law.
The following is added:
(e) The limit of liability stated in the declarations as applicable to "each occurrence" is subject to the "each person" limit stated in the declarations.

Page 1 of 2

Form E-70 MS

(Rev. 4-2002)

**PART V**    **ADDITIONAL DEFINITIONS - Uninsured Highway Vehicle** is replaced by the following:
**Uninsured Motor Vehicle** means a land motor vehicle or trailer:
(a) For which no liability bond or policy at the time of an **occurrence** provides at least the amounts required by the applicable law where a covered **auto** is principally garaged, or
(b) That is an underinsured motor vehicle. An underinsured motor vehicle is a motor vehicle or trailer for which the sum of all liability policies at the time of an **occurrence** provides at least the amounts required by the applicable law where a covered owned **auto** is principally garaged but their limits are less than the sum of:
   (1) the limit of liability for uninsured motorists coverage applicable to the vehicle the **insured** was **occupying** at the time of the **occurrence;** and
   (2) any other limit of liability for uninsured motorists coverage applicable to the **insured** as a **named insured** or **family member,** or
(c) For which the sum of all bonds or deposits of cash or securities at the time of an **occurrence** provides at least the amounts required by the applicable law where a covered **auto** is principally garaged but their limits are insufficient to pay the full amount the **insured** is legally entitled to recover as damages; or
(d) For which an insuring or bonding company denies coverage or is or becomes insolvent, or
(e) Which is a hit-and-run vehicle and neither the driver nor owner is identifiable. The vehicle must hit an **insured,** a covered **auto** or a vehicle an **insured** is **occupying.**

However, **uninsured motor vehicle** does not include any vehicle:
(1) Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer who is or becomes insolvent and cannot provide the amounts required by that motor vehicle law;
(2) Owned by a governmental unit or agency;
(3) Designed for use mainly off public roads while not on public roads.

**If property damage is chosen on the application and shown in the declarations, the following definitions for property damage are added:**
"**property damage**" means injury to or destruction of:
(a) A covered **auto,** or
(b) Property contained in the covered **auto** and owned by an **insured** or **family member,** or
(c) Property contained in the covered **auto** and owned by anyone else **occupying** the covered **auto.**

The following is added:
"**family member**" means a person related to the **insured** by blood, marriage or adoption who is a resident of **insured's** household, including a ward or foster child.

**PART VI**    **ADDITIONAL CONDITIONS - F. Arbitration** is deleted. The following is added:
**G. Trust Agreement:**
   (a) However, the company shall be entitled to recovery only after the **insured** has been fully compensated for damages.

Page 2 of 2

**ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED** - This endorsement is effective the same date and hour as shown in Item 2 of the Policy Declarations and forms a part of the policy to which it is attached.

# Canal Insurance Company
Greenville, South Carolina

Form E-70 MS

(Rev.- 4-2002)

133036349

Copy of Image

# ENDORSEMENT

## SINGLE LIMIT OF LIABILITY

| COVERAGES |
|---|
| Bodily Injury Liability and Property Damage Liability<br>Uninsured and Underinsured Motorist Coverage |

It is agreed that the provisions of the policy captioned "LIMITS OF LIABILITY" relating to **Bodily Injury** Liability and **Property Damage** Liability are amended to read as follows:

**LIMITS OF LIABILITY**

Regardless of the number of (1) **insureds** under this policy, (2) persons or organizations who sustain **bodily injury** or **property damage**, (3) claims made or suits brought on account of **bodily injury** or **property damage** or (4) **automobiles** to which this policy applies, the company's liability is limited as follows:

**Bodily Injury Liability and Property Damage Liability:**

The limit of liability stated in the schedule of the policy as applicable to "each **occurrence**" is the total limit of the company's liability for all damages because of **bodily injury**, including damages for care and loss of services, or **property damage** as a result of any one **occurrence**, provided that with respect to any one **occurrence** for which notice of this policy is given in lieu of security or when this policy is certified as proof of financial responsibility under the provisions of the Motor Vehicle Financial Responsibility Law of any state or province such limit of liability shall be applied to provide the separate limits required by such law for **bodily injury** liability and for **property damage** liability to the extent of the coverage required by such law, but the separate application of such limit shall not increase the total limit of the company's liability.

**Uninsured and Underinsured Motorist Coverage:**

Whenever Uninsured and/or Underinsured Motorist Coverage has been purchased, Combined Single Limits will be amended to afford Split Limits as required by law.

EXCESS POLICY

IT IS FURTHER UNDERSTOOD AND AGREED THAT WHEN THE POLICY TO WHICH THIS ENDORSEMENT IS ATTACHED IS AN EXCESS POLICY, THE COMPANY'S LIMIT OF LIABILITY SHALL NOT EXCEED 100% OF THE DIFFERENCE BETWEEN THE PRIMARY OR UNDERLYING LIMITS OF LIABILITY AS STATED IN THE POLICY AND TOTAL LIMITS OF PRIMARY AND EXCESS.

**ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED** - This endorsement is effective the same date and hour as shown in Item 2 of the Policy Declarations and forms a part of the policy to which it is attached.

# Canal Insurance Company

Greenville, South Carolina

Form E-102

Copy of Image

(Rev. 11-1993)

438004792

Form MCS-90
(7/96)

# ENDORSEMENT

OMB NO. 2125-0074

### ENDORSEMENT FOR
## MOTOR CARRIER POLICIES OF INSURANCE FOR PUBLIC LIABILITY
## UNDER SECTIONS 29 AND 30 OF THE MOTOR CARRIER ACT OF 1980

### DEFINITIONS AS USED IN THIS ENDORSEMENT

**ACCIDENT** includes continuous or repeated exposure to conditions which results in bodily injury, property damage, or environmental damage which the insured neither expected nor intended.

**MOTOR VEHICLE** means a land vehicle, machine, truck, tractor, trailer, or semitrailer propelled or drawn by mechanical power and used on a highway for transporting property, or any combination thereof.

**BODILY INJURY** includes injury to the body, sickness, or disease to any person, including death resulting from any of these.

**ENVIRONMENTAL RESTORATION** means restitution for the loss, damage or destruction of natural resources arising out of the accidental discharge, dispersal, release or escape into or upon the land, atmosphere, watercourse, or body of water, of any commodity transported by a motor carrier. This shall include the cost of removal and the cost of necessary measures taken to minimize or mitigate damage to human health, the natural environment, fish, shellfish and wildlife.

**PROPERTY DAMAGE** includes damage to or loss of use of tangible property.

**PUBLIC LIABILITY** means liability for bodily injury, property damage, and environmental restoration.

The insurance policy to which this endorsement is attached provides automobile liability insurance and is amended to assure compliance by the insured, within the limits stated herein, as a motor carrier of property, with Sections 29 and 30 of the Motor Carrier Act of 1980 and the rules and regulations of the Federal Highway Administration (FHWA) and the Interstate Commerce Commission (ICC).

In consideration of the premium stated in the policy to which this endorsement is attached, the insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere. Such insurance as is afforded for public liability does not apply to injury to or death of the insuredís employees while engaged in the course of their employment, or property transported by the insured, designated as cargo.

It is understood and agreed that no condition, provision, stipulation, or limitation contained in the policy, this endorsement, or any other endorsement thereon, or violation thereof, shall relieve the company from liability or from the payment of any final judgment, within the limits of liability herein described, irrespective of the financial condition, insolvency or bankruptcy of the insured. However, all terms, conditions, and limitations in the policy to which the endorsement is attached shall remain in full force and effect as binding between the insured and the company. The insured agrees to reimburse the company for any payment made by the company on account of any accident, claim, or suit involving a breach of the terms of the policy, and for any payment that the company would not have been obligated to make under the provisions of the policy except for the agreement contained in this endorsement.

It is further understood and agreed that, upon failure of the company to pay any final judgment recovered against the insured as provided herein, the judgment creditor may maintain an action in any court of competent jurisdiction against the company to compel such payment.

The limits of the companyís liability for the amounts prescribed in this endorsement apply separately to each accident and any payment under the policy because of any one accident shall not operate to reduce the liability of the company for the payment of final judgments resulting from any other accident.

The policy to which this endorsement is attached provides primary or excess insurance, as indicated by "X", for the limits shown:

[X] This insurance is primary and the company shall not be liable for amounts in excess of $ __1,000,000 CSL__ for each accident.

[ ] This insurance is excess and the company shall not be liable for amounts in excess of $_____ for each accident in excess of the underlying limit of $_____ for each accident.

Whenever required by the FHWA or the ICC the company agrees to furnish the FHWA or the ICC a duplicate of said policy and all its endorsements. The company also agrees, upon telephone request by an authorized representative of the FHWA or the ICC, to verify that the policy is in force as of a particular date. The telephone number to call is 864-242-5365.

Cancellation of this endorsement may be effected by the company or the insured by giving (1) thirty five (35) days notice in writing to the other party (said 35 days to commence from the date the notice is mailed, proof of mailing shall be sufficient proof of notice), and (2) if the insured is subject to the ICCís jurisdiction, by providing thirty (30) days notice to the ICC (said 30 days notice to commence from the date notice is received by the ICC at its office in Washington, D.C.).

Issued to __JOEY BARNES DBA BAD J TRUCKING__ of __45 CR 229 IUKA, MS__

Dated at __MEMPHIS, TN__ this __29th__ day of __March__ , 20 __03__

Amending Policy No. __395497__

Effective Date __3/28/03 2:00 PM__

Countersigned by _Eric P. Howard_

*Authorized Company Representative*

HORNER INSURANCE SERVICES, INC

# Canal Insurance Company

Greenville, South Carolina

Form E-103

Page 1 of 2
(Rev. 7-96)

410623805

The Motor Carrier Act of 1980 requires limits of financial responsibility according to type of carriage and commodity transported by the motor carrier.

It is the MOTOR CARRIER'S obligation to obtain the required limits of financial responsibility.

THE SCHEDULE OF LIMITS SHOWN BELOW DOES NOT PROVIDE COVERAGE.

The limits shown in this schedule are for information purposes only.

## SCHEDULE OF LIMITS
### Public Liability

| Type of Carriage [1] | Commodity Transported | Combined Single Limit (CSL) |
|---|---|---|
| (1) For-hire (in interstate or foreign commerce) | Property (Non-hazardous).......................................................................... | $750,000 |
| (2) For-hire and Private (in interstate, foreign or intrastate commerce) | Hazardous substances, as defined in 49 CFR 171.8, transported in cargo tanks, portable tanks, or hopper-type vehicles with capacities in excess of 3,500 water gallons; or in bulk Divisions 1.1, 1.2, and 1.3 materials, Division 2.3, Hazard Zone A, or Division 6.1 Packing Group I, Hazard Zone A material; in bulk Division 2.1 or 2.2; or highway route controlled quantities of a Class 7 material, as defined in 49 CFR 173.403. | $5,000,000 |
| (3) For-hire and Private (in interstate or foreign commerce; in any quantity); or (in intrastate commerce; in bulk only) | Oil listed in 49 CFR 172.101; hazardous waste, hazardous materials and hazardous substances defined in 49 CFR 171.8 and listed in 49 CFR 172.101, but not mentioned in (2) above or (4) below | $1,000,000 |
| (4) For-hire and Private (in interstate or foreign commerce) | Any quantity of Division 1.1, 1.2, or 1.3 material; any quantity of a Division 2.3, Hazard Zone A, or Division 6.1, Packing Group I, Hazard Zone A material; or highway route controlled quantities of a Class 7 material as defined in 49 CFR 173.403. | $5,000,000 |

[1] Note - The type of carriage listed under numbers (1), (2), and (3) applies to vehicles with a gross vehicle weight rating of 10,000 pounds or more. The type of carriage listed under number (4) applies to all vehicles with a gross vehicle weight rating of less than 10,000 pounds.

Form E-103

# ENDORSEMENT

## AMENDATORY ENDORSEMENT

### SECTION A - BASIC AUTOMOBILE LIABILITY INSURANCE

**PART I**    COVERAGE A - BODILY INJURY LIABILITY - - COVERAGE B - PROPERTY DAMAGE LIABILITY

EXCLUSIONS:  The following are added:

(h)  to **bodily injury** or **property damage** resulting from the movement of property by mechanical device (other than a hand truck) unless the device is attached to an **owned automobile** or **temporary substitute automobile**;

(i)  to **bodily injury** or **property damage** arising out of the **named insured's** work after that work has been completed or abandoned.  In this exclusion, the **named insured's** work means:

(1)  work or operations performed by the **named insured** or on behalf of the **named insured**; and
(2)  materials, parts or equipment furnished in connection with such work or operations.

The **named insured's** work includes warranties or representations made at any time with respect to the fitness, quality, durability or performance of any of the items included in paragraphs **1.** or **2.** above.

The **named insured's** work will be deemed completed at the earliest of the following times:

(1)  when all of the work called for in the **named insured's** contract has been completed.
(2)  when all of the work to be done at the site has been completed if the **named insured's** contract calls for work at more than one site.
(3)  when that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed;

(j)  to **bodily injury** or **property damage** arising out of the operation of the following:

(1)  cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and
(2)  air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting or well servicing equipment.

**ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED** - This endorsement is effective the same date and hour as shown in Item 2 of the Policy Declarations and forms a part of the policy to which it is attached.

## Canal Insurance Company

Greenville, South Carolina

Form E-125

(Rev. 4-1999)

# FORM F

## UNIFORM MOTOR CARRIER BODILY INJURY AND PROPERTY DAMAGE LIABILITY INSURANCE ENDORSEMENT

It is agreed that:

1. The certification of the policy, as proof of financial responsibility under the provisions of any State motor carrier law or regulations promulgated by any State Commission having jurisdiction with respect thereto, amends the policy to provide insurance for automobile bodily injury and property damage liability in accordance with the provisions of such law or regulations to the extent of the coverage and limits of liability required thereby; provided only that the insured agrees to reimburse the company for any payment made by the company which it would not have been obligated to make under the terms of this policy except by reason of the obligation assumed in making such certification.

2. The Uniform Motor Carrier Bodily Injury and Property Damage Liability Certificate of Insurance has been filed with the State Commissions indicated below hereof.

3. This endorsement may not be canceled without cancellation of the policy to which it is attached.  Such cancellation may be effected by the company or the insured giving thirty (30) days' notice in writing to the State Commission with which such certificate has been filed, such thirty (30) days' notice to commence to run from the date the notice is actually received in the office of such Commission.

Attached to and forming part of Policy No. _____ 395497 _____

issued by   Canal Insurance Company _____ , herein called

Company, of   Greenville, South Carolina _____

to   JOEY BARNES DBA BAD J TRUCKING _____

of   45 CR 229 IUKA, MS 38852 _____

Dated at  MEMPHIS, TN 38117 _____    this  29th   day of  March _____    20 03

Countersigned by HORNER INSURANCE SERVICES, INC _____

Authorized Representative

| X - - INDICATES STATE COMMISSIONS WITH WHOM UNIFORM MOTOR CARRIER BODILY INJURY AND PROPERTY DAMAGE LIABILITY CERTIFICATE OF INSURANCE HAS BEEN FILED. | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| ALABAMA | | HAWAII | | MICHIGAN | | NORTH CAROLINA | UTAH | |
| ALASKA | | IDAHO | | MINNESOTA | | NORTH DAKOTA | VERMONT | |
| ARIZONA | | ILLINOIS | | MISSISSIPPI | X | OHIO | VIRGINIA | |
| ARKANSAS | | INDIANA | | MISSOURI | | OKLAHOMA | WASHINGTON | |
| CALIFORNIA | | IOWA | | MONTANA | | OREGON | WEST VIRGINIA | |
| COLORADO | | KANSAS | | NEBRASKA | | PENNSYLVANIA | WISCONSIN | |
| CONNECTICUT | | KENTUCKY | | NEVADA | | RHODE ISLAND | WYOMING | |
| DELAWARE | | LOUISIANA | | NEW HAMPSHIRE | | SOUTH CAROLINA | ICC - MC456689 | |
| DISTRICT OF COLUMBIA | | MAINE | | NEW JERSEY | | SOUTH DAKOTA | E-103 | |
| FLORIDA | | MARYLAND | | NEW MEXICO | | TENNESSEE | | |
| GEORGIA | | MASSACHUSETTS | | NEW YORK | | TEXAS | | |

MC1632 (Ed. 6-71)

IRB 3538 A
410623805

# CANAL
INSURANCE COMPANY

**APPLICATION FOR COMMERCIAL MOTOR VEHICLE INSURANCE**
**LIABILITY and PHYSICAL DAMAGE**

**MISSISSIPPI**
Submit in Duplicate

1. Applicant    *395497*

3. Business Name    Joey Barnes dba Bad J Trucking    Area/Phone Number (662) 423-9822    2. This Application is for [X] Liability [ ] Physical Damage

Business Address    45 CR 229    Street    City Iuka (Tishomingo)    County    State MS    Zip Code 38852

4. Applicant is [X] Individual [ ] Partnership [ ] Corporation    5. Legal Owner of Business    Same    6. Tax ID or Social Security Number

7. Business is [ ] Taxi [ ] Bus Private [ ] Bus Public [ ] Trucking Private [ ] Trucking Contract [X] Trucking for Hire [ ] Other    Has common autho[rity]

8. If Trucking Business, type of cargo hauled. If Bus, number of round trips per day. (be specific)    dry van Freight: new furniture + produce

Approx. Value Per Load ____
Is vehicle used to haul explosives? [ ] Yes [X] No
Is vehicle used to transport employees? [ ] Yes [X] No

9. Total number of vehicles owned and/or operated by Applicant.
____ Taxis    ____ Tractors    ____ Other
____ Buses    ____ Semitrailers
____ Trucks    ____ Pleasure Cars (include off-road equipment)

10. Is Equipment lent, leased or rented to/or from others? If YES, give unit numbers and details.    [ ] Yes [ ] No

11. Does Applicant have other Commercial Liability Insurance in force?    [ ] Yes [X] No    If YES, give Company, number of units covered, limits and details.

12. Liability Coverage Limits Desired    A. Bodily Injury ____,000/____,000    B. Property Damage ____,000    -OR-    Combined Single Limits 1,000,000

13.    **LIABILITY INFORMATION FOR FILINGS**

Filings Required    FHWA + MS SSR    Docket or Permit Number    MC# 456689    Applicant's Name and Address exactly as it appears on each Permit.
Joey Barnes dba Bad J Trucking
Iuka, MS 38852

**THE FOLLOWING INFORMATION NECESSARY IF APPLICANT TO BE ACCEPTED**

14. Who was your Insurance carrier last year?    New venture    15. Who were your insurance carriers for 2 years before that?

16. Have you ever had insurance for this type of operation cancelled, declined or renewal refused? [ ] Yes [ ] No    If YES, give name of Insurance Companies, dates and reason for cancellation or refusal.

17. Have you ever had insurance with Canal? [X] Yes [ ] No    If YES, give Policy Number    New Cargo + PD

18. **LIABILITY**

| Show Policy Periods For Past Three Years | | Number of Accidents | TOTAL AMOUNT CLAIMS PAID | | TOTAL AMOUNT UNSETTLED CLAIMS | |
|---|---|---|---|---|---|---|
| From | To | | Bodily Injury | Property Damage | Bodily Injury | Property Damage |
| | | | $ No | $ Losses | $ | $ |
| | | | $ | $ | $ | $ |

19. **PHYSICAL DAMAGE**

| Show Policy Periods For Past Three Years | | Number of Accidents | TOTAL AMOUNT CLAIMS PAID | | TOTAL AMOUNT UNSETTLED CLAIMS | |
|---|---|---|---|---|---|---|
| From | To | | Collision | Fire & Theft | Collision | Fire & Theft |
| | | | $ | $ | $ | $ |
| | | | $ | $ | $ | $ |
| | | | $ | $ | $ | $ |

20. Desired Effective Date of Policy    Month 3 Day 28 Year 03 Hour 3:00 [ ] a.m. [ ] p.m.    21. Total Premium $ 59.64    [X] Until cancelled [ ] Annual [ ] Installment    Amount of Check Enclosed    Escrowed @ 497.00 monthly

The laws of Mississippi require that you be given the option to request or reject the following additional coverages. Please indicate your preferences below:

BODILY INJURY UNINSURED MOTORIST PROTECTION
[ ] Reject [ ] 10/20 * [ ] Other (Specify) * 25,000 CSL
(Not to exceed BI Liability limits)

PROPERTY DAMAGE UNINSURED MOTORIST PROTECTION (Must be rejected if BI UM is rejected)
[ ] Reject [ ] $5,000 * [ ] Other (Specify) * inc
(Not to exceed PD Liability limits)

(The elections above that show an asterisk (*) require the payment of additional premiums)

I hereby certify that the information above is true and agree that a misrepresentation of any of the facts by me will constitute reason for the company to void or cancel any policy issued on the basis of this application, and will hold the company harmless for the action taken. I also agree that if a policy is issued pursuant to this application, the application and any elections or rejections, which are included on the application and signed by me, shall become a part of the policy.

Date Application Completed    3-28-03

Signature of Applicant    [signature]

Signature of Agent of Applicant    Ginger Childers

X Address of Agent    Transportation Ins. Serv., Inc.
P.O. Box 328
Booneville, MS 38829

Form A-101 MS    **THIS IS NOT A BINDER**    (Rev. 12-91)

03/28/2003 FRI 14:50 [TX/RX NO 9897] [Z]001

# SCHEDULE OF EQUIPMENT AND RATING INFORMATION

| Item or Unit Number | Year Model | Trade Name and Kind of Vehicle (1) | Motor/Serial Number | Territorial Location | Capacity Tons, Gallons, Passengers | Radius Max. Miles | Date Purchased | If Used, Purchase Price | Desired Amt. of Insurance (2) | Deductible All Perils | Combined Premium Liability | Phys. Dmg. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 1995 | Freightliner | 1FUYDZYB8SP551400 | Tuka, MS | Unlimited | | | | | | 58/66 88 | 1 um |

NOTES: (1) Specify whether straight truck, tractor, semitrailer, trailer, bus, taxi, etc. Describe each semitrailer directly under the tractor with which it is used.
(2) Coverage written on an actual cash value basis only, not to exceed this stated amount. Comprehensive coverage not written on commercial vehicles.

Total Premium  59/66

## LIST ALL DRIVERS OF INSURED VEHICLES

| Driver's Name | Social Security Number | Date of Birth Mo. Day Year | State | Drivers License Number | No. of Violations and Accidents Past 3 Years | (A) SR-22 Required? (B) State | Reason for SR-22 Filing |
|---|---|---|---|---|---|---|---|
| Joey Barnes | | 8-12-53 | TN | 101897460 | | | escrowed @ 497 @ monthly |

## LOSS PAYEES

| Item or Unit Number of Applicable Vehicles | Name of Loss Payee | Complete Address |
|---|---|---|
| | | |

## CANAL INSURANCE COMPANY -10464
**Bodily Injury and Property Damage Liability**
IDENTIFICATION CARD    State of MS

| POLICY NUMBER | EFFECTIVE DATE | EXPIRATION DATE |
| --- | --- | --- |
| 395497 | 10/15/2004 | 03/28/2005 |

| YEAR | MAKE | VEHICLE IDENTIFICATION NUMBER |
| --- | --- | --- |
| 1990 INTERNATIONAL TRACTOR 1HSRAGXR6LH293269 | | |

NAME OF INSURED
JOEY BARNES DBA BAD J TRUCKING
45 CR 229
IUKA, MS 38852

AGENT
HORNER INSURANCE SERVICES, INC
MEMPHIS, TN 38117

— — — — FOLD HERE — — — —

### IN CASE OF ACCIDENT

1. Obtain identity of persons involved and names and addresses of any witnesses.
2. Make no statement about the accident to anyone except the police or a representative of Canal Insurance Company.
3. Notify CANAL INSURANCE COMPANY, P.O. Box 7, Greenville, SC (29602) at once. If there are injuries, call (800) 452-6911, weekdays between 8:30 AM and 5:00 PM (Eastern Time).
4. Weekends, holidays and after 5:00 PM weekdays, call (800) 241-2541.

**Mississippi law requires this card to be kept in the insured motor vehicle for presentment upon demand.**

Form ID-1 MS                    (Rev. 1-2001)

---

## CANAL INSURANCE COMPANY
**Bodily Injury and Property Damage Liability**
IDENTIFICATION CARD

| POLICY NUMBER | EFFECTIVE DATE | EXPIRATION DATE |
| --- | --- | --- |
| VOID | | |

| YEAR | MAKE | VEHICLE IDENTIFICATION NUMBER |
| --- | --- | --- |

NAME OF INSURED
THIS IS NOT A VALID ID CARD

AGENT

— — — — FOLD HERE — — — —

### IN CASE OF ACCIDENT

1. Obtain identity of persons involved and names and addresses of any witnesses.
2. Make no statement about the accident to anyone except the police or a representative of Canal Insurance Company.
3. Notify CANAL INSURANCE COMPANY, P.O. Box 7, Greenville, SC (29602) at once. If there are injuries, call (800) 452-6911, weekdays between 8:30 AM and 5:00 PM (Eastern Time).
4. Weekends, holidays and after 5:00 PM weekdays, call (800) 241-2541.

**Mississippi law requires this card to be kept in the insured motor vehicle for presentment upon demand.**

Form ID-1 MS                    (Rev. 1-2001)

---

## CANAL INSURANCE COMPANY
**Bodily Injury and Property Damage Liability**
IDENTIFICATION CARD

| POLICY NUMBER | EFFECTIVE DATE | EXPIRATION DATE |
| --- | --- | --- |
| VOID | | |

| YEAR | MAKE | VEHICLE IDENTIFICATION NUMBER |
| --- | --- | --- |

NAME OF INSURED
THIS IS NOT A VALID ID CARD

AGENT

— — — — FOLD HERE — — — —

### IN CASE OF ACCIDENT

1. Obtain identity of persons involved and names and addresses of any witnesses.
2. Make no statement about the accident to anyone except the police or a representative of Canal Insurance Company.
3. Notify CANAL INSURANCE COMPANY, P.O. Box 7, Greenville, SC (29602) at once. If there are injuries, call (800) 452-6911, weekdays between 8:30 AM and 5:00 PM (Eastern Time).
4. Weekends, holidays and after 5:00 PM weekdays, call (800) 241-2541.

**Mississippi law requires this card to be kept in the insured motor vehicle for presentment upon demand.**

Form ID-1 MS                    (Rev. 1-2001)

---

## CANAL INSURANCE COMPANY
**Bodily Injury and Property Damage Liability**
IDENTIFICATION CARD

| POLICY NUMBER | EFFECTIVE DATE | EXPIRATION DATE |
| --- | --- | --- |
| VOID | | |

| YEAR | MAKE | VEHICLE IDENTIFICATION NUMBER |
| --- | --- | --- |

NAME OF INSURED
THIS IS NOT A VALID ID CARD

AGENT

— — — — FOLD HERE — — — —

### IN CASE OF ACCIDENT

1. Obtain identity of persons involved and names and addresses of any witnesses.
2. Make no statement about the accident to anyone except the police or a representative of Canal Insurance Company.
3. Notify CANAL INSURANCE COMPANY, P.O. Box 7, Greenville, SC (29602) at once. If there are injuries, call (800) 452-6911, weekdays between 8:30 AM and 5:00 PM (Eastern Time).
4. Weekends, holidays and after 5:00 PM weekdays, call (800) 241-2541.

**Mississippi law requires this card to be kept in the insured motor vehicle for presentment upon demand.**

Form ID-1 MS                    (Rev. 1-2001)

Copy of Image

4106233041

## CANAL INSURANCE COMPANY -10464
**Bodily Injury and Property Damage Liability**    State of MS
IDENTIFICATION CARD

| POLICY NUMBER | EFFECTIVE DATE | EXPIRATION DATE |
|---|---|---|
| 395497 | 11/10/2004 | 03/28/2005 |

| YEAR | MAKE | VEHICLE IDENTIFICATION NUMBER |
|---|---|---|
| 1993 INTERNATIONAL TRACTOR | | 1MSRACAN3PH465116 |

NAME OF INSURED
JOEY BARNES DBA BAD J TRUCKING
45 CR 229
IUKA, MS 38852

AGENT
HORNER INSURANCE SERVICES, INC
MEMPHIS, TN 38117

— — — — FOLD HERE — — — —

### IN CASE OF ACCIDENT

1. **Obtain identity of persons involved and names and addresses of any witnesses.**

2. **Make no statement about the accident to anyone except the police or a representative of Canal Insurance Company.**

3. **Notify CANAL INSURANCE COMPANY, P.O. Box 7, Greenville, SC (29602) at once. If there are injuries, call (800) 452-6911, weekdays between 8:30 AM and 5:00 PM (Eastern Time).**

4. **Weekends, holidays and after 5:00 PM weekdays, call (800) 241-2541.**

**Mississippi law requires this card to be kept in the insured motor vehicle for presentment upon demand.**

Form ID-1 MS                    (Rev. 1-2001)

---

## CANAL INSURANCE COMPANY
**Bodily Injury and Property Damage Liability**
IDENTIFICATION CARD

| POLICY NUMBER | EFFECTIVE DATE | EXPIRATION DATE |
|---|---|---|
| VOID | | |

| YEAR | MAKE | VEHICLE IDENTIFICATION NUMBER |
|---|---|---|
| | | |

NAME OF INSURED
THIS IS NOT A VALID ID CARD

AGENT

— — — — FOLD HERE — — — —

### IN CASE OF ACCIDENT

1. **Obtain identity of persons involved and names and addresses of any witnesses.**

2. **Make no statement about the accident to anyone except the police or a representative of Canal Insurance Company.**

3. **Notify CANAL INSURANCE COMPANY, P.O. Box 7, Greenville, SC (29602) at once. If there are injuries, call (800) 452-6911, weekdays between 8:30 AM and 5:00 PM (Eastern Time).**

4. **Weekends, holidays and after 5:00 PM weekdays, call (800) 241-2541.**

**Mississippi law requires this card to be kept in the insured motor vehicle for presentment upon demand.**

Form ID-1 MS                    (Rev. 1-2001)

---

## CANAL INSURANCE COMPANY
**Bodily Injury and Property Damage Liability**
IDENTIFICATION CARD

| POLICY NUMBER | EFFECTIVE DATE | EXPIRATION DATE |
|---|---|---|
| VOID | | |

| YEAR | MAKE | VEHICLE IDENTIFICATION NUMBER |
|---|---|---|
| | | |

NAME OF INSURED
THIS IS NOT A VALID ID CARD

AGENT

— — — — FOLD HERE — — — —

### IN CASE OF ACCIDENT

1. **Obtain identity of persons involved and names and addresses of any witnesses.**

2. **Make no statement about the accident to anyone except the police or a representative of Canal Insurance Company.**

3. **Notify CANAL INSURANCE COMPANY, P.O. Box 7, Greenville, SC (29602) at once. If there are injuries, call (800) 452-6911, weekdays between 8:30 AM and 5:00 PM (Eastern Time).**

4. **Weekends, holidays and after 5:00 PM weekdays, call (800) 241-2541.**

**Mississippi law requires this card to be kept in the insured motor vehicle for presentment upon demand.**

Form ID-1 MS                    (Rev. 1-2001)

---

## CANAL INSURANCE COMPANY
**Bodily Injury and Property Damage Liability**
IDENTIFICATION CARD

| POLICY NUMBER | EFFECTIVE DATE | EXPIRATION DATE |
|---|---|---|
| VOID | | |

| YEAR | MAKE | VEHICLE IDENTIFICATION NUMBER |
|---|---|---|
| | | |

NAME OF INSURED
THIS IS NOT A VALID ID CARD

AGENT

— — — — FOLD HERE — — — —

### IN CASE OF ACCIDENT

1. **Obtain identity of persons involved and names and addresses of any witnesses.**

2. **Make no statement about the accident to anyone except the police or a representative of Canal Insurance Company.**

3. **Notify CANAL INSURANCE COMPANY, P.O. Box 7, Greenville, SC (29602) at once. If there are injuries, call (800) 452-6911, weekdays between 8:30 AM and 5:00 PM (Eastern Time).**

4. **Weekends, holidays and after 5:00 PM weekdays, call (800) 241-2541.**

**Mississippi law requires this card to be kept in the insured motor vehicle for presentment upon demand.**

Form ID-1 MS                    (Rev. 1-2001)

4106234767

**CANAL INSURANCE COMPANY** -10464
Bodily Injury and Property Damage Liability
IDENTIFICATION CARD    State of MS

| POLICY NUMBER | EFFECTIVE DATE | EXPIRATION DATE |
|---|---|---|
| 395497 | 03/28/2005 | 03/28/2006 |

| YEAR | MAKE | VEHICLE IDENTIFICATION NUMBER |
|---|---|---|
| 1995 FREIGHTLINER TRACTOR 1FUYDZYB9SP557400 | | |

NAME OF INSURED
JOEY BARNES DBA BAD J TRUCKING
45 CR 229
IUKA, MS 38852

AGENT
HORNER INSURANCE SERVICES, INC
MEMPHIS, TN 38117

— — — — — FOLD HERE — — — — —

### IN CASE OF ACCIDENT

1. Obtain identity of persons involved and names and addresses of any witnesses.

2. Make no statement about the accident to anyone except the police or a representative of Canal Insurance Company.

3. Notify CANAL INSURANCE COMPANY, P.O. Box 7, Greenville, SC (29602) at once. If there are injuries, call (800) 452-6911, weekdays between 8:30 AM and 5:00 PM (Eastern Time).

4. Weekends, holidays and after 5:00 PM weekdays, call (800) 241-2541.

**Mississippi law requires this card to be kept in the insured motor vehicle for presentment upon demand.**

Form ID-1 MS                    (Rev. 1-2001)

---

**CANAL INSURANCE COMPANY** -10464
Bodily Injury and Property Damage Liability
IDENTIFICATION CARD    State of MS

| POLICY NUMBER | EFFECTIVE DATE | EXPIRATION DATE |
|---|---|---|
| 395497 | 03/28/2005 | 03/28/2006 |

| YEAR | MAKE | VEHICLE IDENTIFICATION NUMBER |
|---|---|---|
| 1993 INTERNATIONAL TRACTOR 1MSRACAN3PH465116 | | |

NAME OF INSURED
JOEY BARNES DBA BAD J TRUCKING
45 CR 229
IUKA, MS 38852

AGENT
HORNER INSURANCE SERVICES, INC
MEMPHIS, TN 38117

— — — — — FOLD HERE — — — — —

### IN CASE OF ACCIDENT

1. Obtain identity of persons involved and names and addresses of any witnesses.

2. Make no statement about the accident to anyone except the police or a representative of Canal Insurance Company.

3. Notify CANAL INSURANCE COMPANY, P.O. Box 7, Greenville, SC (29602) at once. If there are injuries, call (800) 452-6911, weekdays between 8:30 AM and 5:00 PM (Eastern Time).

4. Weekends, holidays and after 5:00 PM weekdays, call (800) 241-2541.

**Mississippi law requires this card to be kept in the insured motor vehicle for presentment upon demand.**

Form ID-1 MS                    (Rev. 1-2001)

---

**CANAL INSURANCE COMPANY**
Bodily Injury and Property Damage Liability
IDENTIFICATION CARD

| POLICY NUMBER | EFFECTIVE DATE | EXPIRATION DATE |
|---|---|---|
| VOID | | |

| YEAR | MAKE | VEHICLE IDENTIFICATION NUMBER |
|---|---|---|
| | | |

NAME OF INSURED
THIS IS NOT A VALID ID CARD

AGENT

— — — — — FOLD HERE — — — — —

### IN CASE OF ACCIDENT

1. Obtain identity of persons involved and names and addresses of any witnesses.

2. Make no statement about the accident to anyone except the police or a representative of Canal Insurance Company.

3. Notify CANAL INSURANCE COMPANY, P.O. Box 7, Greenville, SC (29602) at once. If there are injuries, call (800) 452-6911, weekdays between 8:30 AM and 5:00 PM (Eastern Time).

4. Weekends, holidays and after 5:00 PM weekdays, call (800) 241-2541.

**Mississippi law requires this card to be kept in the insured motor vehicle for presentment upon demand.**

Form ID-1 MS                    (Rev. 1-2001)

---

**CANAL INSURANCE COMPANY**
Bodily Injury and Property Damage Liability
IDENTIFICATION CARD

| POLICY NUMBER | EFFECTIVE DATE | EXPIRATION DATE |
|---|---|---|
| VOID | | |

| YEAR | MAKE | VEHICLE IDENTIFICATION NUMBER |
|---|---|---|
| | | |

NAME OF INSURED
THIS IS NOT A VALID ID CARD

AGENT

— — — — — FOLD HERE — — — — —

### IN CASE OF ACCIDENT

1. Obtain identity of persons involved and names and addresses of any witnesses.

2. Make no statement about the accident to anyone except the police or a representative of Canal Insurance Company.

3. Notify CANAL INSURANCE COMPANY, P.O. Box 7, Greenville, SC (29602) at once. If there are injuries, call (800) 452-6911, weekdays between 8:30 AM and 5:00 PM (Eastern Time).

4. Weekends, holidays and after 5:00 PM weekdays, call (800) 241-2541.

**Mississippi law requires this card to be kept in the insured motor vehicle for presentment upon demand.**

Form ID-1 MS                    (Rev. 1-2001)

4106245935

**CANAL INSURANCE COMPANY** -10464
**Bodily Injury and Property Damage Liability**
IDENTIFICATION CARD   State of MS

| POLICY NUMBER | EFFECTIVE DATE | EXPIRATION DATE |
|---|---|---|
| 395497 | 04/01/2005 | 03/28/2006 |

| YEAR | MAKE | VEHICLE IDENTIFICATION NUMBER |
|---|---|---|
| 1993 INTERNATIONAL | TRACTOR | 1MSRACAN3PH465116 |

NAME OF INSURED
JOEY BARNES DBA BAD J TRUCKING
45 CR 229
IUKA, MS 38852

AGENT
HORNER INSURANCE SERVICES, INC
MEMPHIS, TN 38117

— — — — — — FOLD HERE — — — — — —

### IN CASE OF ACCIDENT

1. Obtain identity of persons involved and names and addresses of any witnesses.

2. Make no statement about the accident to anyone except the police or a representative of Canal Insurance Company.

3. Notify CANAL INSURANCE COMPANY, P.O. Box 7, Greenville, SC (29602) at once.  If there are injuries, call (800) 452-6911, weekdays between 8:30 AM and 5:00 PM (Eastern Time).

4. Weekends, holidays and after 5:00 PM weekdays, call (800) 241-2541.

**Mississippi law requires this card to be kept in the insured motor vehicle for presentment upon demand.**

Form ID-1 MS                                    (Rev. 1-2001)

---

**CANAL INSURANCE COMPANY**
**Bodily Injury and Property Damage Liability**
IDENTIFICATION CARD

| POLICY NUMBER | EFFECTIVE DATE | EXPIRATION DATE |
|---|---|---|
| VOID | | |

| YEAR | MAKE | VEHICLE IDENTIFICATION NUMBER |
|---|---|---|

NAME OF INSURED
THIS IS NOT A VALID ID CARD

AGENT

— — — — — — FOLD HERE — — — — — —

### IN CASE OF ACCIDENT

1. Obtain identity of persons involved and names and addresses of any witnesses.

2. Make no statement about the accident to anyone except the police or a representative of Canal Insurance Company.

3. Notify CANAL INSURANCE COMPANY, P.O. Box 7, Greenville, SC (29602) at once.  If there are injuries, call (800) 452-6911, weekdays between 8:30 AM and 5:00 PM (Eastern Time).

4. Weekends, holidays and after 5:00 PM weekdays, call (800) 241-2541.

**Mississippi law requires this card to be kept in the insured motor vehicle for presentment upon demand.**

Form ID-1 MS                                    (Rev. 1-2001)

---

**CANAL INSURANCE COMPANY**
**Bodily Injury and Property Damage Liability**
IDENTIFICATION CARD

| POLICY NUMBER | EFFECTIVE DATE | EXPIRATION DATE |
|---|---|---|
| VOID | | |

| YEAR | MAKE | VEHICLE IDENTIFICATION NUMBER |
|---|---|---|

NAME OF INSURED
THIS IS NOT A VALID ID CARD

AGENT

— — — — — — FOLD HERE — — — — — —

### IN CASE OF ACCIDENT

1. Obtain identity of persons involved and names and addresses of any witnesses.

2. Make no statement about the accident to anyone except the police or a representative of Canal Insurance Company.

3. Notify CANAL INSURANCE COMPANY, P.O. Box 7, Greenville, SC (29602) at once.  If there are injuries, call (800) 452-6911, weekdays between 8:30 AM and 5:00 PM (Eastern Time).

4. Weekends, holidays and after 5:00 PM weekdays, call (800) 241-2541.

**Mississippi law requires this card to be kept in the insured motor vehicle for presentment upon demand.**

Form ID-1 MS                                    (Rev. 1-2001)

---

**CANAL INSURANCE COMPANY**
**Bodily Injury and Property Damage Liability**
IDENTIFICATION CARD

| POLICY NUMBER | EFFECTIVE DATE | EXPIRATION DATE |
|---|---|---|
| VOID | | |

| YEAR | MAKE | VEHICLE IDENTIFICATION NUMBER |
|---|---|---|

NAME OF INSURED
THIS IS NOT A VALID ID CARD

AGENT

— — — — — — FOLD HERE — — — — — —

### IN CASE OF ACCIDENT

1. Obtain identity of persons involved and names and addresses of any witnesses.

2. Make no statement about the accident to anyone except the police or a representative of Canal Insurance Company.

3. Notify CANAL INSURANCE COMPANY, P.O. Box 7, Greenville, SC (29602) at once.  If there are injuries, call (800) 452-6911, weekdays between 8:30 AM and 5:00 PM (Eastern Time).

4. Weekends, holidays and after 5:00 PM weekdays, call (800) 241-2541.

**Mississippi law requires this card to be kept in the insured motor vehicle for presentment upon demand.**

Form ID-1 MS                                    (Rev. 1-2001)

Copy of Image

4106247370

Copy of Image

# ENDORSEMENT

## GENERAL CHANGE

It is hereby understood and agreed that the alternate address for the policy to which this endorsement is attached is:

JOEY BARNES DBA BAD J TRUCKING
1180-A LAIR LANE
CHEROKEE AL 35616

Policy Number ___395497___    Endorsement Effective Time X̶X̶/̶X̶X̶/̶X̶X̶ _4:09 PM___    Endorsement Effective Date _11/19/2003_

Insured _JOEY BARNES DBA BAD J TRUCKING_    Expiration Date _Until Cancelled_

Issue Date _11/24/2003_ Authorized Signature _____

HORNER INSURANCE SERVICES, INC

**ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED**

# Canal Insurance Company

Greenville, South Carolina

Copy of Image

Form E-1

(Rev. 12-1991)

410625110

Copy of Image

# ENDORSEMENT

## GENERAL CHANGE

IT IS HEREBY UNDERSTOOD AND AGREED THAT FORMS TRN-1 AND D-101 CL HAVE BEEN ADDED
AND MADE A PART OF THE POLICY. ALL OTHER TERMS AND CONDITIONS REMAIN THE SAME.

Policy Number ___395497___ Endorsement Effective Time 12:01 AM _____ Endorsement Effective Date _03/28/2004_

Insured __JOEY BARNES DBA BAD J TRUCKING_____ Expiration Date _Until Cancelled_

Issue Date __03/01/2004_ Authorized Signature _____
HORNER INSURANCE SERVICES, INC
**ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED**
## Canal Insurance Company
Greenville, South Carolina

Copy of Image

Form E-1

(Rev. 12-1991)
410625716

**CANAL**
G R O U P

## POLICYHOLDER DISCLOSURE
## NOTICE OF TERRORISM
## INSURANCE COVERAGE

Coverage for acts of terrorism is included in your policy.  Effective November 26, 2002, any losses caused by certified acts of terrorism would be partially reimbursed by the United States under a formula established by federal law.  The term "act of terrorism" means any act that is certified by the Secretary of the Treasury, in concurrence with the Secretary of State, and the Attorney General of the United States--to be an act of terrorism; to be a violent act or an act that is dangerous to human life, property, or infrastructure; to have resulted in damage within the United States, or outside the United States in the case of an air carrier or vessel or the premises of a United States mission; and to have been committed by an individual or individuals acting on behalf of any foreign person or foreign interest, as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion.  Under this formula, the United States pays 90% of covered terrorism losses exceeding the statutorily established deductible paid by the insurance company providing the coverage.  The portion of your annual premium that is attributable to coverage for acts of terrorism is:  $ **waived**   .

Form TRN-1

(Rev. 11-2002)

# CANAL

## <u>CLAIMS REPORTING INFORMATION NOTICE</u>

# 800-452-6911

### Online Claim reporting is also available at www.canal-ins.com

**To All Canal Insureds:**

Many accidents result in damages which require immediate attention in order to prevent further loss.  When a serious bodily injury, a hazardous spill which may impact the environment or damage to perishable cargo has occurred, please call the Canal Claims Reporting number listed above as soon as possible to report the claim.

When reporting a loss, please be prepared to give the following information:

* Insured name, driver and policy number
* Insured Vehicle Information (make, model and VIN)
* Exact location of the occurrence
* Description of the occurrence
* Type of loss and any environment affected
* Other persons or vehicles involved
* A contact number for someone at the scene

Please communicate these procedures to all drivers and claim reporting personnel.  We appreciate your business and assistance in providing prompt notice of accidents.

D-101 CL

(Rev. 1-2003)

3224013699

# ENDORSEMENT

## GENERAL CHANGE

IT IS UNDERSTOOD AND AGREED THAT, FOR THE VEHICLE SHOWN ON THE ATTACHED E-69
SCHEDULE OF EQUIPMENT:

•THE VIN IS AMENDED FOR VEHICLE 1.

Policy Number __395497_____    Endorsement Effective Time ~~XXXXXXX~~ 12:56 PM___    Endorsement Effective Date _04/11/2003_

Insured _JOEY BARNES DBA BAD J TRUCKING_____    Expiration Date _Until Cancelled_

Issue Date __04/12/2003_ Authorized Signature _____

HORNER INSURANCE SERVICES, INC

**ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED**

# Canal Insurance Company

Greenville, South Carolina

Form E-1

(Rev. 12-1991)

410623871

# Schedule of Equipment

# Liability

| Vehicle # | Year/Trade Name/Model/Body Type | Radius (miles) | Garage Location | Premium |
|---|---|---|---|---|
| | Motor Vehicle Identification #(VIN) | | | Monthly Prem. |
| 1 | 1995 FREIGHTLINER TRACTOR<br>1FUYDZYB9SP557400 | UNLIMITED | IUKA, MS | $5,964.00<br>$497.00 |

Policy Number ___395497_____    Endorsement Effective Time ~~XXXXXXX~~ _12:56 PM__    Endorsement Effective Date _04/11/2003_

Insured _JOEY BARNES DBA BAD J TRUCKING_____    Expiration Date _Until Cancelled_

Issue Date _04/12/2003_ Authorized Signature _____

HORNER INSURANCE SERVICES, INC

**ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED**

# Canal Insurance Company

Greenville, South Carolina

Form E-69L

(Rev. 12-1991)

410623871

# ENDORSEMENT

## GENERAL CHANGE

It is hereby understood and agreed that the alternate address for the policy to which this endorsement is attached is:

JOEY BARNES DBA BAD J TRUCKING
PO BOX 575
BOONEVILLE MS 38829

---

Policy Number __395497_____    Endorsement Effective Time ~~XXXXXX~~ _12:44 PM__    Endorsement Effective Date _08/23/2004_

Insured _JOEY BARNES DBA BAD J TRUCKING_____    Expiration Date _Until Cancelled_

Issue Date _08/27/2004_ Authorized Signature _____

HORNER INSURANCE SERVICES, INC

**ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED**

## Canal Insurance Company

Greenville, South Carolina

Form E-1     **CHARGED**   AUG 3 0 ~~2004~~

ATTACH
Initials _____

(Rev. 12-1991)
4106222091

Copy of Image

# ENDORSEMENT

## GENERAL CHANGE

THE ANNUAL PREMIUM PER VEHICLE AND THE MONTHLY PREMIUM PER VEHICLE IS AMENDED FOR VEHICLES 1, 5.

PR 1 -

ADDITIONAL PREMIUM:    __SEE BELOW__                    RETURN PREMIUM: _____

3/28/2005 - 4/1/2005   Breakdown for policies under installment premium payment plan:
~~XXXXXXXXXXXXX~~   __1.00_____          ESCROW  DEPOSIT  ____20.00_____
The remaining __monthly__   installments due will change by __10.00__          from __994.00__
to____1,004.00_____ beginning with the Installment due ____4/1/2005____

Policy Number  __395497_____    Endorsement Effective Time 12:01 AM _____    Endorsement Effective Date __03/28/2005__

Insured  __JOEY BARNES DBA BAD J TRUCKING_____    Expiration Date  __Until Cancelled__

Issue Date  __03/31/2005__ Authorized Signature _____
                              HORNER INSURANCE SERVICES, INC

**ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED**

## Canal Insurance Company

Copy of Image

Form E-1                          Greenville, South Carolina                  (Rev. 12-1991)

4106245935

# Schedule of Equipment

*Copy of Image*

## Liability

| Vehicle # | Year/Trade Name/Model/Body Type | Radius (miles) | Garage Location | Premium |
|---|---|---|---|---|
| | Motor Vehicle Identification #(VIN) | | | Monthly Prem. |
| 1 | 1995 FREIGHTLINER TRACTOR<br>1FUYDZYB9SP557400 | UNLIMITED | IUKA, MS | $6,021.00<br>$502.00 |
| 5 | 1993 INTERNATIONAL TRACTOR<br>1MSRACAN3PH465116 | UNLIMITED | IUKA, MS | $6,021.00<br>$502.00 |

Policy Number  __395497__    Endorsement Effective Time 12:01 AM  _____    Endorsement Effective Date  __03/28/2005__

Insured   __JOEY BARNES DBA BAD J TRUCKING__

Expiration Date  __Until Cancelled__

Issue Date   __03/31/2005__ Authorized Signature  _____

HORNER INSURANCE SERVICES, INC

## ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED

# Canal Insurance Company

Greenville, South Carolina

*Copy of Image*

Form E-69L

(Rev. 12-1991)

4106245935

## ENDORSEMENT

---

### GENERAL CHANGE

IT IS HEREBY UNDERSTOOD AND AGREED THAT FORMS D-101 CL AND E-70 HAVE BEEN ADDED AND MADE A PART OF THE POLICY.  ALL OTHER TERMS AND CONDITIONS REMAIN THE SAME.

---

Policy Number __395497__    Endorsement Effective Time 12:01 AM _____    Endorsement Effective Date __03/28/2005__

Insured __JOEY BARNES DBA BAD J TRUCKING__    Expiration Date __Until Cancelled__

Issue Date __03/31/2005__ Authorized Signature _____
HORNER INSURANCE SERVICES, INC

**ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED**

## Canal Insurance Company

Greenville, South Carolina

Form E-1    (Rev. 12-1991)

4106245935

Copy of Image

CANAL

## CLAIMS REPORTING INFORMATION NOTICE

# 800-452-6911

**Online Claim reporting is also available at www.canal-ins.com**

**To All Canal Insureds:**

Many accidents result in damages which require immediate attention in order to prevent further loss. When a serious bodily injury, a hazardous spill which may impact the environment or damage to perishable cargo has occurred, please call the Canal Claims Reporting number listed above as soon as possible to report the claim.

When reporting a loss, please be prepared to give the following information:

* Insured name, driver and policy number
* Insured Vehicle Information (make, model and VIN)
* Exact location of the occurrence
* Description of the occurrence
* Type of loss and any environment affected
* Other persons or vehicles involved
* A contact number for someone at the scene

Please communicate these procedures to all drivers and claim reporting personnel. We appreciate your business and assistance in providing prompt notice of accidents.

D-101 CL

Copy of Image

(Rev. 1-2003)

4106245935

# ENDORSEMENT

## UNINSURED MOTORIST INSURANCE

### AMENDATORY ENDORSEMENT - MISSISSIPPI

### SECTION C - UNINSURED MOTORIST INSURANCE

**PART I**       **COVERAGE D -** Uninsured Motorists Coverage (Damages for Bodily Injury) shall also include **property damage** unless rejected.
The word damages is changed to compensatory damages.

**EXCLUSIONS:** Exclusion (b) is deleted.
The following are added:
(d) so as to inure directly or indirectly to the benefit of an insurer of property;
(e) to property contained in or struck by any vehicle owned by the **insured** or any **family member** which is not a covered auto;
(f) to the first $200 of **property damage** to the property of each **insured** as the result of any one **occurrence;**
(g) any person using a vehicle without a reasonable belief that said person is entitled to do so;
(h) to punitive or exemplary damages.

**PART II**      **PERSONS INSURED -** The following is added:
(d) any person using a covered owned **auto** with expressed or implied consent of the **named insured.**

**PART III**     **LIMITS OF LIABILITY -** The first paragraph and (a) and (b) are amended as follows:
Regardless of the number of covered **autos, insureds,** premiums paid, claims made or vehicles involved in the **occurrence,** the most we will pay for all damages resulting from any one **occurrence** is:
(a) The limit of UNINSURED MOTORISTS COVERAGE shown in the declarations. For the **named insured** and **family members** only, if there is more than one covered **auto,** our maximum Limit of Liability for any one **occurrence** is the sum of the limits for those **autos** owned by the **insured** which are covered **autos.**
(b) Any amount payable under the terms of this insurance because of **bodily injury** sustained in an **occurrence** by a person who is an **insured** under this coverage shall be reduced by:
(1) all sums paid on account of such **bodily injury** by or on behalf of
(i) the owner or operator of the **uninsured highway vehicle** and
(ii) any other person or organization jointly or severally liable together with such owner or operator for such **bodily injury,** including all sums paid under the bodily injury liability coverage of the policy, and
(2) the amount paid and the present value of all amounts payable on account of such **bodily injury** under any workmen's compensation law, disability benefits law or any similar law.
The following is added:
(e) The limit of liability stated in the declarations as applicable to "each occurrence" is subject to the "each person" limit stated in the declarations.

Page 1 of 2

Form E-70 MS

(Rev. 4-2002)

**PART V**   **ADDITIONAL DEFINITIONS - Uninsured Highway Vehicle** is replaced by the following:
**Uninsured Motor Vehicle** means a land motor vehicle or trailer:
(a) For which no liability bond or policy at the time of an **occurrence** provides at least the amounts required by the applicable law where a covered **auto** is principally garaged, or
(b) That is an underinsured motor vehicle. An underinsured motor vehicle is a motor vehicle or trailer for which the sum of all liability policies at the time of an **occurrence** provides at least the amounts required by the applicable law where a covered owned **auto** is principally garaged but their limits are less than the sum of:
    (1) the limit of liability for uninsured motorists coverage applicable to the vehicle the **insured** was **occupying** at the time of the **occurrence;** and
    (2) any other limit of liability for uninsured motorists coverage applicable to the **insured** as a **named insured** or **family member,** or
(c) For which the sum of all bonds or deposits of cash or securities at the time of an **occurrence** provides at least the amounts required by the applicable law where a covered **auto** is principally garaged but their limits are insufficient to pay the full amount the **insured** is legally entitled to recover as damages; or
(d) For which an insuring or bonding company denies coverage or is or becomes insolvent, or
(e) Which is a hit-and-run vehicle and neither the driver nor owner is identifiable. The vehicle must hit an **insured**, a covered **auto** or a vehicle an **insured** is **occupying.**

However, **uninsured motor vehicle** does not include any vehicle:
(1) Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer who is or becomes insolvent and cannot provide the amounts required by that motor vehicle law;
(2) Owned by a governmental unit or agency;
(3) Designed for use mainly off public roads while not on public roads.

**If property damage is chosen on the application and shown in the declarations, the following definitions for property damage are added:**
**"property damage" means injury to or destruction of:**
(a) A covered **auto,** or
(b) Property contained in the covered **auto** and owned by an **insured** or **family member,** or
(c) Property contained in the covered **auto** and owned by anyone else **occupying** the covered **auto.**

The following is added:
**"family member"** means a person related to the **insured** by blood, marriage or adoption who is a resident of **insured's** household, including a ward or foster child.

**PART VI**   **ADDITIONAL CONDITIONS - F. Arbitration** is deleted. The following is added:
**G. Trust Agreement:**
    (a) However, the company shall be entitled to recovery only after the **insured** has been fully compensated for damages.

Page 2 of 2

**ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED** - This endorsement is effective the same date and hour as shown in Item 2 of the Policy Declarations and forms a part of the policy to which it is attached.

# Canal Insurance Company
### Greenville, South Carolina

Form E-70 MS

(Rev.- 4-2002)

Copy of Image

# ENDORSEMENT

## GENERAL CHANGE

CANCELS PREVIOUS ENDORSEMENT - INCORRECT DATE USED.

Policy Number __395497__    Endorsement Effective Time ~~XXXXXX~~ __1:56 PM__    Endorsement Effective Date __04/01/2005__

Insured __JOEY BARNES DBA BAD J TRUCKING__    Expiration Date __Until Cancelled__

Issue Date __04/15/2005__ Authorized Signature _____
HORNER INSURANCE SERVICES, INC

**ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED**

## Canal Insurance Company

Greenville, South Carolina

Form E-1

Copy of Image

(Rev. 12-1991)

4106247370

# Status Summary Sheet

**Liability**

| Vehicle # | Year / Trade Name / Model / Body Type<br>Motor Vehicle Identification # (VIN) | Radius (miles)<br>Garage Location<br>Status | Limit of Liability | Monthly /<br>Annual<br>Premium |
|---|---|---|---|---|
| 1.0 | 1995 FREIGHTLINER TRACTOR<br>1FUYDZY89SP557400 | UNL<br>IUKA, MS | CSL/SPLIT 1,000,000<br>UM 25,000 | 497.00 /<br>5,964.00 |
| 1.1 | 1995 FREIGHTLINER TRACTOR<br>1FUYDZY89SP557400 | UNL<br>IUKA, MS<br>MODIFIED 4/11/2003<br>12:56 PM | CSL/SPLIT 1,000,000<br>UM 25,000 | -497.00 /<br>-5,964.00 |
| 1.2 | 1995 FREIGHTLINER TRACTOR<br>1FUYDZYB9SP557400 | UNL<br>IUKA, MS<br>MODIFIED 4/11/2003<br>12:56 PM | CSL/SPLIT 1,000,000<br>UM 25,000 | 497.00 /<br>5,964.00 |
| 1.3 | 1995 FREIGHTLINER TRACTOR<br>1FUYDZYB9SP557400 | UNL<br>IUKA, MS<br>MODIFIED 3/28/2005 | CSL/SPLIT 1,000,000<br>UM 25,000 | -497.00 /<br>-5,964.00 |
| 1.4 | 1995 FREIGHTLINER TRACTOR<br>1FUYDZYB9SP557400 | UNL<br>IUKA, MS<br>MODIFIED 3/28/2005 | CSL/SPLIT 1,000,000<br>UM 25,000 | 502.00 /<br>6,021.00 |
| 2.0 | ANY TRAILER WHILE SINGULARLY ATTACHED TO A<br>SCHEDULED TRACTOR | IUKA, MS | | |
| 3.0 | 1990 FORD TRACTOR<br>1FDXS95W0LVA26885 | UNL<br>IUKA, MS<br>ADDED 2/9/2004 1:48<br>PM | CSL/SPLIT 1,000,000<br>UM 25,000 | 497.00 /<br>5,964.00 |
| 3.1 | 1990 FORD  TRACTOR * LEASE TERMINATED<br>1FDXS95W0LVA26885 | UNL<br>IUKA, MS<br>DELETED 4/27/2004<br>12:00 PM | CSL/SPLIT 1,000,000<br>UM 25,000 | -497.00 /<br>-5,964.00 |
| 4.0 | 1990 INTERNATIONAL TRACTOR<br>1HSRAGXR6LH293269 | UNL<br>IUKA, MS<br>ADDED 10/15/2004<br>12:30 PM | CSL/SPLIT 1,000,000<br>UM 25,000 | 497.00 /<br>5,964.00 |
| 4.1 | 1990 INTERNATIONAL  TRACTOR * LEASE TERMINATED<br>1HSRAGXR6LH293269 | UNL<br>IUKA, MS<br>DELETED 1/3/2005<br>12:00 PM | CSL/SPLIT 1,000,000<br>UM 25,000 | -497.00 /<br>-5,964.00 |
| 5.0 | 1993 INTERNATIONAL TRACTOR<br>1MSRACAN3PH465116 | UNL<br>IUKA, MS<br>ADDED 11/10/2004<br>9:41 AM | CSL/SPLIT 1,000,000<br>UM 25,000 | 497.00 /<br>5,964.00 |

Policy Number    395497                     Filings    YES     Summary Issue Date    03/28/2005

Insured    JOEY BARNES DBA BAD J TRUCKING                                          Expiration Date    UNTIL CANCELLED

Issuing Agent    HORNER INSURANCE SERVICES, INC.

# Canal Insurance Company
### Greenville, South Carolina

Form E-69Ls

1 of 2

(Rev. 6-1998)

4106245935

# Status Summary Sheet                                          Liability

| Vehicle # | Year / Trade Name / Model / Body Type<br>Motor Vehicle Identification # (VIN) | Radius (miles)<br>Garage Location<br>Status | Limit of Liability | Monthly /<br>Annual<br>Premium |
|---|---|---|---|---|
| 5.1 | 1993 INTERNATIONAL TRACTOR<br>1MSRACAN3PH465116 | UNL<br>IUKA, MS<br>MODIFIED 3/28/2005 | CSL/SPLIT 1,000,000<br>UM 25,000 | -497.00 /<br>-5,964.00 |
| 5.2 | 1993 INTERNATIONAL TRACTOR<br>1MSRACAN3PH465116 | UNL<br>IUKA, MS<br>MODIFIED 3/28/2005 | CSL/SPLIT 1,000,000<br>UM 25,000 | 502.00 /<br>6,021.00 |

Policy Number ___395497___    Filings __YES__    Summary Issue Date ___03/28/2005___

Insured __JOEY BARNES DBA BAD J TRUCKING__    Expiration Date __UNTIL CANCELLED__

Issuing Agent __HORNER INSURANCE SERVICES, INC.__

# Canal Insurance Company
### Greenville, South Carolina

Form E-69Ls

2 of 2

(Rev. 6-1998)

4106245935

Copy of Image

## Change of Vehicle Endorsement — Liability

It is agreed that policy to which this endorsement is attached is amended
**(1) to EXCLUDE coverage on the following described vehicle(s).**

| Vehicle # | Year/ Trade Name/Model/ Body Type | Motor Vehicle Identification # | Annual Premium |
|---|---|---|---|
| 5 | 1993 INTERNATIONAL  TRACTOR * LEASE TERMINATED | 1MSRACAN3PH465116 | -6,021.00 |

**(2) to INCLUDE coverage on the following described vehicle(s).**

| Vehicle # | Year/Trade Name/Model/Body Type  Motor Vehicle Identification #(VIN) | Radius (miles) | Garage Location | Annual Premium |
|---|---|---|---|---|
| | | | | |

PR 1

ADDITIONAL PREMIUM: _____     RETURN PREMIUM: _SEE BELOW_

4/1/2005 - 5/1/2005 Breakdown for policies under installment premium payment plan:
XXXXXXXXXXXXX   -502.00                ESCROW  DEPOSIT   -1,004.00
The remaining   monthly   installments due will change by   -502.00         from   1,004.00
to     502.00            beginning with the Installment due     5/1/2005

Policy Number __395497_____   Endorsement Effective Time XXXXXXX 1:56 PM___   Endorsement Effective Date _04/01/2005_

Insured _JOEY BARNES DBA BAD J TRUCKING_____   Expiration Date _Until Cancelled_

Issue Date _04/04/2005 Authorized Signature _____
HORNER INSURANCE SERVICES, INC
**ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED**

# Canal Insurance Company

Greenville, South Carolina

Copy of Image

Form E-3L                                                    (Rev. 4-1994)

4106246167

# Status Summary Sheet

**Liability**

| Vehicle # | Year / Trade Name / Model / Body Type<br>Motor Vehicle Identification # (VIN) | Radius (miles)<br>Garage Location<br>Status | Limit of Liability | Monthly / Annual Premium |
|---|---|---|---|---|
| 1.0 | 1995 FREIGHTLINER TRACTOR<br>1FUYDZY89SP557400 | UNL<br>IUKA, MS | CSL/SPLIT 1,000,000<br>UM 25,000 | 497.00 /<br>5,964.00 |
| 1.1 | 1995 FREIGHTLINER TRACTOR<br>1FUYDZY89SP557400 | UNL<br>IUKA, MS<br>MODIFIED 4/11/2003<br>12:56 PM | CSL/SPLIT 1,000,000<br>UM 25,000 | -497.00 /<br>-5,964.00 |
| 1.2 | 1995 FREIGHTLINER TRACTOR<br>1FUYDZYB9SP557400 | UNL<br>IUKA, MS<br>MODIFIED 4/11/2003<br>12:56 PM | CSL/SPLIT 1,000,000<br>UM 25,000 | 497.00 /<br>5,964.00 |
| 1.3 | 1995 FREIGHTLINER TRACTOR<br>1FUYDZYB9SP557400 | UNL<br>IUKA, MS<br>MODIFIED 3/28/2005 | CSL/SPLIT 1,000,000<br>UM 25,000 | -497.00 /<br>-5,964.00 |
| 1.4 | 1995 FREIGHTLINER TRACTOR<br>1FUYDZYB9SP557400 | UNL<br>IUKA, MS<br>MODIFIED 3/28/2005 | CSL/SPLIT 1,000,000<br>UM 25,000 | 502.00 /<br>6,021.00 |
| 2.0 | ANY TRAILER WHILE SINGULARLY ATTACHED TO A SCHEDULED TRACTOR | IUKA, MS | | |
| 3.0 | 1990 FORD TRACTOR<br>1FDXS95W0LVA26885 | UNL<br>IUKA, MS<br>ADDED 2/9/2004 1:48 PM | CSL/SPLIT 1,000,000<br>UM 25,000 | 497.00 /<br>5,964.00 |
| 3.1 | 1990 FORD TRACTOR * LEASE TERMINATED<br>1FDXS95W0LVA26885 | UNL<br>IUKA, MS<br>DELETED 4/27/2004<br>12:00 PM | CSL/SPLIT 1,000,000<br>UM 25,000 | -497.00 /<br>-5,964.00 |
| 4.0 | 1990 INTERNATIONAL TRACTOR<br>1HSRAGXR6LH293269 | UNL<br>IUKA, MS<br>ADDED 10/15/2004<br>12:30 PM | CSL/SPLIT 1,000,000<br>UM 25,000 | 497.00 /<br>5,964.00 |
| 4.1 | 1990 INTERNATIONAL TRACTOR * LEASE TERMINATED<br>1HSRAGXR6LH293269 | UNL<br>IUKA, MS<br>DELETED 1/3/2005<br>12:00 PM | CSL/SPLIT 1,000,000<br>UM 25,000 | -497.00 /<br>-5,964.00 |
| 5.0 | 1993 INTERNATIONAL TRACTOR<br>1MSRACAN3PH465116 | UNL<br>IUKA, MS<br>ADDED 11/10/2004<br>9:41 AM | CSL/SPLIT 1,000,000<br>UM 25,000 | 497.00 /<br>5,964.00 |

Policy Number ___395497___    Filings __YES__    Summary Issue Date __04/01/2005__

Insured __JOEY BARNES DBA BAD J TRUCKING__    Expiration Date __UNTIL CANCELLED__

Issuing Agent __HORNER INSURANCE SERVICES, INC.__

# Canal Insurance Company

Greenville, South Carolina

1 of 2

Form E-69Ls

(Rev. 6-1998)

4106246167

# Status Summary Sheet

Copy of Image

# Liability

| Vehicle # | Year / Trade Name / Model / Body Type | Radius (miles) | Limit of Liability | Monthly / Annual Premium |
|---|---|---|---|---|
| | Motor Vehicle Identification # (VIN) | Garage Location | | |
| | | Status | | |
| 5.1 | 1993 INTERNATIONAL TRACTOR<br>1MSRACAN3PH465116 | UNL<br>IUKA, MS<br>MODIFIED 3/28/2005 | CSL/SPLIT 1,000,000<br>UM 25,000 | -497.00 /<br>-5,964.00 |
| 5.2 | 1993 INTERNATIONAL TRACTOR<br>1MSRACAN3PH465116 | UNL<br>IUKA, MS<br>MODIFIED 3/28/2005 | CSL/SPLIT 1,000,000<br>UM 25,000 | 502.00 /<br>6,021.00 |
| 5.3 | 1993 INTERNATIONAL  TRACTOR * LEASE TERMINATED<br>1MSRACAN3PH465116 | UNL<br>IUKA, MS<br>DELETED 4/1/2005<br>1:56 PM | CSL/SPLIT 1,000,000<br>UM 25,000 | -502.00 /<br>-6,021.00 |

Policy Number ___395497___    Filings __YES__    Summary Issue Date __04/01/2005__

Insured __JOEY BARNES DBA BAD J TRUCKING__    Expiration Date __UNTIL CANCELLED__

Issuing Agent __HORNER INSURANCE SERVICES, INC.__

# Canal Insurance Company
### Greenville, South Carolina

Copy of Image

2 of 2

# Change of Vehicle Endorsement – Liability

It is agreed that policy to which this endorsement is attached is amended
**(1) to EXCLUDE coverage on the following described vehicle(s).**

| Vehicle # | Year/ Trade Name/Model/ Body Type | Motor Vehicle Identification # | Annual Premium |
|---|---|---|---|
| 5 | 1993 INTERNATIONAL  TRACTOR * LEASE TERMINATED | 1MSRACAN3PH465116 | -6,021.00 |
| | | | |

**(2) to INCLUDE coverage on the following described vehicle(s).**

| Vehicle # | Year/Trade Name/Model/Body Type    Motor Vehicle Identification #(VIN) | Radius (miles) | Garage Location | Annual Premium |
|---|---|---|---|---|
| | | | | |

PR 1 -

ADDITIONAL PREMIUM: _____          RETURN PREMIUM: __SEE BELOW__

| 4/2/2005 – 5/1/2005 | Breakdown for policies under installment premium payment plan: |
|---|---|

XXXXXXXXXXXX   -485.00 _____          ESCROW  DEPOSIT _____-1,004.00

The remaining __monthly__ installments due will change by __-502.00_____ from__ 1,004.00 ___

to____502.00_____ beginning with the Installment due ____5/1/2005___

Policy Number __395497____    Endorsement Effective Time 12:01 AM _____    Endorsement Effective Date _04/02/2005_

Insured __JOEY BARNES DBA BAD J TRUCKING_____    Expiration Date _Until Cancelled_

Issue Date __04/15/2005_ Authorized Signature _____

HORNER INSURANCE SERVICES, INC

**ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED**

# Canal Insurance Company

Greenville, South Carolina

Form E-3L                                                                              (Rev. 4-1994)



4106247370

# Status Summary Sheet

**Liability**

| Vehicle # | Year / Trade Name / Model / Body Type<br>Motor Vehicle Identification # (VIN) | Radius (miles)<br>Garage Location<br>Status | Limit of Liability | Monthly / Annual Premium |
|---|---|---|---|---|
| 1.0 | 1995 FREIGHTLINER TRACTOR<br>1FUYDZY89SP557400 | UNL<br>IUKA, MS | CSL/SPLIT 1,000,000<br>UM 25,000 | 497.00 /<br>5,964.00 |
| 1.1 | 1995 FREIGHTLINER TRACTOR<br>1FUYDZY89SP557400 | UNL<br>IUKA, MS<br>MODIFIED 4/11/2003<br>12:56 PM | CSL/SPLIT 1,000,000<br>UM 25,000 | -497.00 /<br>-5,964.00 |
| 1.2 | 1995 FREIGHTLINER TRACTOR<br>1FUYDZYB9SP557400 | UNL<br>IUKA, MS<br>MODIFIED 4/11/2003<br>12:56 PM | CSL/SPLIT 1,000,000<br>UM 25,000 | 497.00 /<br>5,964.00 |
| 1.3 | 1995 FREIGHTLINER TRACTOR<br>1FUYDZYB9SP557400 | UNL<br>IUKA, MS<br>MODIFIED 3/28/2005 | CSL/SPLIT 1,000,000<br>UM 25,000 | -497.00 /<br>-5,964.00 |
| 1.4 | 1995 FREIGHTLINER TRACTOR<br>1FUYDZYB9SP557400 | UNL<br>IUKA, MS<br>MODIFIED 3/28/2005 | CSL/SPLIT 1,000,000<br>UM 25,000 | 502.00 /<br>6,021.00 |
| 2.0 | ANY TRAILER WHILE SINGULARLY ATTACHED TO A SCHEDULED TRACTOR | IUKA, MS | | |
| 3.0 | 1990 FORD TRACTOR<br>1FDXS95W0LVA26885 | UNL<br>IUKA, MS<br>ADDED 2/9/2004 1:48 PM | CSL/SPLIT 1,000,000<br>UM 25,000 | 497.00 /<br>5,964.00 |
| 3.1 | 1990 FORD  TRACTOR * LEASE TERMINATED<br>1FDXS95W0LVA26885 | UNL<br>IUKA, MS<br>DELETED 4/27/2004<br>12:00 PM | CSL/SPLIT 1,000,000<br>UM 25,000 | -497.00 /<br>-5,964.00 |
| 4.0 | 1990 INTERNATIONAL TRACTOR<br>1HSRAGXR6LH293269 | UNL<br>IUKA, MS<br>ADDED 10/15/2004<br>12:30 PM | CSL/SPLIT 1,000,000<br>UM 25,000 | 497.00 /<br>5,964.00 |
| 4.1 | 1990 INTERNATIONAL  TRACTOR * LEASE TERMINATED<br>1HSRAGXR6LH293269 | UNL<br>IUKA, MS<br>DELETED 1/3/2005<br>12:00 PM | CSL/SPLIT 1,000,000<br>UM 25,000 | -497.00 /<br>-5,964.00 |
| 5.0 | 1993 INTERNATIONAL TRACTOR<br>1MSRACAN3PH465116 | UNL<br>IUKA, MS<br>ADDED 11/10/2004<br>9:41 AM | CSL/SPLIT 1,000,000<br>UM 25,000 | 497.00 /<br>5,964.00 |

Policy Number ___395497___    Filings __YES__    Summary Issue Date __04/02/2005__

Insured  __JOEY BARNES DBA BAD J TRUCKING__    Expiration Date  __UNTIL CANCELLED__

Issuing Agent  __HORNER INSURANCE SERVICES, INC.__

# Canal Insurance Company
Greenville, South Carolina

1 of 2

Form E-69Ls

(Rev. 6-1998)

4106247370

# Status Summary Sheet                                                                      Liability

Copy of Image

| Vehicle # | Year / Trade Name / Model / Body Type<br>Motor Vehicle Identification # (VIN) | Radius (miles)<br>Garage Location<br>Status | Limit of Liability | Monthly /<br>Annual<br>Premium |
|---|---|---|---|---|
| 5.1 | 1993 INTERNATIONAL TRACTOR<br>1MSRACAN3PH465116 | UNL<br>IUKA, MS<br>MODIFIED 3/28/2005 | CSL/SPLIT 1,000,000<br>UM 25,000 | -497.00 /<br>-5,964.00 |
| 5.2 | 1993 INTERNATIONAL TRACTOR<br>1MSRACAN3PH465116 | UNL<br>IUKA, MS<br>MODIFIED 3/28/2005 | CSL/SPLIT 1,000,000<br>UM 25,000 | 502.00 /<br>6,021.00 |
| 5.3 | 1993 INTERNATIONAL  TRACTOR * LEASE TERMINATED<br>1MSRACAN3PH465116 | UNL<br>IUKA, MS<br>DELETED 4/1/2005<br>1:56 PM | CSL/SPLIT 1,000,000<br>UM 25,000 | -502.00 /<br>-6,021.00 |
| 5.4 | 1993 INTERNATIONAL  TRACTOR<br>1MSRACAN3PH465116 | UNL<br>IUKA, MS<br>ADDED 4/1/2005 1:56<br>PM | CSL/SPLIT 1,000,000<br>UM 25,000 | 502.00 /<br>6,021.00 |
| 5.5 | 1993 INTERNATIONAL  TRACTOR * LEASE TERMINATED<br>1MSRACAN3PH465116 | UNL<br>IUKA, MS<br>DELETED 4/2/2005 | CSL/SPLIT 1,000,000<br>UM 25,000 | -502.00 /<br>-6,021.00 |

Policy Number ___395497_____    Filings __YES__   Summary Issue Date ___04/02/2005_____

Insured __JOEY BARNES DBA BAD J TRUCKING_____    Expiration Date __UNTIL CANCELLED__

Issuing Agent __HORNER INSURANCE SERVICES, INC._____

# Canal Insurance Company
## Greenville, South Carolina

Copy of Image

2 of 2

Form E-69Ls                                                                                     (Rev. 6-1998)

4106247370

## NOTICE OF CANCELLATION

| | |
|---|---|
| Insurance Company | CANAL INSURANCE COMPANY<br>PO BOX 7<br>GREENVILLE, S.C. 29602 |

| | | |
|---|---|---|
| Kind of Policy: | **LIABILITY** | |
| Policy No. | **395497** | Effective: 3/28/2003 |
| Cancellation will take effect at: | | |
| 3/28/2005<br>(Date) | 12:01 A.M.<br>(Hour-Standard Time at Insured's Address) | |
| Date of Mailing: | 2/15/2005 | |
| Issued through Agency or Office at: MEMPHIS, TN | | |
| Agent of Insured: | TRANSPORTATION INSURANCE SERVICES | |

| | |
|---|---|
| Name and Address of Insured<br>395497 | JOEY BARNES DBA BAD J TRUCKING<br>45 CR 229<br>IUKA, MS 38852 |

You are hereby notified in accordance with the terms and conditions of the above mentioned policy, and in accordance with law, that your insurance will cease at and from the hour and date mentioned above.  The return premium, if any, will be refunded as soon as practicable by the agent from whom the policy was purchased.  This cancellation can be rescinded only by written notice to you signed by a company representative.

REASON FOR CANCELLATION:  COMPANY REQUEST:  POLICY BEING REWRITTEN
POLICY TO BE CANCELLED AT ANNIVERSARY OF 3/28/05 DUE TO NEW
CARGO COVERAGE FORMS.

| | |
|---|---|
| Agent of Insured | TRANSPORTATION INSURANCE SERVICES<br>P O BOX 328<br>BOONEVILLE MS 38829 |

*Linda J. Hogan*
Authorized Representative
Linda J. Hogan  bb/ 2/15/2005

TO LIENHOLDER, MORTGAGEE, CITY LICENSE AUTHORITY OR ASSIGNED RISK PLAN, OR OTHER THIRD PARTY:
You are hereby notified that the agreement under the Loss Payable Clause payable to you as Lienholder or the agreement to provide notice, which is a part of the above policy, issued to the above insured, is hereby cancelled in accordance with the conditions of the policy, said cancellation to be effective on and after the hour and date mentioned above.

| | |
|---|---|
| General Agent | HORNER INSURANCE SERVICES, INC.<br>5101 WHEELIS, SUITE 214<br>MEMPHIS,TN 38117 |

Authorized Representative

Form D-58-p    HO?Set    FILING?    (Rev. 2-1999)

4106241972



Policy Number:  395497

Insured Name:   JOEY BARNES DBA BAD J TRUCKING

I hereby certify that I personally caused to be mailed in the U.S. Post Office at MEMPHIS, TN on the Date of Mailing above at 10:24 AM , the original notice of cancellation reproduced on page 1 and at said time received from the U.S. Post Office a Postal Receipt maintained as business records of the Company.  I also caused to be mailed Third Party Notices to those shown below.

Signed:  _Linda J. Hogan_

Notices sent to: (* denotes Certificate of Mailing;   ** denotes Certified Mail)

  *JOEY BARNES DBA BAD J TRUCKING, 45 CR 229, IUKA, MS 38852
   HORNER INSURANCE SERVICES, INC., 5101 WHEELIS, SUITE 214, MEMPHIS TN 38117
   TRANSPORTATION INSURANCE SERVICES, P O BOX 328, BOONEVILLE MS 38829
  *Alternate Address  -  JOEY BARNES DBA BAD J TRUCKING - 1180-A LAIR LANE - CHEROKEE, AL 35616
  *Alternate Address  -  JOEY BARNES DBA BAD J TRUCKING - PO BOX 575 - BOONEVILLE, MS 38829

Form D-58

(Rev. 2-1999)

4106241972

Copy of Image

## NOTICE OF CANCELLATION

| | |
|---|---|
| Insurance Company | CANAL INSURANCE COMPANY<br>PO BOX 7<br>GREENVILLE, S.C. 29602 |

| | |
|---|---|
| Kind of Policy: | **LIABILITY** |
| Policy No. | **395497**     Effective: 3/28/2003 |
| Cancellation will take effect at:<br>3/28/2005                    12:01 A.M.<br>(Date)         (Hour-Standard Time at Insured's Address) | |
| Date of Mailing: | 2/15/2005 |
| Issued through Agency or Office at: MEMPHIS, TN | |
| Agent of Insured: | TRANSPORTATION INSURANCE SERVICES |

Name and Address of Insured
395497

JOEY BARNES DBA BAD J TRUCKING
45 CR 229
IUKA, MS 38852

You are hereby notified in accordance with the terms and conditions of the above mentioned policy, and in accordance with law, that your insurance will cease at and from the hour and date mentioned above. The return premium, if any, will be refunded as soon as practicable by the agent from whom the policy was purchased. This cancellation can be rescinded only by written notice to you signed by a company representative.

REASON FOR CANCELLATION:    COMPANY REQUEST:  POLICY BEING REWRITTEN
POLICY TO BE CANCELLED AT ANNIVERSARY OF 3/28/05 DUE TO NEW
CARGO COVERAGE FORMS.

Agent of Insured

TRANSPORTATION INSURANCE SERVICES
P O BOX 328
BOONEVILLE MS 38829

*Linda J. Hogan*
Authorized Representative
Linda J. Hogan  bb/ 2/15/2005

TO LIENHOLDER, MORTGAGEE, CITY LICENSE AUTHORITY OR ASSIGNED RISK PLAN, OR OTHER THIRD PARTY:
You are hereby notified that the agreement under the Loss Payable Clause payable to you as Lienholder or the agreement to provide notice, which is a part of the above policy, issued to the above insured, is hereby cancelled in accordance with the conditions of the policy, said cancellation to be effective on and after the hour and date mentioned above.

Authorized Representative

Copy of Image    Insured Copy

Form D-58-p

(Rev. 2-1999)

4106241972

Copy of Image

~NOTICE OF CANCELLATION~

| Insurance Company | CANAL INSURANCE COMPANY<br>PO BOX 7<br>GREENVILLE, S.C. 29602 |
|---|---|

| Kind of Policy: | LIABILITY | |
|---|---|---|
| Policy No. | 395497 | Effective: 3/28/2003 |
| Cancellation will take effect at:<br>3/28/2005       12:01 A.M.<br>(Date)     (Hour-Standard Time at Insured's Address) | | |
| Date of Mailing: | 2/15/2005 | |
| Issued through Agency or Office at: MEMPHIS, TN | | |
| Agent of Insured: | TRANSPORTATION INSURANCE SERVICES | |

**Name and Address of Insured**
395497

JOEY BARNES DBA BAD J TRUCKING
45 CR 229
IUKA, MS 38852

You are hereby notified in accordance with the terms and conditions of the above mentioned policy, and in accordance with law, that your insurance will cease at and from the hour and date mentioned above. The return premium, if any, will be refunded as soon as practicable by the agent from whom the policy was purchased. This cancellation can be rescinded only by written notice to you signed by a company representative.

REASON FOR CANCELLATION:  COMPANY REQUEST:  POLICY BEING REWRITTEN
POLICY TO BE CANCELLED AT ANNIVERSARY OF 3/28/05 DUE TO NEW
CARGO COVERAGE FORMS.

| General Agent | HORNER INSURANCE SERVICES, INC.<br>5101 WHEELIS, SUITE 214<br>MEMPHIS TN 38117 |
|---|---|

*Linda J. Hogan*
Authorized Representative
Linda J. Hogan  bb/  2/15/2005

TO LIENHOLDER, MORTGAGEE, CITY LICENSE AUTHORITY OR ASSIGNED RISK PLAN, OR OTHER THIRD PARTY:
You are hereby notified that the agreement under the Loss Payable Clause payable to you as Lienholder or the agreement to provide notice, which is a part of the above policy, issued to the above insured, is hereby cancelled in accordance with the conditions of the policy, said cancellation to be effective on and after the hour and date mentioned above.

| Agent of Insured | TRANSPORTATION INSURANCE SERVICES<br>P O BOX 328<br>BOONEVILLE MS 38829 |
|---|---|

Authorized Representative

Copy of Image

Form D-58-p

Producing Agent Copy

(Rev. 2-1999)

4106241972

Policy Number:  395407

Insured Name:    JOEY BARNES DBA BAD J TRUCKING

Copy of Image

I hereby certify that I personally caused to be mailed in the U.S. Post Office at MEMPHIS, TN on the Date of Mailing above at 10:24 AM , the original notice of cancellation reproduced on page 1 and at said time received from the U.S. Post Office a Postal Receipt maintained as business records of the Company.  I also caused to be mailed Third Party Notices to those shown below.

Signed: _Linda J. Hogan_

Notices sent to: (* denotes Certificate of Mailing;   ** denotes Certified Mail)

*JOEY BARNES DBA BAD J TRUCKING, 45 CR 229, IUKA, MS 38852

HORNER INSURANCE SERVICES, INC., 5101 WHEELIS, SUITE 214, MEMPHIS TN 38117

TRANSPORTATION INSURANCE SERVICES, P O BOX 328, BOONEVILLE MS 38829

*Alternate Address  -  JOEY BARNES DBA BAD J TRUCKING - 1180-A LAIR LANE - CHEROKEE, AL 35616

*Alternate Address  -  JOEY BARNES DBA BAD J TRUCKING - PO BOX 575 - BOONEVILLE, MS 38829

Copy of Image

Form D-58

(Rev. 2-1999)

4106241972

Copy of Image

NOTICE OF CANCELLATION

| Insurance Company | CANAL INSURANCE COMPANY<br>PO BOX 7<br>GREENVILLE, S.C. 29602 |
|---|---|

| Kind of Policy: | LIABILITY | |
|---|---|---|
| Policy No. | 395497 | Effective: 3/28/2003 |
| Cancellation will take effect at:<br>3/28/2005 (Date) | 12:01 A.M.<br>(Hour-Standard Time at Insured's Address) | |
| Date of Mailing: | 2/15/2005 | |
| Issued through Agency or Office at: MEMPHIS, TN | | |
| Agent of Insured: | TRANSPORTATION INSURANCE SERVICES | |

| Name and Address of Insured<br>395497 | JOEY BARNES DBA BAD J TRUCKING<br>45 CR 229<br>IUKA, MS 38852 |
|---|---|

You are hereby notified in accordance with the terms and conditions of the above mentioned policy, and in accordance with law, that your insurance will cease at and from the hour and date mentioned above. The return premium, if any, will be refunded as soon as practicable by the agent from whom the policy was purchased. This cancellation can be rescinded only by written notice to you signed by a company representative.

| Agent of Insured | TRANSPORTATION INSURANCE SERVICES<br>P O BOX 328<br>BOONEVILLE MS 38829 | |
|---|---|---|
| | | Authorized Representative |

TO LIENHOLDER, MORTGAGEE, CITY LICENSE AUTHORITY OR ASSIGNED RISK PLAN, OR OTHER THIRD PARTY:
You are hereby notified that the agreement under the Loss Payable Clause payable to you as Lienholder or the agreement to provide notice, which is a part of the above policy, issued to the above insured, is hereby cancelled in accordance with the conditions of the policy, said cancellation to be effective on and after the hour and date mentioned above.

ALTERNATE ADDRESS
JOEY BARNES DBA BAD J TRUCKING
1180-A LAIR LANE
CHEROKEE, AL 35616

*Linda J. Hogan*
Authorized Representative

Copy of Image

Form D-58-p                    3rd Party Copy                    (Rev. 2-1999)

4106241972

NOTICE OF CANCELLATION

| Insurance Company | CANAL INSURANCE COMPANY<br>PO BOX 7<br>GREENVILLE, S.C. 29602 |
|---|---|

| Kind of Policy: | LIABILITY | |
|---|---|---|
| Policy No. | 395497 | Effective: 3/28/2003 |
| Cancellation will take effect at:<br>3/28/2005      12:01 A.M.<br>(Date)     (Hour-Standard Time at Insured's Address) | | |
| Date of Mailing: | 2/15/2005 | |
| Issued through Agency or Office at: MEMPHIS, TN | | |
| Agent of Insured: | TRANSPORTATION INSURANCE SERVICES | |

**Name and Address of Insured**
395497

JOEY BARNES DBA BAD J TRUCKING
45 CR 229
IUKA, MS 38852

You are hereby notified in accordance with the terms and conditions of the above mentioned policy, and in accordance with law, that your insurance will cease at and from the hour and date mentioned above. The return premium, if any, will be refunded as soon as practicable by the agent from whom the policy was purchased. This cancellation can be rescinded only by written notice to you signed by a company representative.

**Agent of Insured**
TRANSPORTATION INSURANCE SERVICES
P O BOX 328
BOONEVILLE MS 38829

_____
Authorized Representative

TO LIENHOLDER, MORTGAGEE, CITY LICENSE AUTHORITY OR ASSIGNED RISK PLAN, OR OTHER THIRD PARTY:
You are hereby notified that the agreement under the Loss Payable Clause payable to you as Lienholder or the agreement to provide notice, which is a part of the above policy, issued to the above insured, is hereby cancelled in accordance with the conditions of the policy, said cancellation to be effective on and after the hour and date mentioned above.

ALTERNATE ADDRESS
JOEY BARNES DBA BAD J TRUCKING
PO BOX 575
BOONEVILLE, MS 38829

*Linda J. Hogan*
Authorized Representative

Form D-58-p                 3rd Party Copy                 (Rev. 2-1999)

4106241972

NOTICE OF CANCELLATION

| | | |
|---|---|---|
| Insurance Company | CANAL INSURANCE COMPANY<br>PO BOX 7<br>GREENVILLE, S.C. 29602 | |

| Kind of Policy: | LIABILITY | |
|---|---|---|
| Policy No. | 395497 | Effective: 3/28/2003 |

Cancellation will take effect at:
3/28/2005                     12:01 A.M.
(Date)        (Hour-Standard Time at Insured's Address)

| Date of Mailing: | 2/15/2005 |
|---|---|

Issued through Agency or Office at: MEMPHIS, TN

| Agent of Insured: | TRANSPORTATION INSURANCE SERVICES |
|---|---|

**Name and Address of Insured**
395497

JOEY BARNES DBA BAD J TRUCKING
45 CR 229
IUKA, MS 38852

You are hereby notified in accordance with the terms and conditions of the above mentioned policy, and in accordance with law, that your insurance will cease at and from the hour and date mentioned above.  The return premium, if any, will be refunded as soon as practicable by the agent from whom the policy was purchased.  This cancellation can be rescinded only by written notice to you signed by a company representative.

REASON FOR CANCELLATION:  COMPANY REQUEST:  POLICY BEING REWRITTEN
POLICY TO BE CANCELLED AT ANNIVERSARY OF 3/28/05 DUE TO NEW
CARGO COVERAGE FORMS.

| | |
|---|---|
| Agent of Insured | TRANSPORTATION INSURANCE SERVICES<br>P O BOX 328<br>BOONEVILLE MS 38829 |

*Linda J. Hogan*
Authorized Representative
Linda J. Hogan  bb/ 2/15/2005

TO LIENHOLDER, MORTGAGEE, CITY LICENSE AUTHORITY OR ASSIGNED RISK PLAN, OR OTHER THIRD PARTY:
You are hereby notified that the agreement under the Loss Payable Clause payable to you as Lienholder or the agreement to provide notice, which is a part of the above policy, issued to the above insured, is hereby cancelled in accordance with the conditions of the policy, said cancellation to be effective on and after the hour and date mentioned above.

| | |
|---|---|
| General Agent | HORNER INSURANCE SERVICES, INC.<br>5101 WHEELIS, SUITE 214<br>MEMPHIS, TN 38117 |

Authorized Representative

Form D-58-p                    General Agent Copy                    (Rev. 2-1999)

4106241972

Policy Number:  395467

Insured Name:    JOEY BARNES DBA BAD J TRUCKING

I hereby certify that I personally caused to be mailed in the U.S. Post Office at MEMPHIS, TN on the Date of Mailing above at 10:24 AM , the original notice of cancellation reproduced on page 1 and at said time received from the U.S. Post Office a Postal Receipt maintained as business records of the Company.  I also caused to be mailed Third Party Notices to those shown below.

Signed:  _Linda J. Hogan_

Notices sent to: (* denotes Certificate of Mailing;   ** denotes Certified Mail)

   *JOEY BARNES DBA BAD J TRUCKING, 45 CR 229, IUKA, MS 38852
    HORNER INSURANCE SERVICES, INC., 5101 WHEELIS, SUITE 214, MEMPHIS TN 38117
    TRANSPORTATION INSURANCE SERVICES, P O BOX 328, BOONEVILLE MS 38829
   *Alternate Address  -  JOEY BARNES DBA BAD J TRUCKING - 1180-A LAIR LANE - CHEROKEE, AL 35616
   *Alternate Address  -  JOEY BARNES DBA BAD J TRUCKING - PO BOX 575 - BOONEVILLE, MS 38829

Form D-58

(Rev. 2-1999)

4106241972

Copy of Image

| Policy Number | Effective Date of Cancellation | Effective Date of Reinstatement | Date of Notice |
|---|---|---|---|
| 395497 | 3/28/2005 | 2/16/2005 | 2/16/2005 |

## NOTICE OF REINSTATEMENT

THE CANCELLATION NOTICE TERMINATING THIS POLICY ON THE DATE SHOWN IS HEREBY RESCINDED AND THE POLICY IS REINSTATED ON THE DATE OF REINSTATEMENT INDICATED.

INSURED:
JOEY BARNES DBA BAD J TRUCKING
45 CR 229
IUKA, MS 38852



_____
Authorized Representative

AGENT:
HORNER INSURANCE SERVICES, INC.
5101 WHEELIS, SUITE 214
MEMPHIS, TN 38117

# CANAL
## INSURANCE
BOX 7    GREENVILLE, SOUTH CAROLINA  29602

Insured Copy

City License Authority or Loss Payee:

Copy of Image

Form D-8

(Rev. 3-2002)

4106242084

Copy of Image

## NOTICE OF REINSTATEMENT

| Policy Number | Effective Date of Cancellation | Effective Date of Reinstatement | Date of Notice |
|---|---|---|---|
| 395497 | 3/28/2005 | 2/16/2005 | 2/16/2005 |

THE CANCELLATION NOTICE TERMINATING THIS POLICY ON THE DATE SHOWN IS HEREBY RESCINDED AND THE POLICY IS REINSTATED ON THE DATE OF REINSTATEMENT INDICATED.

INSURED:

JOEY BARNES DBA BAD J TRUCKING
45 CR 229
IUKA, MS 38852

_Em P. Howard_
Authorized Representative

AGENT:

HORNER INSURANCE SERVICES, INC.
5101 WHEELIS, SUITE 214
MEMPHIS, TN 38117



CANAL
INSURANCE
BOX 7   GREENVILLE, SOUTH CAROLINA  29602

Producing Agent Copy

*Alternate Address  -  JOEY BARNES DBA BAD J TRUCKING - 1180-A LAIR LANE - CHEROKEE, AL 35616
*Alternate Address  -  JOEY BARNES DBA BAD J TRUCKING - PO BOX 575 - BOONEVILLE, MS 38829

City License Authority or Loss Payee:

TRANSPORTATION INSURANCE SERVICES
P O BOX 328
BOONEVILLE MS 38829

Copy of Image

Form D-8

(Rev. 3-2002)

4106242084

Copy of Image

## NOTICE OF REINSTATEMENT

| Policy Number | Effective Date of Cancellation | Effective Date of Reinstatement | Date of Notice |
|---|---|---|---|
| 395497 | 3/28/2005 | 2/16/2005 | 2/16/2005 |

THE CANCELLATION NOTICE TERMINATING THIS
POLICY ON THE DATE SHOWN IS HEREBY RESCINDED
AND THE POLICY IS REINSTATED ON THE DATE OF
REINSTATEMENT INDICATED.

INSURED:

JOEY BARNES DBA BAD J TRUCKING
45 CR 229
IUKA, MS 38852



Authorized Representative

AGENT:

HORNER INSURANCE SERVICES, INC.
5101 WHEELIS, SUITE 214
MEMPHIS, TN 38117

## CANAL
## INSURANCE
BOX 7   GREENVILLE, SOUTH CAROLINA  29602

3rd Party Copy

City License Authority or Loss Payee:

JOEY BARNES DBA BAD J TRUCKING
1180-A LAIR LANE
CHEROKEE, AL 35616

Form D-8

Copy of Image

(Rev. 3-2002)

4106242084

Copy of Image

| Policy Number | Effective Date of Cancellation | Effective Date of Reinstatement | Date of Notice |
|---|---|---|---|
| 395497 | 3/28/2005 | 2/16/2005 | 2/16/2005 |

## NOTICE OF REINSTATEMENT

**THE CANCELLATION NOTICE TERMINATING THIS POLICY ON THE DATE SHOWN IS HEREBY RESCINDED AND THE POLICY IS REINSTATED ON THE DATE OF REINSTATEMENT INDICATED.**

INSURED:

JOEY BARNES DBA BAD J TRUCKING
45 CR 229
IUKA, MS 38852

_____
Authorized Representative

AGENT:

HORNER INSURANCE SERVICES, INC.
5101 WHEELIS, SUITE 214
MEMPHIS, TN 38117



# CANAL
## INSURANCE
BOX 7   GREENVILLE, SOUTH CAROLINA  29602

3rd Party Copy

City License Authority or Loss Payee:

JOEY BARNES DBA BAD J TRUCKING
PO BOX 575
BOONEVILLE, MS 38829

Copy of Image

Form D-8

(Rev. 3-2002)

4106242084

Copy of Image

## NOTICE OF REINSTATEMENT

| Policy Number | Effective Date of Cancellation | Effective Date of Reinstatement | Date of Notice |
|---|---|---|---|
| 395497 | 3/28/2005 | 2/16/2005 | 2/16/2005 |

THE CANCELLATION NOTICE TERMINATING THIS POLICY ON THE DATE SHOWN IS HEREBY RESCINDED AND THE POLICY IS REINSTATED ON THE DATE OF REINSTATEMENT INDICATED.

INSURED:
JOEY BARNES DBA BAD J TRUCKING
45 CR 229
IUKA, MS 38852

_Em P. Howard_

Authorized Representative

AGENT:
HORNER INSURANCE SERVICES, INC.
5101 WHEELIS, SUITE 214
MEMPHIS, TN 38117



# CANAL
## INSURANCE
BOX 7   GREENVILLE, SOUTH CAROLINA  29602

3rd Party Copy

City License Authority or Loss Payee:

JOEY BARNES DBA BAD J TRUCKING
1180-A LAIR LANE
CHEROKEE, AL 35616

Copy of Image

Form D-8

(Rev. 3-2002)

4106242084

Copy of Image

| Policy Number | Effective Date of Cancellation | Effective Date of Reinstatement | Date of Notice |
|---|---|---|---|
| 395497 | 3/28/2005 | 2/16/2005 | 2/16/2005 |

## NOTICE OF REINSTATEMENT

THE CANCELLATION NOTICE TERMINATING THIS POLICY ON THE DATE SHOWN IS HEREBY RESCINDED AND THE POLICY IS REINSTATED ON THE DATE OF REINSTATEMENT INDICATED.

INSURED:

JOEY BARNES DBA BAD J TRUCKING
45 CR 229
IUKA, MS 38852

_Eu. P. Howard._
_____
Authorized Representative

AGENT:

HORNER INSURANCE SERVICES, INC.
5101 WHEELIS, SUITE 214
MEMPHIS, TN 38117



## CANAL INSURANCE
BOX 7   GREENVILLE, SOUTH CAROLINA  29602

Agent Copy

Notice sent to:
*Alternate Address  -  JOEY BARNES DBA BAD J TRUCKING - 1180-A LAIR LANE - CHEROKEE, AL 35616
*Alternate Address  -  JOEY BARNES DBA BAD J TRUCKING - PO BOX 575 - BOONEVILLE, MS 38829

City License Authority or Loss Payee:

Copy of Image

Form D-8

(Rev. 3-2002)

4106242084

DUPLICATE

Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602000625
Cashier ID: kalandra
Transaction Date: 10/03/2007
Payer Name: HALL CONERLY AND BOLVIG PC
--------------------------------
CIVIL FILING FEE
 For: HALL CONERLY AND BOLVIG PC
 Case/Party: D-ALM-2-07-CV-000882-001
 Amount:      $350.00
--------------------------------
CHECK
 Check/Money Order Num: 15124
 Amt Tendered:  $350.00
--------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

CANAL INSURANCE COMPANY V. BILLY
GENE ET AL

2:07-CV-000882