IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CANAL INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 2:07-cv-882-MHT |
| | ) |
| BILLY GENE MICHAEL, an individual; | ) |
| JOEY BARNES, individually and d/b/a | ) |
| BAD J TRUCKING COMPANY; | ) |
| CANDACE M. GROSE, as personal | ) |
| representative of the Estate of | ) |
| JAKOB A. GROSE, et al., | ) |
| | ) |
| Defendants. | ) |

## ANSWER OF CANDACE M. GROSE, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JAKOB A. GROSE, DECEASED, TO COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES CANDACE M. GROSE, as personal representative of the Estate of JAKOB A. GROSE, Deceased, and answers the respective paragraphs of the Complaint for Declaratory Judgment as follows:

1. Admitted on information and belief.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted on information and belief.

6. Admitted.

7. Admitted on information and belief.

8. Admitted.

9. Admitted.

10. Admitted.

11. This defendant lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 11; hence, those allegations are denied. This defendant says that the Canal policy in question provided liability insurance coverage for the defendants in the underlying wrongful death suit for $1,000,000 and was in full force and effect on the date of the accident giving rise to the death of Jakob A. Grose.

12. Denied.

13. Denied.

14. Denied. This defendant says, however, that while in Montgomery County, Alabama, south of the City of Montgomery, Defendant Billy Gene Michael negligently or wantonly operated a tractor trailer rig by causing or allowing the same to be driven across U. S. Highway 231 completely blocking both northbound lanes thereby causing the collision which killed Jakob A. Grose.

15. This defendant lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 15; hence, those allegations are denied.

16. This defendant lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 16; hence, those allegations are denied.

17. This defendant lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 17; hence, those allegations are denied.

## COUNT ONE

17(a). [1]Denied.

18. Denied.

19. Denied.

20. Admitted.

## ADDITIONAL DEFENSES

1. This defendant denies each and every material allegation of Canal's Complaint, not specifically admitted herein, and demands strict proof thereof.

2. This defendant says that on the occasion of the motor vehicle collision giving rise to the death of Jakob A. Grose, the defendants in the underlying wrongful death suit were insureds under the subject Canal insurance policy affording those defendants an aggregate of $1,000,000 in liability coverage.

3. This defendant says that Canal failed to comply with the applicable rules of Mississippi law regarding the subject insurance policy; hence, Canal is estopped to deny coverage.

---

[1] This defendant points out that the Complaint contains two paragraphs numbered "17". Therefore, for clarity, this defendant will refer to Paragraph 17 in Count One of the Complaint as "17-a".

4.  This defendant further says that the subject insurance policy was issued and delivered in Mississippi; hence, Mississippi law controls with regard to the coverage issues.

/s/ David E. Allred
DAVID E. ALLRED
D. CRAIG ALLRED
Attorneys for Above-Named Defendant

OF COUNSEL:
DAVID E. ALLRED, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone:   (334) 396-9200
Facsimile:    (334) 396-9977

JEMISON & MENDELSOHN, P.C.
Post Office Box 241566
Montgomery, Alabama 36124-1566
Telephone:   (334) 213-2323
Facsimile:    (334) 213-5663

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Answer of Candace M. Grose, as Personal Representative of the Estate of Jakob A. Grose, Deceased, to Complaint for Declaratory Judgment* has been served upon the following counsel of record in this cause by *electronic transmission* on this the 2nd day of November, 2007:

> Jack J. Hall, Esq.
> HALL, CONERLY & BOLVIG, P.C.
> 505 N. 20th Street
> Suite 1400
> Birmingham, Alabama   35203

I also certify that a copy has been served upon the following parties in this cause by placing a copy thereof in the United States Mail, first-class postage prepaid, on this the 2nd day of November, 2007:

> Joey Barnes, an individual
> and d/b/a Bad J Trucking
> Post Office Box 575
> Booneville, Mississippi   38829
>
> Billy Gene Michael
> County Road 1200, House No. 8
> Booneville, Mississippi   38829

                                                                        /s/ David E. Allred
                                                                        OF COUNSEL