IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **CANAL INSURANCE COMPANY,** ] | |
| ] | |
|     **Plaintiff,** ] | |
| ] | |
| v. ] | **CASE NO. 2:07 CV 882 MHT** |
| ] | |
| **BILLY GENE MICHAELS,** ] | |
| an individual; **JOEY BARNES,** ] | |
| individually and d/b/a ] | |
| **BAD J TRUCKING COMPANY;** ] | |
| **CANDACE M. GROSE,** as personal ] | |
| representative of the Estate of ] | |
| **JAKOB A. GROSE, et al.,** ] | |
| ] | |
|     **Defendants** ] | |

## ANSWER

COMES NOW the Defendant, BILLY MICHAELS, and responds to the Complaint heretofore filed as follows:

1. Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 1 of the Complaint and therefore denies the same.

2. Defendant admits the allegations in paragraph 2 of the Plaintiff's Complaint.

3. Defendant admits the allegations in paragraph 3 of the Plaintiff's Complaint.

4. Defendant admits the allegations in paragraph 4 of the Plaintiff's Complaint.

5. Defendant admits the allegations contained in paragraph 5 of the Complaint.

6. Defendant admits that the plaintiff has filed this lawsuit seeking to determine whether there is insurance coverage for Billy Michael, Bad J Trucking, Joey Barnes, individually and d/b/a Bad J Trucking. Defendant denies the remaining allegations contained in paragraph 6 and demands strict proof thereof.

7. Defendant admits the allegations contained in paragraph 7 of the Complaint.

8. Defendant admits the allegations in paragraph 8 of the Complaint.

9. Defendant admits the allegations in paragraph 9 of the Complaint.

10. Defendant avers that the Complaint and Amended Complaint filed in the underlying action speak for themselves. Defendant denies the allegations set forth in those complaints and the remaining allegations in paragraph 10 of this complaint.

11. Defendant denies the allegations contained in paragraph 11 of Plaintiff's Complaint and demands strict proof thereof.

12. Defendant denies the allegations in paragraph 12 of the complaint and demands strict proof thereof.

13. Defendant denies the allegations in paragraph 13 of the complaint and demands strict proof thereof.

14. Defendant denies the allegations contained in paragraph 14 of Plaintiff's Complaint and demands strict proof thereof.

15. Defendant denies the allegations in paragraph 15 of the complaint and demands strict proof thereof.

16. Defendant denies the allegations in paragraph 16 of the complaint and demands strict proof thereof.

17. Defendant denies the allegations contained in paragraph 17 of the complaint and demands strict proof thereof.

17. (The Complaint contains two allegations numbered "17"). Defendant denies the allegations contained in paragraph 17 of Plaintiff's Complaint and demands strict proof thereof.

18. Defendant denies the allegations in paragraph 18 of the complaint and demands strict proof thereof.

19. Defendant denies the allegations contained in paragraph 19 of Plaintiff's Complaint and demands strict proof thereof.

20. Defendant denies the allegations in paragraph 20 of the complaint and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

1. Defendant pleads the general issue.

2. Plaintiff fails to state a claim upon which relief may be granted.

3. Defendant avers that the plaintiff has waived any right to deny that coverage exists with respect to this Defendant.

4. Defendant avers that the plaintiff is estopped from denying that coverage is available to this Defendant.

5. Defendant avers that the plaintiff failed to properly notify him of the fact that his truck was allegedly deleted from this policy.

                Respectfully submitted,

                /s/ W. Evans Brittain
                W. Evans Brittain
                Attorney for Billy Michael

OF COUNSEL:
Ball, Ball, Matthews & Novak, P.A.
2000 Interstate Park Drive
Suite #204 [36109-5413]
P.O. Box 2148
Montgomery, Alabama  36102-2148
Telephone (334) 387-7680
Telefax (334) 387-3222
ebrittain@ball-ball.com

CERTIFICATE OF SERVICE

      I hereby certify that on this November 8, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

David Craig Allred
callred@allredpclaw.com,bflowers@allredpclaw.com

David Earl Allred
dallred@allredpclaw.com,bflowers@allredpclaw.com

Jack Jordan Hall , Sr
jack.hall@hallconerly.com,joice.frame@hallconerly.com

Kenneth J. Mendelsohn
kenny@jmfirm.com,heather@jmfirm.com

                                              /s/ W. Evans Brittain
                                              OF COUNSEL