IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CANAL INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| BILLY GENE MICHAEL, an individual; ) | |
| JOEY BARNES, individually and d/b/a ) | CIVIL ACTION NUMBER: |
| BAD J TRUCKING COMPANY; ) | 2:07CV882-MHT |
| CANDACE M GROSE, as personal ) | |
| representative of the Estate of JAKOB ) | |
| A. GROSE; et al. ) | |

## CANAL INSURANCE COMPANY'S BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

COMES the Plaintiff, Canal Insurance Company, and files this brief in support of its Motion for Summary Judgment. All references to Exhibits in this Brief are references to those exhibits made part of Plaintiff's Motion for Summary Judgment.

Canal Insurance Company (hereinafter "Canal") is entitled to summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on the grounds that there is no genuine issue of any material fact, and Canal is entitled to judgment as a matter of law. As grounds in support of this motion for summary judgment, Plaintiff says as follows:

## STANDARD OF REVIEW

On a motion for summary judgment, the court should view the evidence in the light most favorable to the non-movant. Greason v. Kemp, 891 F.2d 829, 831 (11th Cir. 1990). However, the non-movant must do more than show that there is some metaphysical doubt as to the material

1

facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Only reasonable inferences with a foundation in the record inure to the non-movant's benefit. Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 151 (2000). Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." Matsushita, 475 U.S. 574 at 586-87. The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment. Scott v. Harris, 127 S. Ct. 1769, 1776 (2007).

## SUMMARY OF MATERIAL FACTS

### A. PROCEDURAL SUMMARY

Canal Insurance Company filed this action seeking a declaration that it has no duty to defend or to indemnity Billy Gene Michael or Joey Barnes, individually and/or d/b/a Bad J Trucking Company, from claims asserted by Candace M. Grose, as personal representative of the Estate of Jakob A. Grose (hereinafter referred to as "Candace M. Grose"). Those claim arise out of an April 7, 2005 motor vehicle accident involving a tractor trailer operated by Billy Gene Michael and an automobile operated by Jakob A. Grose in or near U.S. Highway 231 in Montgomery County, Alabama. (See Complaint for Declaratory Judgment).

On October 10, 2006, Candace M. Grose filed a wrongful death claim in the Circuit Court of Montgomery County, Alabama against Billy Gene Michael and various fictitious defendants (hereinafter referred to as "underlying lawsuit"). On November 6, 2006, the complaint in the underlying lawsuit was amended to name Billy Gene Michael; Bad J Trucking Company; Joey Barnes, an individual; Joey Barnes, d/b/a Bad J Trucking Company; and various fictitious parties as defendants. (See Complaint and First Amended Complaint in underlying lawsuit, attached as exhibits to Complaint for Declaratory Judgment).

Candace M. Grose alleged in the underlying lawsuit that on or about April 7, 2005, the defendants Billy Gene Michael, Bad J Trucking Company, Joey Barnes individually and d/b/a Bad J Trucking Company, along with the fictitious defendants, were operating an 18-wheel tractor trailer rig within Montgomery County, Alabama, on U.S. Highway 231; that the defendants negligently or wantonly caused or allowed the tractor trailer rig to pull out of a private drive, across U.S. 231 South and completely block the path of Jakob A. Grose; and that as a result, the vehicle being driven by Jakob A. Grose collided with the defendants' rig, causing injuries to Jakob A. Grose, from which he died. The First Amended Complaint in the underlying lawsuit further purports to state claims against Bad J Trucking Company, Joey Barnes individually and/or d/b/a Bad J Trucking, and various fictitious defendants, for negligent hiring, training and supervision of Billy Gene Michael; negligent entrustment of the 18-wheel tractor trailer rig to Billy Gene Michael; negligent inspection or maintenance of the tractor trailer rig being operated by Billy Gene Michael at the time of the subject accident; and vicarious liability for the acts, errors and/or omissions of Billy Gene Michael. (See Complaint and First Amended Company in the underlying lawsuit, attached as exhibits to Complaint for Declaratory Judgment).

3

## B. INSURANCE POLICY LANGUAGE

At the time of the subject accident, Joey Barnes d/b/a Bad J Trucking had in effect a basic auto liability policy with Canal Insurance Company, policy number 395497, with a policy period of March 28, 2003, until canceled, listing Joey Barnes d/b/a Bad J Trucking as the named insured. Under Section A - Basic Automobile Liability Insurance, the policy provides as follows:

I. **COVERAGE A - BODILY INJURY LIABILITY - COVERAGE B - PROPERTY DAMAGE LIABILITY:**

The company will pay on behalf of the **insured** all sums which the **insured** shall become legally obligated to pay as damages because of **bodily injury** or **property damage** to which this insurance applies, caused by an **occurrence** and arising out of the ownership, maintenance or use, including loading and unloading, for the purposes stated as applicable thereto in the declaration, of an **owned automobile** or of a **temporary substitute automobile** . . .

. . .

**Exclusions:** This insurance does not apply:

. . .

(f) to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of any owned automobile or temporary substitute automobile while such automobile is being used as a public or livery conveyance, **unless such use is specifically declared and described in the**

4

**declarations**. (emphasis added).

(See Exhibit "C" to Complaint for Declaratory Judgment; See Affidavit of Era E. Horner, Jr.).

The subject insurance policy is a scheduled vehicle policy, and at one time, listed the 1993 International tractor, which was owned by Billy Gene Michael and which he was operating at the time of the subject accident, as a covered vehicle under the policy. However, prior to the date of the subject accident, and more specifically, on April 2, 2005, the 1993 International tractor had been deleted from the Canal policy pursuant to an April 2, 2005 E-3L endorsement, and following Joey Barnes' notice to Billy Gene Michael on April 1, 2005 that his 1993 International tractor would be removed from the subject policy, and that Billy Gene Michael had twenty-four hours to remove the Bad J Trucking placards and USDOT authority from that tractor. (See Affidavit of Era E. Horner, Jr.)

## C. FACTUAL SUMMARY

Billy Gene Michael operated his 1993 International tractor, under Joey Barnes d/b/a Bad J Trucking's DOT number, pursuant to a lease agreement dated November 8, 2004, between Michael and Barnes. Although the agreement was not signed by Billy Gene Michael, it did memorialize the agreement between Billy Gene Michael and Barnes. A copy of the agreement was given to Billy Gene Michael. (Deposition of Joey Barnes, page 33, 62, 83-86, 109-110; Exhibit 9 to deposition of Joey Barnes). The agreement provided that by Billy Gene Michael's act of applying the decals of Bad J Trucking to his truck, paying the required fifteen percent, and getting his insurance through Transportation Insurance, he shall consider his truck leased to Bad

J Trucking. (Deposition of Joey Barnes, page 111).

In November of 2004, Joey Barnes told his insurance agent, Karen Edge of Transportation Insurance Services, Inc., to add Billy Gene Michael's 1993 International tractor, VIN number 1MSRACAN3PH465116, to his insurance policy. (Deposition of Joey Barnes, pages 63-64). Billy Gene Michael's 1993 International tractor, VIN number 1MSRACAN3PH465116, was added to the Canal policy on November 10, 2004. (See Deposition of Karen Edge, pages 14-15, 19-21).

**Joey Barnes terminated Billy Gene Michael's lease on April 1, 2005 for failing to pay for his insurance, and advised him that his insurance was being cancelled as of April 2, 2005.** (Deposition of Joey Barnes, page 47, 53, 59, 131-132; Deposition of Karen Edge, page 68). **Joey Barnes also forwarded a letter to Billy Gene Michael on April 1, 2005, confirming that his lease was terminated for failure to keep his insurance paid.** (Deposition of Joey Barnes page 113, 133; Exhibit 10 to Joey Barnes' deposition).

**On April 1, 2005, Joey Barnes called his insurance agent, Karen Edge of Transportation Insurance Services, Inc., and told her to take Billy Gene Michael's tractor off the Canal policy because Billy Gene Michael's lease had been terminated.** (Deposition of Joey Barnes, page 66-68; Deposition of Karen Edge, pages 40, 44). Karen Edge told Joey Barnes that Billy Gene Michael's tractor would be removed from the policy effective April 2, 2005 at 12:01 a.m. (Deposition of Joey Barnes, page 68). Joey Barnes sent a letter to Karen Edge on April 2, 2005 confirming that Billy Gene Michael's tractor had been removed from his policy of insurance. (Deposition of Joey Barnes, page 68). **Karen Edge spoke with Billy Gene Michael on April 1, 2005, and Ms. Edge told Billy Gene Michael that his tractor was being deleted**

**from the subject insurance policy pursuant to the instruction of Joey Barnes.** (See Deposition of Karen Edge, pages 40, 44).

As mentioned above, prior to April 2, 2005, Billy Gene Michael's 1993 International tractor, vehicle identification number 1MSRACAN3PH465116 (hereinafter "the 1993 International") had been listed as a covered vehicle under the subject Canal policy. **On April 1, 2005, Horner Insurance Services, Inc. (hereinafter "Horner"), acting as general agent for Canal Insurance Company, received a request via facsimile from Transportation Insurance Services, Inc. (hereinafter "Transportation Insurance"), the agent of the named insured, Joey Barnes d/b/a Bad J Trucking, to delete the 1993 International tractor from coverage, effective April 2, 2005 at 12:01 a.m.** (See Affidavit of Era E. Horner, Jr.)

In response to this request, Horner issued a Change of Vehicle Endorsement terminating coverage of the 1993 International. A clerical error was made in the effective date and times of this endorsement; instead of making the endorsement effective April 2, 2005 at 12:10 a.m. as requested, the endorsement was made effective April 1, 2005 at 1:56 p.m., the time and date that the request was processed. (See Affidavit of Era E. Horner, Jr.)

On April 11, 2005, Horner received a follow-up request from Transportation Insurance, via fax, requesting that Horner correct the effective date on the endorsement. In response to this request, Horner issued two additional Change of Vehicle Endorsements. One endorsement added the 1993 International back to the subject Canal policy, effective April 1, 2005 at 1:56 p.m. Simultaneously, Horner issued a Change of Vehicle Endorsement excluding the 1993 International from coverage effective April 2, 2005 at 12:01 a.m. The combined effect of these two endorsements was to correct the clerical error of the effective date of termination of coverage,

7

for the 1993 International, extending coverage to April 2, 2005 at 12:01 a.m. **There was no coverage for the 1993 International under the subject Canal policy after April 2, 2005 at 12:01 a.m.** (See Affidavit of Era E. Horner, Jr; See deposition of Karen Edge, page 37, 40.)

After Billy Gene Michael was notified that his lease agreement with Bad J Trucking was being terminated as of April 1, 2005 due to his failure to pay insurance premiums, and after Billy Gene Michael was notified by Joey Barnes and Karen Edge that his 1993 International tractor was being deleted from Joey Barnes d/b/a Bad J Trucking's insurance policy effective April 2, 2005, Billy Gene Michael was involved in the April 7, 2005 motor vehicle accident made the basis of the underlying lawsuit. (See Affidavit of Era E. Horner, Jr.; See Deposition of Karen Edge pages 40-44; See Deposition of Joey Barnes, pages 47, 53, 59, 131-132; See Complaint for Declaratory Judgment).

## ARGUMENT

Canal Insurance Company is entitled to summary judgment in this case, pursuant to Rule 56 of the Federal Rules of Civil Procedure, on the grounds that there is no genuine issue of any material fact, and Canal is entitled to judgment as a matter of law.

Quite simply, on April 1, 2005, six day prior to the accident made the basis of the underlying lawsuit, the lease agreement between Billy Gene Michael and Joey Barnes d/b/a Bad J Trucking was terminated. Joey Barnes testified that he told Billy Gene Michael on April 1, 2005 that his lease agreement was being terminated as of that date due to Billy Gene Michael's failure to pay his insurance premiums, and Joey Barnes confirmed that termination by correspondence to Billy Gene Michael dated April 1, 2005. Therefore, as of April 7, 2005, the date of the subject accident, Billy Gene Michael was not operating under a lease agreement with Joey Barnes d/b/a

Bad J Trucking.

When a carrier has made reasonable attempts to terminate such a lease agreement prior to an accident giving rise to a claim, the insurer has no indemnity obligations pursuant to the policy. See Graham v. Malone Freight Lines, 314 F.3d 7, 14-15 (1st Cir. 1999) (carrier's letter to driver advising of lease termination is sufficient and reasonable); Canal Insurance Company v. Jackson, 101 F.3d 1083 (5th Cir. 1996) (holding that Canal had no indemnity obligations when the lease agreement had been terminated prior to the accident, even when the carrier's placards have not been removed at the time of the accident and the carrier has received no acknowledgment of termination). Joey Barnes' actions to terminate the lease with Billy Gene Michael were more than reasonable and served as an effective termination of the lease agreement prior to the date of the subject accident. Accordingly, Canal Insurance Company has no indemnity obligations with regard to the claims made the basis of the underlying lawsuit.

Additionally, on April 1, 2005, six days prior to the accident made the basis of the underlying lawsuit, Joey Barnes contacted his insurance agent, Karen Edge of Transportation Insurance Services, Inc., and notified her that Billy Gene Michael had been terminated on that date and instructed her to remove Billy Gene Michael's 1993 International tractor from his policy of insurance with Canal. Karen Edge confirmed to Joey Barnes on that date that Billy Gene Michael would be removed from Joey Barnes d/b/a Bad J Trucking's policy of insurance as of April 2, 2005 at 12:01 a.m. Karen Edge notified Horner Insurance Services, Inc., general agent of Canal Insurance Company, of the need to remove Billy Gene Michael's 1993 International tractor from Joey Barnes d/b/a Bad J Trucking insurance policy effective April 2, 2005 at 12:01 a.m., and same was accomplished by an endorsement to the policy. Accordingly, on April 2, 2005 at 12:01

a.m., Billy Gene Michael's 1993 International tractor was deleted from Joey Barnes d/b/a Bad J Trucking's policy of insurance with Canal Insurance Company.

Also, on April 1, 2005, Joey Barnes contacted Karen Edge of Transportation Insurance Services, Inc., and Karen Edge told Joey Barnes at that time that his 1993 International tractor would be deleted from Joey Barnes d/b/a Bad J Trucking's insurance policy as of April 2, 2005 at 12:01 a.m.

Accordingly, it is clear that at the time of the subject accident, Billy Gene Michael was not operating under any type of lease agreement with Joey Barnes d/b/a Bad J Trucking, and that Billy Gene Michael's 1993 International tractor had been deleted from the subject Canal policy some five days prior to the accident. Furthermore, Billy Gene Michael was aware of both his lease termination and the fact that he was no longer listed on the Canal policy prior to the date of the subject accident.

## CONCLUSION

It is without dispute that Billy Gene Michael's 1993 International tractor was deleted from Canal's policy with Bad J Trucking on April 2, 2005, at 12:01 a.m., some five days prior to the date of the subject accident. Accordingly, at the time of the accident of April 7, 2005, Billy Gene Michael's tractor was not listed on Bad J Trucking's policy with Canal Insurance Company, and accordingly, Canal Insurance Company has no duty to defend or to indemnify the claims in the underlying lawsuit.

Furthermore, the lease agreement between Joey Barnes d/b/a Bad J Trucking and Billy Gene Michael was terminated on April 1, 2005 when Joey Barnes orally notified Billy Gene

Michael that his lease was terminated as of that date. Additionally, Joey Barnes effectively terminated the lease agreement with Billy Gene Michael on April 1, 2005 when he sent a letter to Michael confirming termination of the lease agreement. See Graham v. Malone Freight Lines, 314 F.3d 7, 14-15 (1st Cir. 1999). Given the effective termination of the lease agreement prior to the subject accident, Canal Insurance Company does not have any obligation to defend or to indemnify in the underlying lawsuit. See Canal Insurance Company v. Jackson, 101 F.3d 1083 (5th Cir. 1996).

/s/ Jack J. Hall
Jack J. Hall, Attorney for Plaintiff,
Canal Insurance Company

**OF COUNSEL:**
HALL, CONERLY & BOLVIG, P.C.
505 N. 20th Street, Suite 1400
Birmingham, AL 35203
(205) 251-8143
fax: (205) 326-3202

**CERTIFICATE OF SERVICE**

I do hereby certify that I have on this 12th day of February, 2008, served a true and correct copy of the above pleading on all counsel of record by placing same in the United States Mail, postage prepaid and properly addressed to:

William E. Brittain
Ball, Ball, Matthews & Novak, P.A.
P.O. Box 2148
Montgomery, AL 36102
ebrittain@ball-ball.com

David E. Allred
DAVID E. ALLRED, P.C.
P.O. Box 241594
Montgomery, AL 36124
dallred@allredpclaw.com

/s/ Jack J. Hall
OF COUNSEL