**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **CANAL INSURANCE COMPANY,** | ] |
| | ] |
| **Plaintiff,** | ] |
| | ] |
| **v.** | ]    **CASE NO. 2:07 CV 882 MHT** |
| | ] |
| **BILLY GENE MICHAELS,** | ] |
| **an individual; JOEY BARNES,** | ] |
| **individually and d/b/a** | ] |
| **BAD J TRUCKING COMPANY;** | ] |
| **CANDACE M. GROSE, as personal** | ] |
| **representative of the Estate of** | ] |
| **JAKOB A. GROSE, et al.,** | ] |
| | ] |
| **Defendants** | ] |

**DEFENDANT BILLY GENE MICHAEL'S RESPONSE TO**
**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW the Defendant, BILLY GENE MICHAELS, and in response to Plaintiff's Motion for Summary Judgment hereby submits the following:

1.     Defendant adopts and incorporates by reference the Motion for Summary Judgment previously filed by this Defendant.

2.     Canal Insurance Company ("Canal") filed this lawsuit to seek a determination as to whether it owes any coverage to Billy Gene Michael and Joey Barnes, individually and d/b/a Bad J Trucking Company, arising out of an April 7, 2005 automobile accident between Mr. Michael and Jakob Grose. (Exhibit 1, Plaintiff's Complaint).

3.     In its complaint, Canal makes the following arguments in support of its contention that there is no coverage for Billy Gene Michael:

1.     Billy Gene Michael's 1993 International tractor was deleted from the subject Insurance policy's list of scheduled vehicles on April 2, 2005, by an E-3L Change of Vehicle Endorsement Liability form, some five days prior to the accident made the basis of the underlying lawsuit, and

accordingly, Canal Insurance Company does not have an obligation to defend or to indemnify Billy Gene Michael, Joey Barnes, individually, Bad J Trucking, or Joey Barnes, d/b/a Bad J Trucking, for the claims, demands, or damages in the underlying lawsuit.

2. The MCS-90 Endorsement does not create an obligation on the part of Canal Insurance Company to defend or to indemnify Billy Gene Michael, Joey Barnes, individually, Bad J Trucking, or Joey Barnes dba Bad J Trucking for the claims, demands, or damages in the underlying lawsuit inasmuch as there was no written lease agreement between Billy Gene Michael and Joey Barnes dba Bad J Trucking as required by the United States Department of Transportation. 49 C.F.R. 376.12. In addition, in the absence of a written lease agreement, as required by the U.S., Department of Transportation, any alleged "oral" lease agreement was terminated on April 1, 2005 when Joey Barnes on behalf of Bad J Trucking gave notice to Billy Gene Michael that he was no longer authorized to operate his 1993 International tractor under the authority of Joey Barnes dba Bad J Trucking, that Billy Gene Michael's 1993 International tractor would be deleted from Joey Barnes dba Bad J Trucking's policy of Insurance, and that Billy Gene Michael had twenty-four hours to remove Bad J Tracking's DOT numbers and placards from the subject tractor. Accordingly, at the time of the subject accident, any lease agreement, oral or otherwise, between  Joey Barnes, individually or dba Bad J Trucking and Billy Gene Michael had been terminated, and Billy Gene Michael was not authorized to operate his 1993 International tractor under the authority of Joey Barnes dba Bad J Trucking. (Exhibit 1, Plaintiff's Complaint at ¶ 17-18.

4. As can be seen from the relevant portion of Canal's Complaint, Canal presents two issues to this Court:

1. Whether Billy Gene Michael's 1993 International tractor was properly deleted from this policy before the April 7, 2005 automobile accident; and

2. Whether the MCS-90 Endorsement, which would require that there be coverage, even if Billy Gene Michael had been properly deleted from the policy before this accident, is applicable given the facts before this Court.

The MCS-90 Endorsement, which is required by federal law to be included in policies insuring trucking companies, like Bad J Trucking, and which is specifically included in the Canal policy at issue, states in pertinent part as follows:

> In consideration of the premium stated in the policy to which this endorsement is attached, the insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or any territory authorized to be served by the insured or elsewhere.  Such Insurance as is afforded for public liability does not apply to injury to or death of the insured's employees while engaged in the course of their employment, or property transported by the insured, designated as cargo.

(Exhibit 2, MCS-90 Endorsement to Canal Policy insuring Joey Barnes, d/b/a Bad J Trucking).

Thus, as can be seen from the express language of the MCS-90 Endorsement, the issue as to whether the 1993 International tractor driven by Billy Gene Michael at the time of this accident was deleted from this policy before the April 7, 2005 automobile accident is completely irrelevant to the matters before this court.  The only issue before the Court is whether a final judgment could be entered against Joey Barnes, d/b/a Bad J Trucking based on the acts of Billy Gene Michael.  If the answer to this issue is in the affirmative, then there is coverage.  This will turn solely on whether Joey Barnes, d/b/a Bad J Trucking, may be held vicariously liable for the acts or omissions of Billy Gene Michael.

It certainly bears noting that Canal acknowledges the relevance of the MCS-90 Endorsement in its complaint.  However, Canal completely fails to address this issue in its Motion for Summary Judgment, which was filed after the Defendants filed their Motion for Summary Judgment and outlined why there was coverage based on the MCS-90 Endorsement.

6.    This precise issue was addressed in _Jackson v. O'Shields_, 101 F.3d 1083 (5th Cir. 1996).  In _Jackson_, the plaintiffs in the underlying personal injury case sued the driver

3

of a tractor trailer, the owner of the tractor trailer and the company for whom the driver was allegedly working at the time of the accident. The trucking company was insured with Canal. Neither the driver nor the tractor were insured under the Canal policy. Thus, the determination as to whether Canal owed any coverage was based solely on whether the driver was driving on behalf of the trucking company at the time of the accident and would therefore be covered under the MCS-90 Endorsement. Specifically, the court stated the issue as follows:

> J&T Enterprises's Insurance policy with Canal contained an MSC-90 Endorsement ("Endorsement for Motor Carrier Policies of Insurance for Public Liability Under Sections 29 and 30 of the Motor Carrier Act of 1980"). Under the Endorsement, Canal undertook to pay any final judgment rendered against J&T Enterprises arising out of the "operation, maintenance or use of motor vehicles subject to financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980." This provision covered J&T Enterprises's liability arising out of equipment leased by J&T Enterprises and operated under its ICC authority. In this case, whether Canal has any indemnity obligation under the MCS-90 Endorsement turns upon whether there was a lease between J&T Enterprises and Wallen for the 1976 Freightliner at the time of the accident. If there was such a lease, J&T Enterprises would be liable for injuries negligently inflicted by the driver of the truck and, in turn, Canal would have indemnity obligations.

*Jackson v. O'Shield*, 101 F.3d at 1085.

While the *Jackson* court found that there was no coverage, the court did not find so as a matter of law. Rather, the court held that the evidence presented during the bench trial supported the district court's determination that the driver had been terminated from his employment with the trucking company prior to the accident. Importantly, the issue of whether the driver was acting on behalf of the trucking company at the time of the accident was a factual issue that was decided in favor of Canal during a bench trial conducted at a district court level.

7.    The case at hand is nearly identical to the _Jackson_ case.  In both cases, the issue of coverage turns solely on the applicability of the MCS-90 Endorsement.  In both cases, the applicability of the endorsement turns solely on whether the driver of the tractor trailer was acting on behalf of the trucking company at the time of the accident.  There is a factual dispute in _Jackson_ which necessitated a bench trial, which ultimately resulted in a finding that Canal was not required to provide coverage.  Similarly, in the matter at hand, there are also significant factual disputes which necessitate a trial of these issues.  These issues may not be resolved by way of Motion for Summary Judgment.

In its Motion for Summary Judgment, Canal makes the following factual contentions, all of which are disputed by this Defendant:

1.    There was a written lease between Joey Barnes, d/b/a Bad J Trucking and Billy Gene Michael, which conditioned Michael's employment on, among other things, Michael keeping his Insurance current, and that this lease agreement was given to Billy Michael.

Billy Michael denies that there was any written lease agreement between himself and Bad J Trucking.[1]  Mr. Michael contends that there was an oral lease.  Under the terms

---

[1] In their complaint for declaratory judgment action, Canal contends that in order for the MCS-90 Endorsement to be applicable, there must have been a written lease between Bad J Trucking and Billy Michael.  However, that is an incorrect statement of law.  _See Zamalloa v. Hart_, 31 F.3d 911 (9th Cir. 1994) (No court has held that a written lease is a condition precedent to imposition of statutory liability upon lessees." _Citing Wilson v. Riley Whittle, Inc._ 145 Ariz. 317, 701 P.2d 575 (Ct. App. 1985) ("The absence of a written trip lease is legally irrelevant."); _Fuller v. Ridel_, 159 Wis. 2d 323, 464 M.W.2d 97 (Ct. App. 1990) (Finding statutorily liable a carrier lessee who entered into an oral trip lease and whose sign was not displayed at the time of the accident); _Cox v. Bond Transportation, Inc._, 53 N.J. 186, 249 A.2d 579 (Carrier lessee is statutory liable under an oral lease for an accident that occurred while the driver was on his way home); _See also Jackson v. O'Shields_, 101 F.3d 1083, 1089 (5th Cir. 1996) ("[The plaintiffs] are no doubt correct that the fact that no written lease was in effect at the time of the accident does not foreclose the

of the lease, Mr. Michael was to pay Mr. Barnes $100 per week. In exchange, Mr. Michael was allowed to drive using Mr. Barnes' ICC authority and DOT number. While Mr. Michael was required to pay his portion of the Insurance, neither Joey Barnes nor anyone from Bad J Trucking told him that his employment relationship with Bad J Trucking would automatically terminate if Mr. Michael fell behind on his Insurance payments. (Exhibit 3, Michael Affidavit).

2.    Canal contends that Joey Barnes terminated Billy Gene Michael's lease on April 1, 2005 and told Mr. Michael that his Insurance was being cancelled as of April 2, 2005. Canal also contends that Joey Barnes forwarded a termination letter to Billy Gene Michael on April 1, 2005.

Billy Gene Michael denies that Joey Barnes or anyone from Bad J Trucking ever told him that his lease was terminated or that he was in any way terminated from his employment with Bad J Trucking. Billy Gene Michael denies having ever received the April 1, 2005 termination notice that Joey Barnes claims to have mailed to Billy Michael. Further, Billy Michael denied that Joey Barnes or anyone else at Bad J Trucking ever told him that his tractor was no longer covered under Bad J Trucking's Insurance policy as of the day of the accident. (Exhibit 3, Michael Affidavit).

3.    Canal contends that Karen Edge told Billy Gene Michael on April 1 that his tractor was being deleted from the Canal policy.

Billy Gene Michael denies that Karen Edge or anyone else told him that his tractor was no longer being covered under the Bad J Trucking Insurance policy as of the date of the April 7, 2005 accident.   (Exhibit 3, Michael Affidavit).

---

possibility that an oral lease existed between the parties.").

4.    Canal contends that Joey Barnes attempted to retrieve the ICC authority and DOT number placard from Billy Gene Michael.

Billy Gene Michael denies that Joey Barnes or anyone else sought to retrieve or told him to remove the decals from his tractor at any time before the accident with Jakob Grose. In addition, neither Joey Barnes nor anyone else told Billy Michael that he was no longer allowed to use Bad J Trucking's ICC authority. To the contrary, Mr. Michael was using Bad J Trucking's ICC authority and DOT placard in accordance with the oral agreement that he had been operating under with Bad J Trucking for several months before this accident. In addition, Mr. Michael was hauling a load for a company called FSR, which was a customer of Bad J Trucking, not Billy Michael himself. In short, at the time of the accident, Mr. Michael was hauling a load for one of Bad J Trucking's customers, was doing so using Bad J Trucking's ICC authority, and very simply put, was working for Bad J Trucking. (Exhibit 3, Michael Affidavit).

5.    Canal cites this court to two cases in support of its Motion for Summary Judgment. The first case, _Canal Insurance Company v. Jackson_, is the _Jackson_ case cited by this Defendant. As noted above, this case did not hold that the carrier was entitled to judgment as a matter of law. Rather, _Jackson_ was a 5th Circuit opinion affirming the factual findings made by the Federal District Court, which actually conducted a bench trial before determining that there was no coverage. _Jackson_ merely held that there were sufficient facts to justify the District Court's decision.

6.    Canal also cites this Court to _Graham v. Malone Freightlines_, 314 F.3d 7 (1st Cir. 1999). Again, the facts before this court are easily distinguishable from the facts in _Graham_. First of all, the letter in _Graham_ was sent by certified mail. There is no such claim

here.  Secondly, Mr. Michael denies having ever received the lease termination.  Not only does Mr. Michael dispute receiving the lease termination, he also disputes receiving the lease, which was also supposedly sent to his address as well.  Thus, there is a factual dispute to be resolved as to whether Mr. Barnes ever mailed the letter.

CONCLUSION

There is only one issue before this court.  That issue is whether the MCS-90 Endorsement applies.  If it does, then there is coverage.  If it does not, then there is no coverage.  The issue of whether this endorsement applies turns solely on whether Mr. Michael was working for Bad J Trucking at the time of this accident.  Canal has presented the testimony of Joey Barnes and Karen Edge in support of its position that Mr. Michael was not working for Bad J Trucking at the time of this accident.  However, Mr. Michael has presented evidence to the contrary.  The evidence presented by Mr. Michael, if believed by the jury, would necessitate the finding that he was working for Bad J Trucking at the time of this accident.  Therefore, there would be coverage.  For that reason, Canal's Motion for Summary Judgment is due to be denied.

Respectfully submitted,

/s/ W. Evans Brittain
W. Evans Brittain
Attorney for Billy Michael

OF COUNSEL:
Ball, Ball, Matthews & Novak, P.A.
2000 Interstate Park Drive
Suite #204 [36109-5413]
P.O. Box 2148
Montgomery, Alabama  36102-2148
Telephone (334) 387-7680
Telefax (334) 387-3222
ebrittain@ball-ball.com

CERTIFICATE OF SERVICE

I hereby certify that on this February 28, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

David Craig Allred
callred@allredpclaw.com,bflowers@allredpclaw.com

David Earl Allred
dallred@allredpclaw.com,bflowers@allredpclaw.com

Jack Jordan Hall , Sr.
jack.hall@hallconerly.com,joice.frame@hallconerly.com

Manual Service

Joey Barnes
45 County Road 229
Iuka, MS 38852

C. Peter Bolvig, Esq.
Hall, Conerly, Mudd & Bolvig, P.C.
Suite 1400 - 505 N. 20th Street
Birmingham, AL   35203-2626

/s/ W. Evans Brittain
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CANAL INSURANCE COMPANY,

     Plaintiff,

vs.

BILLY GENE MICHAEL, an individual;
JOEY BARNES, individually and d/b/a
BAD J TRUCKING COMPANY;
CANDACE M. GROSE, as personal
representative of the Estate of
JAKOB A. GROSE; et al.

2007 OCT -3 A 10: 08

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

CIVIL ACTION NO.:

2:07cv 882 MHT.

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES the Plaintiff, Canal Insurance Company, by and through its undersigned counsel

of record, and files this Complaint for Declaratory Judgment.

## PARTIES

1. Canal Insurance Company (hereinafter "Canal") is a South Carolina corporation with

its principal place of business in Greenville, South Carolina.   Canal was qualified and engaged

in the business of writing insurance in the State of Mississippi at all times referred to herein;

2. Joey Barnes, an individual and d/b/a Bad J Trucking Company, is a resident of the

State of Mississippi;

3. Candace M. Grose is a resident of the State of South Carolina and is the appointed

personal representative of Jakob A. Grose, deceased;

4. Billy Gene Michael is an individual resident of the State of Mississippi;

1



SCANNED

## JURISDICTION AND VENUE

5.  This is a Declaratory Judgment action and is brought pursuant to 28 U.S.C. § 2201, et seq., and Rule 57 of the Federal Rules of Civil Procedure;

6.  This lawsuit involves an insurance coverage dispute that is premised on the underlying lawsuit styled *Candace M. Grose, Personal Representative of the Estate of Jakob A. Grose, deceased vs. Billy Gene Michael; Bad J Trucking Company; Joey Barnes, an individual; Joey Barnes, d/b/a Bad J Trucking, et al.,* pending in the Circuit Court of Montgomery County, Alabama, and bearing Civil Action Number CV-06-900085;

7.  There exists federal question jurisdiction in this case pursuant to 28 U.S.C. § 1331;

8.  Venue in this matter is appropriate pursuant to 28 U.S.C. § 1391;

## FACTS

9.  On October 10, 2006, Candace M. Grose, as personal representative of the Estate of Jakob A. Grose, filed a wrongful death claim in the Circuit Court of Montgomery County, Alabama against Billy Gene Michael and various fictitious defendants. On November 6, 2006, Candace M. Grose, as personal representative of the Estate of Jakob A. Grose, amended her complaint in that underlying case to name Billy Gene Michael; Bad J Trucking Company; Joey Barnes, an individual; Joey Barnes, d/b/a Bad J Trucking Company, along with various fictitious parties as defendants . A copy of the underlying Complaint and First Amended Complaint are attached hereto as Exhibits "A" and "B" respectively.

10.  Candace M. Grose, as personal representative of the Estate of Jakob A. Grose, alleges in the underlying lawsuit that on or about April 7, 2005, the defendants, Billy Gene Michael, Bad J Trucking Company, Joey Barnes individually and d/b/a Bad J Trucking

Company, along with the fictitious defendants, were operating an 18-wheel tractor trailer rig

within Montgomery County, Alabama, on U.S. Highway 231; that the defendants negligently or

wantonly caused or allowed the tractor trailer rig to pull out of a private drive, across U.S. 231

South and completely block the path of the decedent, Jakob A. Grose; and that as a result, the

vehicle being driven by the decedent, Jakob A Grose, collided with the defendants' rig, causing

injuries to Jakob A. Grose, from which he died. The First Amended Complaint in the underlying

lawsuit further purports to state claims against Bad J Trucking Company, Joey Barnes

individually and/or d/b/a Bad J Trucking, and various fictitious defendants, for negligent hiring,

training and supervision of Billy Gene Michael; negligent entrustment of the 18-wheel tractor

trailer rig to Billy Gene Michael; negligent inspection or maintenance of the tractor trailer rig

being operated by Billy Gene Michael at the time of the subject accident; and vicarious liability

for the acts, errors and/or omissions of Billy Gene Michael. The underlying lawsuit demands

judgment against the defendants as allowed by law for the wrongful death of Jakob Alvin Grose;

11. From November 10, 2004 until April 1, 2005, Billy Gene Michael owned and

operated the 1993 International tractor, VIN 1MSRACAN3PH465116, involved in the subject

accident under the authority of Joey Barnes d/b/a Bad J Trucking. There was no written lease

agreement between Billy Gene Michael and Joey Barnes d/b/a Bad J Trucking, but instead, there

was on oral agreement that Billy Gene Michael would pay Joey Barnes d/b/a Bad J Trucking

fifteen percent (15%) of his loads, in exchange for coming under the authority of Joey Barnes

d/b/a Bad J Trucking, and Billy Gene Michael being permitted to display Bad J Trucking's DOT

numbers and placard on his tractor. There was also an agreement that Billy Gene Michael's

tractor would be added to Joey Barnes d/b/a Bad J Trucking's insurance policy, but that Billy

3

Gene Michael would be responsible for the cost of that insurance;

12.    During the period of time from November 10, 2004 until April 1, 2005, Billy Gene

Michael did not comply with the terms of the oral agreement he had with Joey Barnes d/b/a Bad J

Trucking inasmuch as he continued to fall behind on payment of his insurance fees and was not

making payments as agreed to Joey Barnes d/b/a Bad J Trucking.  Accordingly, on April 1, 2005,

Joey Barnes told Billy Gene Michael that he was no longer permitted to operate the subject

tractor under the authority of Joey Barnes d/b/a Bad J Trucking; that the insurance agent would

be informed to remove Billy Gene Michael's tractor  from the insurance policy effective that day;

and that Billy Gene Michael had twenty-four hours to remove the Bad J Trucking's DOT

number, placards and insurance information from the subject tractor.  Billy Gene Michael spoke

to the insurance agent on April 1, 2005 and was informed at that time that his tractor was being

deleted from Joey Barnes d/b/a Bad J Trucking's insurance policy on April 2, 2005, and in fact,

Billy Gene Michael's tractor was deleted from Joey Barnes d/b/a Bad J Trucking's policy on

April 2, 2005;

13.    Despite being informed on April 1, 2005 that he was no longer permitted to run

under the authority of Joey Barnes d/b/a Bad J Trucking, and that his tractor was being deleted

from Joey Barnes d/b/a Bad J Trucking's insurance policy, Billy Gene Michael picked up a load

from FSR Transportation, a regular client of Joey Barnes d/b/a Bad J Trucking.  At the time he

arrived at FSR Transportation, Billy Gene Michael had not removed Bad J Trucking's DOT

numbers and placard as instructed by Joey Barnes d/b/a Bad J Trucking.  Joey Barnes d/b/a Bad J

Trucking was not expected to receive, and in fact did not receive, any compensation from FSR

Transportation or Billy Gene Michael in connection with that load.  Any compensation paid in

connection with that load would have been paid by FSR Transportation to Billy Gene Michael.

14.   After leaving FSR Transportation with its loaded trailer, and while in Montgomery County, Alabama, Billy Gene Michael was involved in an accident in which a vehicle being driven by the decent, Jakob A. Grose collided with the tractor trailer being operated by Billy Gene Michael.  As the result of that accident, Jakob A. Grose allegedly received injuries resulting in his death.  The tractor being operated by Billy Gene Michael at the time of the accident was the 1993 International tractor he owned, which had been deleted from Joey Barnes dba Bad J Trucking's Insurance Policy some five days prior to the accident, and which Billy Gene Michael had been informed some six days earlier was no longer under the authority of Joey Barnes dba Bad J Trucking.

15.   At the time of the subject accident, Joey Barnes d/b/a Bad J Trucking had in effect a basic auto liability policy with Canal Insurance Company, policy number 395497, with a policy period of March 28, 2003, until canceled, listing Joey Barnes dba Bad J Trucking as the named insured.  Under Section A - Basic Automobile Liability Insurance, the policy provides as follows:

I.    **COVERAGE A - BODILY INJURY LIABILITY - COVERAGE B - PROPERTY DAMAGE LIABILITY:**

The company will pay on behalf of the **insured** all sums which the **insured** shall become legally obligated to pay as damages because of **bodily injury** or **property damage** to which this insurance applies, caused by an **occurrence** and arising out of the ownership, maintenance or use, including loading and unloading, for the purposes stated as applicable thereto in the declaration, of an **owned automobile** or of a **temporary substitute automobile** . . .
        *         *         *

5

Exclusions: This insurance does not apply:

\*       \*       \*

(f) to bodily injury to property damage arising out of the ownership, maintenance, operation, use, loading or unloading of any owned automobile or temporary substitute automobile while such automobile is being used as a public or livery conveyance, **unless such use is specifically declared and described in the declarations.** (emphasis added)

A copy of the subject insurance policy is attached hereto as Exhibit "C."

16.    The subject insurance policy is a scheduled vehicle policy, and at one time, listed the 1993 International tractor, which was owned by Billy Gene Michael and which he was operating at the time of the subject accident, as a covered vehicle under the policy.  However, prior to the date of the subject accident, and more specifically, on April 2, 2005, the 1993 International tractor had been deleted from the Canal policy pursuant to an April 2, 2005 E-3L endorsement, and following Joey Barnes' notice to Billy Gene Michael on April 1, 2005 that his 1993 International tractor would be removed from the subject policy, and that Billy Gene Michael had twenty-four hours to remove the Bad J Trucking placards and USDOT authority from that tractor.

17.    The subject insurance policy contained a Federal Motor Carrier Safety Administration MCS-90 endorsement, providing as follows:

The insurer agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance, or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere.  Such insurance as is afforded for public liability does not apply to injury or death of the insured's employees while engaged in the course of their employment, or property transported by the insured, designated as cargo.

6

## BILL OF COMPLAINT

## COUNT ONE

## DECLARATORY JUDGMENT

17.  Billy Gene Michael's 1993 International tractor was deleted from the subject

insurance policy's list of scheduled vehicles on April 2, 2005, by an E-3L Change of Vehicle

Endorsement Liability form, some five days prior to the accident made the basis of the

underlying lawsuit, and accordingly, Canal Insurance Company does not have an obligation to

defend or to indemnify Billy Gene Michael, Joey Barnes, individually, Bad J Trucking, or Joey

Barnes dba Bad J Trucking, for the claims, demands, or damages in the underlying lawsuit.

18.  The MCS-90 Endorsement does not create an obligation on the part of Canal

Insurance Company to defend or to indemnify Billy Gene Michael, Joey Barnes, individually,

Bad J Trucking, or Joey Barnes dba Bad J Trucking for the claims, demands, or damages in the

underlying lawsuit inasmuch as there was no written lease agreement between Billy Gene

Michael and Joey Barnes dba Bad J Trucking as required by the United States Department of

Transportation.  49 C.F.R. 376.12.  In addition, not withstanding the absence of a written lease

agreement, as required by the U.S. Department of Transportation, any alleged "oral" lease

agreement was terminated on April 1, 2005 when Joey Barnes on behalf of Bad J Trucking gave

notice to Billy Gene Michael that he was no longer authorized to operate his 1993 International

tractor under the authority of Joey Barnes dba Bad J Trucking, that Billy Gene Michael's 1993

International tractor would be deleted from Joey Barnes dba Bad J Trucking's policy of

insurance, and that Billy Gene Michael had twenty-four hours to remove Bad J Trucking's DOT

7

numbers and placards from the subject tractor.   Accordingly, at the time of the subject accident,

any lease agreement, oral or otherwise, between Joey Barnes individually or dba Bad J Trucking

and Billy Gene Michael had been terminated, and Billy Gene Michael was not authorized to

operate his 1993 International tractor under the authority of Joey Barnes dba Bad J Trucking.

19.    Inasmuch as Billy Gene Michael's1993 International tractor was deleted from the

subject policy some five days prior to the accident in the underlying lawsuit, and there existed no

lease agreement between Joey Barnes individually or dba Bad J Trucking and Billy Gene

Michael at the time of the accident, there is no obligation on the part of Canal Insurance

Company to defend or to indemnity the claims, demands, or damages in the underlying lawsuit

filed against Joey Barnes individually, Joey Barnes dba Bad J Trucking, Bad J Trucking

Company, and Billy Gene Michael.

20.   Canal Insurance Company alleges that a justiciable controversy exists regarding its

rights, duties and obligations under the applicable policy of insurance.


WHEREFORE, premises considered, Plaintiff Canal Insurance Company requests:

A.    That this Court take jurisdiction of this cause;

B.    That this Court order, adjudge and decree that this is a proper cause for an action

of declaratory judgment, and that there exists a bonafide controversy as to the

legal rights, duties, status and liability of the parties;

C.    That the process of this Court will be issued to all of the Defendants, Joey Barnes

individually and dba Bad J Trucking, Billy Gene Michael, and Candace M. Grose,

personal representative and the Estate of Jakob A. Grose, deceased, as provided

8

by law and the rules of this Court and that they each be required to plead or

answer this Complaint for Declaratory Judgment within the time and manner

required by law;

D.    That this Court stay the underlying lawsuit until all coverage issues are

determined and declared by this Court, said underlying lawsuit being styled

*Candace M. Grose, Personal Representative of the Estate of Jakob A. Grose,*

*deceased vs. Billy Gene Michael; Bad J Trucking Company; Joey Barnes, an*

*individual; Joey Barnes, d/b/a Bad J Trucking, et al.,* pending in the Circuit Court

of Montgomery County, Alabama, and bearing Civil Action Number CV-06-

900085;

E.    That upon a final hearing of this cause, this Court will declare the rights, duties,

status and legal relations of Canal Insurance Company and all named Defendants

to this action under the applicable policy of insurance;

F.    That upon a final decree of this cause, this Court will order, adjudge and decree

that Canal Insurance Company has no obligation to defend and no obligation to

indemnify Billy Gene Michael, Joey Barnes individually, Joey Barnes dba Bad J

Trucking or Bad J Trucking for the claims, demands and damages in the

underlying lawsuit styled *Candace M. Grose, Personal Representative of the*

*Estate of Jakob A. Grose, deceased vs. Billy Gene Michael; Bad J Trucking*

*Company; Joey Barnes, an individual; Joey Barnes, d/b/a Bad J Trucking, et al.,*

pending in the Circuit Court of Montgomery County, Alabama, and bearing Civil

Action Number CV-06-900085; and

9

G.    Canal Insurance Company requests any such other, further and different relief as it

may be entitled to, and offers to do equity and further requests that if it be

mistaken and any special relief herein sought is denied, that such other, further or

more general relief to which it may be entitled be granted.

_____

Jack J. Hall (ASB-7823-162j)
Attorney for Plaintiff,
Canal Insurance Company

**OF COUNSEL:**
HALL, CONERLY & BOLVIG, P.C.
505 N. 20th Street, Suite 1400
Birmingham, AL 35203
(205) 251-8143
fax: (205) 326-3202

**PLAINTIFF'S ADDRESS:**
Canal Insurance Company
P.O. Box 7
Greenville, SC 29602

**Please serve these Defendants by Certified Mail as follows:**

Joey Barnes, an individual and dba Bad J Trucking
PO Box 575
Booneville, Mississippi 38829

Candace M. Grose as personal representative of
the Estate of Jakob A. Grose, deceased
1007 9th Street
Port Royal, South Carolina 29935

Billy Gene Michael
County Road 1200, House No. 8
Booneville, Mississippi 38829

10

OCT-16-06 MON 02:10 PM   TR  PORTATION INSURANCE    FAX NO. 86  J1163              P. 02/11

ELECTRONICALLY FILED
10/10/2006 1:26 PM
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

CANDACE M. GROSE,
Personal Representative of the Estate
of JAKOB A. GROSE, Deceased,

   Plaintiff,

vs.

BILLY GENE MICHAEL, an individual;
FICTITIOUS DEFENDANT A, those persons,
firms, corporations, partnerships, or
other entities who negligently hired,
trained, or supervised BILLY GENE
MICHAEL; FICTITIOUS DEFENDANT B, those
persons, firms, corporations,
partnerships, or other entities who
negligently entrusted the accident rig
to BILLY GENE MICHAEL, an incompetent
driver; FICTITIOUS DEFENDANT C, those
persons, firms, corporations,
partnerships, or other entities who
negligently maintained and/or
inspected the rig operated by
Defendant BILLY GENE MICHAEL at the
time of the accident made the basis
of this suit; FICTITIOUS DEFENDANT D,
those persons, firms, corporations,
partnerships, or other entities for
whose benefit BILLY GENE MICHAEL
was operating the truck at the time
of the accident made the basis of this
suit; FICTITIOUS DEFENDANT E, those
persons, firms, corporations,
partnerships, or other entities who
are responsible for the death of
JAKOB A. GROSE, the identities of all
of said fictitious defendants are not
known at this time to the plaintiff,
however, will be added by amendment
when ascertained,

   Defendants.

CIVIL ACTION NO. CV-06-__9100085__



EXHIBIT
A

)
·OCT-18-06 MON 02:10 PM    TR 'PORTATION INSURANCE    FAX NO. 66'  u1163    P. 03/11

## COMPLAINT

### PARTIES

1.    CANDACE M. GROSE is a resident of South Carolina and is the duly appointed personal representative of JAKOB A. GROSE, deceased.

2.    BILLY GENE MICHAEL, on information and belief, is a resident of Mississippi and is over the age of nineteen (19) years.

3.    FICTITIOUS DEFENDANT A, those persons, firms, corporations, partnerships, or other entities who negligently hired, trained, or supervised BILLY GENE MICHAEL.

4.    FICTITIOUS DEFENDANT B, those persons, firms, corporations, partnerships, or other entities who negligently entrusted the accident rig to BILLY GENE MICHAEL, an incompetent driver.

5.    FICTITIOUS DEFENDANT C, those persons, firms, corporations, partnerships, or other entities who negligently maintained and/or inspected the rig operated by Defendant BILLY GENE MICHAEL at the time of the accident made the basis of this suit.

6.    FICTITIOUS DEFENDANT D, those persons, firms, corporations, partnerships, or other entities for whose benefit BILLY GENE MICHAEL was operating the truck at the time of the accident made the basis of this suit.

7.    FICTITIOUS DEFENDANT E, those persons, firms, corporations, partnerships, or other entities who are responsible for the death of JAKOB A. GROSE.

-2-

OCT-16-06 MON 02:10 PM   TF  SPORTATION INSURANCE   FAX NO. 66   J1163   P. 04/11

## COUNT I

8.     The plaintiff incorporates Paragraphs 1 through 7 of the Complaint by reference as though fully set herein.

9.     On or about the 7th day of April, 2005, the defendants, Billy Gene Michael, and/or Fictitious Defendants A, B, C, D, and/or E were operating an 18-wheel tractor trailer rig within Montgomery County, Alabama, on U. S. Highway 231.

10.     The defendants negligently or wantonly caused or allowed the tractor trailer rig to pull out of a private drive, across U. S. 231 South and completely block the path of the decedent, Jakob A. Grose, in violation of the Alabama Rules of the Road.

11.     The decedent, Jakob A. Grose, was operating his vehicle upon U. S. 231 in a lawful manner and had the right of way.

12.     As a proximate result of the defendant's negligence or wantonness described herein, to include, but not limited to the defendant's failure to yield the right of way, the vehicle of Jakob A. Grose collided with the defendants' rig. Jakob A. Grose sustained injuries including a partial decapitation as a result of the defendants' aforesaid negligence or wantonness from which he died.

WHEREFORE, THE PREMISES CONSIDERED, plaintiff demands judgment against Billy Gene Michael and Defendants A, B, C, D, and E as allowed by law for the wrongful death of Jakob Alvin Grose.

-3-

OCT-16-06 MON 02:10 PM  TR  SPORTATION INSURANCE   FAX NO. 66  01163          P. 05/11

## COUNT II

13.    The plaintiff incorporates Paragraphs 1 through 12 of the Complaint by reference as though fully set herein.

14.    Fictitious Defendant A negligently hired, trained and/or supervised Billy Gene Michael concerning the operation, use, and maintenance of the accident rig.

15.    As a proximate result of the negligence described herein, Defendant Billy Gene Michael caused or allowed the tractor trailer rig he was operating to pull out of a private drive, across U.S. 231 South and completely block the path of the decedent, Jakob A. Grose, in violation of the Alabama Rules of the Road.

16.    The decedent, Jakob A. Grose, was operating his vehicle upon U.S. 231 in a lawful manner and had the right of way.

17.    As a proximate result of the defendant's negligence or wantonness described herein, to include, but not limited to the defendant's failure to yield the right of way, the vehicle of Jakob A. Grose collided with the defendants' rig. Jakob A. Grose sustained injuries including a partial decapitation as a result of the defendants' aforesaid negligence or wantonness from which he died.

WHEREFORE, THE PREMISES CONSIDERED, plaintiff demands judgment against Billy Gene Michael and Defendant A as allowed by law for the wrongful death of Jakob Alvin Grose.

-4-

OCT-16-06 MON 02:11 PM    TF  :PORTATION INSURANCE    FAX NO. 66   01163    P. 06/11

## COUNT III

18.     The plaintiff incorporates Paragraphs 1 through 17 of the Complaint by reference as though fully set herein.

19.     Fictitious Defendant B negligently entrusted to Billy Gene Michael the 18-wheel tractor trailer rig which he was operating at the time of the accident.

20.     Fictitious Defendant B knew or should have known that Billy Gene Michael had a poor driving record, possessed reckless tendencies, was not properly trained or supervised, and lacked the proper credentials for the operation of an 18-wheel tractor trailer rig.

21.     As a proximate result of the negligence of Fictitious Defendant B, Defendant Billy Gene Michael caused or allowed the tractor trailer rig he was operating to pull out of a private drive , across U. S. 231 South and completely block the path of the decedent, Jakob A. Grose, in violation of the Alabama Rules of the Road.

22.     The decedent, Jakob A. Grose, was operating his vehicle upon U. S. 231 in a lawful manner and had the right of way.

23.     As a proximate result of the defendant's negligence or wantonness described herein, to include, but not limited to the defendant's failure to yield the right of way, the vehicle of Jakob A. Grose collided with the defendants' rig. Jakob A. Grose sustained injuries including a partial decapitation as a result of the defendants' aforesaid negligence or wantonness from which he died.

-5-

OCT-16-06 MON 02:11 PM   T  SPORTATION INSURANCE   FAX NO. 6  201163   P. 07/11

WHEREFORE, THE PREMISES CONSIDERED, plaintiff demands judgment against Billy Gene Michael and Defendant B as allowed by law for the wrongful death of Jakob Alvin Grose.

### COUNT IV

24.   The plaintiff incorporates Paragraphs 1 through 23 of the Complaint by reference as though fully set herein.

25.   Fictitious Defendant C negligently inspected or maintained the tractor trailer rig operated by Billy Gene Michael at the time of the accident made the basis of this suit.

26.   The defendants' tractor trailer rig was unsafe and did not comply with applicable regulations.

27.   As a proximate result of the negligence of Fictitious Defendant C, Defendant Billy Gene Michael caused or allowed the tractor trailer rig he was operating to pull out of a private drive , across U. S. 231 South and completely block the path of the decedent, Jakob A. Grose, in violation of the Alabama Rules of the Road.

28.   The decedent, Jakob A. Grose, was operating his vehicle upon U. S. 231 in a lawful manner and had the right of way.

29.   As a proximate result of the defendant's negligence or wantonness described herein, to include, but not limited to the defendant's failure to yield the right of way, the vehicle of Jakob A. Grose collided with the defendants' rig. Jakob A. Grose sustained

-6-

)                                    )

OCT-18-06 MON 02:11 PM   T  SPORTATION INSURANCE      FAX NO. 8(   201163               P. 08/11

injuries including a partial decapitation as a result of the defendants' aforesaid negligence
or wantonness from which he died.

WHEREFORE, THE PREMISES CONSIDERED, plaintiff demands judgment against Billy
Gene Michael and Defendant C as allowed by law for the wrongful death of Jakob Alvin
Grose.

### COUNT V

30.    The plaintiff incorporates Paragraphs 1 through 29 of the Complaint by
reference as though fully set herein.

31.    Fictitious Defendant D is the person, corporation, firm, or entity for whose
benefit the tractor trailer rig was being operated at the time of the events described herein
which caused the death of Jakob Alvin Grose.

32.    Fictitious Defendant D is liable to the plaintiff vicariously for the acts, errors,
and/or omissions of Billy Gene Michael and Defendants A, B, C, and E described herein.

33.    As a proximate result of the negligence or wantonness of Fictitious Defendant
D, Defendant Billy Gene Michael caused or allowed the tractor trailer rig he was operating
to pull out of a private drive, across U. S. 231 South and completely block the path of the
decedent, Jakob A. Grose, in violation of the Alabama Rules of the Road.

34.    The decedent, Jakob A. Grose, was operating his vehicle upon U. S. 231 in a
lawful manner and had the right of way.

-7-

OCT-16-06 MON 02:11 PM   TF   3PORTATION INSURANCE   FAX NO. 66   201163   P. 09/11

35.   As a proximate result of the defendant's negligence or wantonness described herein, to include, but not limited to the defendant's failure to yield the right of way, the vehicle of Jakob A. Grose collided with the defendants' rig. Jakob A. Grose sustained injuries including a partial decapitation as a result of the defendants' aforesaid negligence or wantonness from which he died.

WHEREFORE, THE PREMISES CONSIDERED, plaintiff demands judgment against Billy Gene Michael and Defendants A, B, C, D, and E as allowed by law for the wrongful death of Jakob Alvin Grose.

## COUNT VI

36.   The plaintiff incorporates Paragraphs 1 through 35 of the Complaint by reference as though fully set herein.

37.   Fictitious Defendant E is the person, firm, corporation, partnership, or other entity responsible for the death of Jacob Alvin Grose.

38.   The acts, errors, and omissions of Fictitious Defendant E combined and concurred with the negligence or wantonness of Defendants Billy Gene Michael, A, B, C, and D to cause the injuries to Jakob Alvin Grose from which he died.

39.   The decedent, Jakob A. Grose, was operating his vehicle upon U. S. 231 in a lawful manner and had the right of way.

40.   As a proximate result of the defendant's negligence or wantonness described herein, to include, but not limited to the defendant's failure to yield the right of way, the

-8-

OCT-16-06 MON 02:12 PM  TT  SPORTATION INSURANCE    FAX NO. 66  201183              P. 10/11

vehicle of Jakob A. Grose collided with the defendants' rig.  Jakob A. Grose sustained

injuries including a partial decapitation as a result of the defendants' aforesaid negligence

or wantonness from which he died.

WHEREFORE, THE PREMISES CONSIDERED, plaintiff demands judgment against Billy

Gene Michael and Defendants A, B, C, D, and E as allowed by law for the wrongful death

of Jakob Alvin Grose.

DAVID H. ALLRED (ALL039)

D. CRAIG ALLRED (ALL078)
Attorneys for Plaintiff

OF COUNSEL:

DAVID H. ALLRED, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone:   (334) 396-9200
Facsimile:   (334) 396-9977

JEMISON & MENDELSOHN, P.C.
Post Office Box 241566
Montgomery, Alabama 36124-1566
Telephone:   (334) 213-2323
Facsimile:   (334) 213-5663

JURY DEMAND

THE PLAINTIFF DEMANDS A TRIAL BY JURY.

OF COUNSEL

-9-

OCT-16-08 MON 02:12 PM  TI  SPORTATION INSURANCE    FAX NO. 6(  201163                    P. 11/11

*Serve Defendant by certified mail as follows:*

BILLY GENE MICHAEL
CR 1200 House #8
Booneville, Mississippi 38829

-10-

Page 11 of 11 received on 10/16/2006 3:09:36 PM [Eastern Daylight Time] on server RF-REMOTE



COPY

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

CANDACE M. GROSE,                                    )
Personal Representative of the Estate                )
of JAKOB A. GROSE, Deceased,                         )
                                                     )
              *Plaintiff,*                           )
                                                     )
vs.                                                  )       CIVIL ACTION NO. CV-06-900085
                                                     )
BILLY GENE MICHAEL, an individual;                   )
BAD J TRUCKING COMPANY, a                            )
foreign corporation, partnership, or                 )
other entity; JOEY BARNES, an                        )
individual; JOEY BARNES d/b/a                        )
BAD J TRUCKING COMPANY;                              )
FICTITIOUS DEFENDANT A, those persons,               )
firms, corporations, partnerships, or                )
other entities who negligently hired,                )
trained, or supervised BILLY GENE                    )
MICHAEL; FICTITIOUS DEFENDANT B, those               )
persons, firms, corporations,                        )
partnerships, or other entities who                  )
negligently entrusted the accident rig               )
to BILLY GENE MICHAEL, an incompetent                )
driver; FICTITIOUS DEFENDANT C, those                )
persons, firms, corporations,                        )
partnerships, or other entities who                  )
negligently maintained and/or                        )
inspected the rig operated by                        )
Defendant BILLY GENE MICHAEL at the                  )
time of the accident made the basis                  )
of this suit; FICTITIOUS DEFENDANT D,                )
those persons, firms, corporations,                  )
partnerships, or other entities for                  )
whose benefit BILLY GENE MICHAEL                     )
was operating the truck at the time                  )
of the accident made the basis of this               )
suit; FICTITIOUS DEFENDANT E, those                  )
persons, firms, corporations,                        )
partnerships, or other entities who                  )
are responsible for the death of                     )



FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY
2006 NOV -6  AM 10: 23



EXHIBIT
B

JAKOB A. GROSE, the identities of all                    )
of said fictitious defendants are not                    )
known at this time to the plaintiff,                     )
however, will be added by amendment                      )
when ascertained,                                        )
                                                         )
                *Defendants.*                  )

## FIRST AMENDED COMPLAINT

### PARTIES

1.    CANDACE M. GROSE is a resident of South Carolina and is the duly appointed personal representative of JAKOB A. GROSE, deceased.

2.    BILLY GENE MICHAEL, on information and belief, is a resident of Mississippi and is over the age of nineteen (19) years.

3.    BAD J TRUCKING COMPANY, a foreign corporation, partnership, or other entity which owned, operated, or entrusted the accident rig to Billy Gene Michael, or for whose benefit Billy Gene Michael was acting at the time of the decedent's death.

4.    JOEY BARNES, an individual, and JOEY BARNES d/b/a BAD J TRUCKING COMPANY, the individual, firm, corporation, partnership, or other entity who owned, operated, or entrusted the accident rig to Billy Gene Michael, or for whose benefit Billy Gene Michael was acting at the time of the decedent's death.

5.    FICTITIOUS DEFENDANT A, those persons, firms, corporations, partnerships, or other entities who negligently hired, trained, or supervised BILLY GENE MICHAEL.

6.    FICTITIOUS DEFENDANT B, those persons, firms, corporations, partnerships, or other entities who negligently entrusted the accident rig to BILLY GENE MICHAEL, an incompetent driver.

7.    FICTITIOUS DEFENDANT C, those persons, firms, corporations, partnerships, or other entities who negligently maintained and/or inspected the rig operated by Defendant BILLY GENE MICHAEL at the time of the accident made the basis of this suit.

8.    FICTITIOUS DEFENDANT D, those persons, firms, corporations, partnerships, or other entities for whose benefit BILLY GENE MICHAEL was operating the truck at the time of the accident made the basis of this suit.

9.    FICTITIOUS DEFENDANT E, those persons, firms, corporations, partnerships, or other entities who are responsible for the death of JAKOB A. GROSE.


## COUNT I

10.    The plaintiff incorporates Paragraphs 1 through 9 of the Complaint by reference as though fully set herein.

11.    On or about the 7th day of April, 2005, the defendants, Billy Gene Michael, Bad J Trucking Company, Joey Barnes, an individual, and d/b/a Bad J Trucking Company, and/or Fictitious Defendants A, B, C, D, and/or E were operating an 18-wheel tractor trailer rig within Montgomery County, Alabama, on U. S. Highway 231.

12.    The defendants negligently or wantonly caused or allowed the tractor trailer rig to pull out of a private drive, across U. S. 231 South and completely block the path of the decedent, Jakob A. Grose, in violation of the Alabama Rules of the Road.

13.    The decedent, Jakob A. Grose, was operating his vehicle upon U. S. 231 in a lawful manner and had the right of way.

14.    As a proximate result of the defendant's negligence or wantonness described herein, to include, but not limited to the defendant's failure to yield the right of way, the vehicle of Jakob A. Grose collided with the defendants' rig. Jakob A. Grose sustained injuries including a partial decapitation as a result of the defendants' aforesaid negligence or wantonness from which he died.

WHEREFORE, THE PREMISES CONSIDERED, plaintiff demands judgment against Billy Gene Michael, Bad J Trucking Company, Joey Barnes, an individual, and d/b/a Bad J Trucking Company, and Defendants A, B, C, D, and E as allowed by law for the wrongful death of Jakob Alvin Grose.

## COUNT II

15.    The plaintiff incorporates Paragraphs 1 through 14 of the Complaint by reference as though fully set herein.

16.    Bad J Trucking Company, Joey Barnes, an individual, Joey Barnes, d/b/a Bad J Trucking Company, and/or Fictitious Defendant A negligently hired, trained and/or

supervised Billy Gene Michael concerning the operation, use, and maintenance of the accident rig.

17.    As a proximate result of the negligence described herein, Defendant Billy Gene Michael caused or allowed the tractor trailer rig he was operating to pull out of a private drive, across U. S. 231 South and completely block the path of the decedent, Jakob A. Grose, in violation of the Alabama Rules of the Road.

18.    The decedent, Jakob A. Grose, was operating his vehicle upon U. S. 231 in a lawful manner and had the right of way.

19.    As a proximate result of the defendant's negligence or wantonness described herein, to include, but not limited to the defendant's failure to yield the right of way, the vehicle of Jakob A. Grose collided with the defendants' rig. Jakob A. Grose sustained injuries including a partial decapitation as a result of the defendants' aforesaid negligence or wantonness from which he died.

WHEREFORE, THE PREMISES CONSIDERED, plaintiff demands judgment against Billy Gene Michael, Bad J Trucking Company, Joey Barnes, an individual, and d/b/a Bad J Trucking Company, and Defendant A as allowed by law for the wrongful death of Jakob Alvin Grose.

## COUNT III

20.    The plaintiff incorporates Paragraphs 1 through 19 of the Complaint by reference as though fully set herein.

21.    Bad J Trucking Company, Joey Barnes, an individual, Joey Barnes, d/b/a Bad J Trucking Company, and/or Fictitious Defendant B negligently entrusted to Billy Gene Michael the 18-wheel tractor trailer rig which he was operating at the time of the accident.

22.    Bad J Trucking Company, Joey Barnes, an individual, Joey Barnes, d/b/a Bad J Trucking Company, and/or Fictitious Defendant B knew or should have known that Billy Gene Michael had a poor driving record, possessed reckless tendencies, was not properly trained or supervised, and lacked the proper credentials for the operation of an 18-wheel tractor trailer rig.

23.    As a proximate result of the negligence of Bad J Trucking Company, Joey Barnes, an individual, Joey Barnes, d/b/a Bad J Trucking Company, and/or Fictitious Defendant B, Defendant Billy Gene Michael caused or allowed the tractor trailer rig he was operating to pull out of a private drive, across U. S. 231 South and completely block the path of the decedent, Jakob A. Grose, in violation of the Alabama Rules of the Road.

24.    The decedent, Jakob A. Grose, was operating his vehicle upon U. S. 231 in a lawful manner and had the right of way.

25.    As a proximate result of the defendant's negligence or wantonness described herein, to include, but not limited to the defendant's failure to yield the right of way, the vehicle of Jakob A. Grose collided with the defendants' rig. Jakob A. Grose sustained injuries including a partial decapitation as a result of the defendants' aforesaid negligence or wantonness from which he died.

-6-

WHEREFORE, THE PREMISES CONSIDERED, plaintiff demands judgment against Billy Gene Michael, Bad J Trucking Company, Joey Barnes, an individual, Joey Barnes, d/b/a Bad J Trucking Company, and/or and Defendant B as allowed by law for the wrongful death of Jakob Alvin Grose.

## COUNT IV

26.     The plaintiff incorporates Paragraphs 1 through 25 of the Complaint by reference as though fully set herein.

27.     Bad J Trucking Company, Joey Barnes, an individual, Joey Barnes, d/b/a Bad J Trucking Company, and/or Fictitious Defendant C negligently inspected or maintained the tractor trailer rig operated by Billy Gene Michael at the time of the accident made the basis of this suit.

28.     The defendants' tractor trailer rig was unsafe and did not comply with applicable regulations.

29.     As a proximate result of the negligence of Bad J Trucking Company, Joey Barnes, an individual, Joey Barnes, d/b/a Bad J Trucking Company, and/or Fictitious Defendant C, Defendant Billy Gene Michael caused or allowed the tractor trailer rig he was operating to pull out of a private drive , across U. S. 231 South and completely block the path of the decedent, Jakob A. Grose, in violation of the Alabama Rules of the Road.

30.     The decedent, Jakob A. Grose, was operating his vehicle upon U. S. 231 in a lawful manner and had the right of way.

-7-

31.    As a proximate result of the defendant's negligence or wantonness described herein, to include, but not limited to the defendant's failure to yield the right of way, the vehicle of Jakob A. Grose collided with the defendants' rig. Jakob A. Grose sustained injuries including a partial decapitation as a result of the defendants' aforesaid negligence or wantonness from which he died.

WHEREFORE, THE PREMISES CONSIDERED, plaintiff demands judgment against Billy Gene Michael, Bad J Trucking Company, Joey Barnes, an individual, Joey Barnes, d/b/a Bad J Trucking Company, and/or and Fictitious Defendant C as allowed by law for the wrongful death of Jakob Alvin Grose.

## COUNT V

32.    The plaintiff incorporates Paragraphs 1 through 31 of the Complaint by reference as though fully set herein.

33.    Bad J Trucking Company, Joey Barnes, an individual, Joey Barnes, d/b/a Bad J Trucking Company, and/or Fictitious Defendant D is the person, corporation, firm, or entity for whose benefit the tractor trailer rig was being operated at the time of the events described herein which caused the death of Jakob Alvin Grose.

34.    Bad J Trucking Company, Joey Barnes, an individual, Joey Barnes, d/b/a Bad J Trucking Company, and/or Fictitious Defendant D is liable to the plaintiff vicariously for the acts, errors, and/or omissions of Billy Gene Michael and Defendants A, B, C, and E described herein.

35.    As a proximate result of the negligence or wantonness of Bad J Trucking Company, Joey Barnes, an individual, Joey Barnes, d/b/a Bad J Trucking Company, and/or Fictitious Defendant D, Defendant Billy Gene Michael caused or allowed the tractor trailer rig he was operating to pull out of a private drive , across U. S. 231 South and completely block the path of the decedent, Jakob A. Grose, in violation of the Alabama Rules of the Road.

36.    The decedent, Jakob A. Grose, was operating his vehicle upon U. S. 231 in a lawful manner and had the right of way.

37.    As a proximate result of the defendant's negligence or wantonness described herein, to include, but not limited to the defendant's failure to yield the right of way, the vehicle of Jakob A. Grose collided with the defendants' rig.  Jakob A. Grose sustained injuries including a partial decapitation as a result of the defendants' aforesaid negligence or wantonness from which he died.

WHEREFORE, THE PREMISES CONSIDERED, plaintiff demands judgment against Billy Gene Michael, Bad J Trucking Company, Joey Barnes, an individual, Joey Barnes, d/b/a Bad J Trucking Company, and/or and Defendants A, B, C, D, and E as allowed by law for the wrongful death of Jakob Alvin Grose.

## COUNT VI

38.    The plaintiff incorporates Paragraphs 1 through 37 of the Complaint by reference as though fully set herein.

39.    Bad J Trucking Company, Joey Barnes, an individual, Joey Barnes, d/b/a Bad J Trucking Company, and/or Fictitious Defendant E is the person, firm, corporation, partnership, or other entity responsible for the death of Jacob Alvin Grose.

40.    The acts, errors, and omissions of Bad J Trucking Company, Joey Barnes, an individual, Joey Barnes, d/b/a Bad J Trucking Company, and/or Fictitious Defendant E combined and concurred with the negligence or wantonness of Defendants Billy Gene Michael, A, B, C, and D to cause the injuries to Jakob Alvin Grose from which he died.

41.    The decedent, Jakob A. Grose, was operating his vehicle upon U. S. 231 in a lawful manner and had the right of way.

42.    As a proximate result of the defendant's negligence or wantonness described herein, to include, but not limited to the defendant's failure to yield the right of way, the vehicle of Jakob A. Grose collided with the defendants' rig. Jakob A. Grose sustained injuries including a partial decapitation as a result of the defendants' aforesaid negligence or wantonness from which he died.

WHEREFORE, THE PREMISES CONSIDERED, plaintiff demands judgment against Billy Gene Michael Bad J Trucking Company, Joey Barnes, an individual, Joey Barnes, d/b/a Bad J Trucking Company, and/or and Defendants A, B, C, D, and E as allowed by law for the wrongful death of Jakob Alvin Grose.

_____
DAVID E. ALLRED (ALL039)

-10-

_Craig Allred_
D. CRAIG ALLRED (ALL078)
Attorneys for Plaintiff

OF COUNSEL:

DAVID E. ALLRED, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone:   (334) 396-9200
Facsimile:   (334) 396-9977

JEMISON & MENDELSOHN, P.C.
Post Office Box 241566
Montgomery, Alabama 36124-1566
Telephone:   (334) 213-2323
Facsimile:   (334) 213-5663

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *First Amended Complaint* has been served

upon the following party in this cause by placing a copy of same in the United States Mail,

first-class postage prepaid, on this the 3rd day of November, 2006.

Billy Gene Michael
CR 1200 House #8
Booneville, Mississippi 38829

OF COUNSEL

_Serve Defendant by certified mail as follows_:

JOEY BARNES, an individual, and
BAD J TRUCKING COMPANY
Post Office Box 575
Booneville, Mississippi 38829

-11-

Form MCS-90
(7/96)

# ENDORSEMENT

OMB NO. 2125-0074

### ENDORSEMENT FOR
## MOTOR CARRIER POLICIES OF INSURANCE FOR PUBLIC LIABILITY
### UNDER SECTIONS 29 AND 30 OF THE MOTOR CARRIER ACT OF 1980

## DEFINITIONS AS USED IN THIS ENDORSEMENT

**ACCIDENT** includes continuous or repeated exposure to conditions which results in bodily injury, property damage, or environmental damage which the insured neither expected nor intended.

**MOTOR VEHICLE** means a land vehicle, machine, truck, tractor, trailer, or semitrailer propelled or drawn by mechanical power and used on a highway for transporting property, or any combination thereof.

**BODILY INJURY** includes injury to the body, sickness, or disease to any person, including death resulting from any of these.

**ENVIRONMENTAL RESTORATION** means restitution for the loss, damage or destruction of natural resources arising out of the accidental discharge, dispersal, release or escape into or upon the land, atmosphere, watercourse, or body of water, of any commodity transported by a motor carrier. This shall include the cost of removal and the cost of necessary measures taken to minimize or mitigate damage to human health, the natural environment, fish, shellfish and wildlife.

**PROPERTY DAMAGE** includes damage to or loss of use of tangible property.

**PUBLIC LIABILITY** means liability for bodily injury, property damage, and environmental restoration.

The insurance policy to which this endorsement is attached provides automobile liability insurance and is amended to assure compliance by the insured, within the limits stated herein, as a motor carrier of property, with Sections 29 and 30 of the Motor Carrier Act of 1980 and the rules and regulations of the Federal Highway Administration (FHWA) and the Interstate Commerce Commission (ICC).

In consideration of the premium stated in the policy to which this endorsement is attached, the insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere. Such insurance as is afforded for public liability does not apply to injury to or death of the insured's employees while engaged in the course of their employment, or property transported by the insured, designated as cargo.

It is understood and agreed that no condition, provision, stipulation, or limitation contained in the policy, this endorsement, or any other endorsement thereon, or violation thereof, shall relieve the company from liability or from the payment of any final judgment, within the limits of liability herein described, irrespective of the financial condition, insolvency or bankruptcy of the insured. However, all terms, conditions, and limitations in the policy to which the endorsement is attached shall remain in full force and effect as binding between the insured and the company. The insured agrees to reimburse the company for any payment made by the company on account of any accident, claim, or suit involving a breach of the terms of the policy, and for any payment that the company would not have been obligated to make under the provisions of the policy except for the agreement contained in this endorsement.

It is further understood and agreed that, upon failure of the company to pay any final judgment recovered against the insured as provided herein, the judgment creditor may maintain an action in any court of competent jurisdiction against the company to compel such payment.

The limits of the company's liability for the amounts prescribed in this endorsement apply separately to each accident and any payment under the policy because of any one accident shall not operate to reduce the liability of the company for the payment of final judgments resulting from any other accident.

The policy to which this endorsement is attached provides primary or excess insurance, as indicated by "X", for the limits shown:

[X] This insurance is primary and the company shall not be liable for amounts in excess of $ __1,000,000 CSL__ for each accident.

[ ] This insurance is excess and the company shall not be liable for amounts in excess of $ _____ for each accident in excess of the underlying limit of $ _____ for each accident.

Whenever required by the FHWA or the ICC the company agrees to furnish the FHWA or the ICC a duplicate of said policy and all its endorsements. The company also agrees, upon telephone request by an authorized representative of the FHWA or the ICC, to verify that the policy is in force as of a particular date. The telephone number to call is 864-242-5365.

Cancellation of this endorsement may be effected by the company or the insured by giving (1) thirty five (35) days notice in writing to the other party (said 35 days to commence from the date the notice is mailed, proof of mailing shall be sufficient proof of notice), and (2) if the insured is subject to the ICC's jurisdiction, by providing thirty (30) days notice to the ICC (said 30 days notice to commence from the date notice is received by the ICC at its office in Washington, D.C.).

Issued to __JOEY BARNES DBA BAD J TRUCKING__ of __45 CR 229 IUKA, MS__

Dated at __MEMPHIS, TN__ this __29th__ day of __March__ , 20 __03__

Amending Policy No. __395497__

Effective Date __3/28/03 2:00 PM__          Countersigned by __Eve P. Horner__

*Authorized Company Representative*
HORNER INSURANCE SERVICES, INC

## Canal Insurance Company

Form E-103                Greenville, South Carolina

Page 1 of 2
(Rev. 7-96)

**EXHIBIT 2**

410623805

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CANAL INSURANCE COMPANY,    ]
                            ]
    Plaintiff,              ]
                            ]
v.                          ]        CASE NO. 2:07 CV 882 MHT
                            ]
BILLY GENE MICHAEL,         ]
an individual; JOEY BARNES, ]
individually and d/b/a      ]
BAD J TRUCKING COMPANY;     ]
CANDACE M. GROSE, as personal ]
representative of the Estate of ]
JAKOB A. GROSE, et al.,     ]
                            ]
    Defendants             ]


STATE OF ALABAMA            ]
                            ]
COUNTY MONTGOMERY           ]


## <u>AFFIDAVIT OF BILLY GENE MICHAEL</u>

Before me, the undersigned authority, a Notary Public in and for said state and county, personally appeared BILLY GENE MICHAEL, and after being duly sworn, under oath, deposes and says the following:

1.    My name is BILLY GENE MICHAEL, and I am an adult resident of Mississippi, and I have personal knowledge of the facts set forth in this affidavit.

2.    At the time of the April 7, 2005 motor vehicle accident between Jakob Grose and myself, I was working for Joey Barnes, d/b/a Bad J Trucking Company. I was hauling



EXHIBIT
3

a load for Bad J Trucking to Florida. I picked up this load from a company called FSR. FSR was a customer of Bad J Trucking.

3.    At no time before this accident did Joey Barnes or anyone else tell me that I was terminated from my employment with Bad J Trucking. I never received the April 1, 2005 "Leased Termination" letter that Mr. Barnes claims to have sent me. I have never received any letter or other documentation terminating me from my employment with Bad J Trucking.

4.    There was no written lease agreement between myself and Bad J Trucking. Before this lawsuit was filed, I had never seen any written lease agreement between myself and Bad J Trucking. I never received a written lease agreement in the mail from Joey Barnes or Bad J Trucking.

5.    Joey Barnes and I had an oral agreement concerning my employment with Bad J Trucking. I was required to pay Mr. Barnes $100 per week. In exchange, I was allowed to drive using his ICC authority and DOT number. At the time of the accident, I was driving under Bad J Trucking's ICC authority and DOT number.

6.    I was required to pay my share of my insurance while working for Bad J Trucking. As of the date of the April 7, 2005 accident, I had not been told by Joey Barnes, Karen Edge or anyone else that my tractor was no longer covered under Bad J Trucking's insurance policy.

7.    Neither Joey Barnes nor anyone from Bad J Trucking told me that my employment relationship with Bad J Trucking would automatically terminate if I was behind on my insurance payments.

8.    Neither Joey Barnes nor any other person ever told me to remove the decals from my tractor at any time before the accident with Jakob Grose. Neither Joey Barnes nor any other person told me that I was no longer allowed to use Bad J Trucking's ICC authority.

9.    At the time of this accident, I was hauling a load for one of Bad J Trucking's customers. I was doing so using Bad J Trucking's ICC authority. I was working for Bad J Trucking.

"The above information is true and correct to the best of my knowledge and belief."

_____
BILLY GENE MICHAEL

SWORN TO and SUBSCRIBED before me on this the ⏤ day of _____, 2008.

_____
NOTARY PUBLIC
My commission expires: 11-25-08

3