IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CANAL INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>BILLY GENE MICHAEL, an individual; )<br>JOEY BARNES, individually and d/b/a )<br>BAD J TRUCKING COMPANY; )<br>CANDACE M GROSE, as personal )<br>representative of the Estate of JAKOB )<br>A. GROSE; et al. ) | CIVIL ACTION NUMBER:<br>2:07CV882-MHT |

## CANAL INSURANCE COMPANY'S MOTION TO STRIKE
## DEPOSITION TESTIMONY OF BILLY GENE MICHAEL

COMES the Plaintiff, Canal Insurance Company, and moves the Court, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, to enter an order striking the deposition testimony of Billy Gene Michael, taken in a separate proceeding in which this Plaintiff is not a party, and which has been relied upon by Candace M. Grose and Billy Gene Michael, in opposition to Plaintiff's Motion for Summary Judgment, and also in support of their own motions for summary judgment.

As grounds in support of this Motion to Strike, Plaintiff says as follows:

### DISCUSSION

Rule 12(f) of the Federal Rules of Civil Procedure provides that upon a party's motion, or the Court's own initiative, the Court may strike from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter. F.R.C.P. 12(f). Canal Insurance Company ("Canal") requests that this Court strike the deposition testimony of Billy Gene

1

Michael which has been relied upon by Candace M. Grose ("Grose") and Billy Gene Michael ("Michael") in opposition to Canal's Motion for Summary Judgment, and also in support of their own Motions for Summary Judgment. The testimony of Billy Gene Michael ("Michael") was taken in a separate proceeding in which Canal is not a party and, therefore, had no opportunity for cross-examination.

Rule 32 of the Federal Rules of Civil Procedure, amended December 1, 2007, provides in pertinent part as follows:

**Rule 32. Using Deposition.**

**(a) Using Depositions.**

> **(1) In General.** At a hearing or trial, all or part of a deposition may be used against a party on these conditions:
>
>> **(A) the party was present or represented at the taking of the deposition** or had reasonable notice of it;
>
> . . .
>
> **(8) Depositions Taken in an Earlier Action.** A deposition taken and, if required, filed in any federal - or state - court action may be used in a later action involving the **same subject matter between the same parties**, or their representatives or successors in interest, to the same extent as if taken in the later action.
> F.R.C.P. 32 (as amended, December 1, 2007) (emphasis supplied).

It is clear from a reading of Rule 32(a) of the Federal Rules of Civil Procedure that a deposition taken in an earlier action may only be used against a party in the present proceeding if (1) the party against whom the deposition is offered was present or represented at the taking of the deposition; and (2) the prior action and present action involve the same subject matter and the same parties. Stated another way, depositions are generally allowed in consideration of a motion

2

for summary judgment provided that the party against whom they are admitted was present or represented at the deposition. *The Nippon Credit Bank Ltd. v. Matthews*, 291 F.3d 738, 751 (11th Cir. 2002).

Furthermore, Federal Rule of Evidence 804(b)(1) provides as follows:

**Rule 804. Hearsay Exceptions; Declarant Unavailable.**
. . .
**(b) Hearsay exceptions.** The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

> **(1) Former testimony.** Testimony given as a witness at another hearing of the same or different proceeding, or in a deposition taken in compliance with the law in the course of the same or another proceeding, **if the party against whom the testimony is now offered**, or in a civil action or proceeding, a predecessor in interest, **had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.**
> F.R.E. 804(b)(1) (emphasis supplied).

Accordingly, depositions taken in a different proceeding may not be considered in support of a motion for summary judgment against a party who was not offered the opportunity to cross-examine the deponent. *The Nippon Credit Bank Ltd. v. Matthews*, 291 F.3d 738, 751 (11th Cir. 2002).

The testimony of Michael, which is relied upon by Grose and Michael in opposition to Canal's Motion for Summary Judgment and in support of their own Motions for Summary Judgment, was taken in a separate action (<u>Candace M. Grose v. Billy Gene Michael</u>, in the Circuit Court for Montgomery County, Alabama, Civil Action Number CV-06-900085), in which Canal is not a party, and therefore, had no opportunity to cross-examine Michael during his deposition. Accordingly, pursuant to Rule 32(a) of the Federal Rules of Civil Procedure, Rule 804 of the Federal Rules of Evidence, and the federal case law cited herein, Michael's

testimony offered against Canal is due to be stricken by this Court.

## CONCLUSION

For the reasons stated herein, Plaintiff, Canal Insurance Company, moves this Court to strike the deposition testimony of Billy Gene Michael which is relied upon by Defendants, Candace M. Grose and Billy Gene Michael, in opposition to Canal Insurance Company's Motion for Summary Judgment and in support of Candace M. Grose's and Billy Gene Michael's Motions for Summary Judgment.

_____
Jack J. Hall, Attorney for Plaintiff,
Canal Insurance Company

**OF COUNSEL:**
HALL, CONERLY & BOLVIG, P.C.
505 N. 20th Street, Suite 1400
Birmingham, AL 35203
(205) 251-8143
fax: (205) 326-3202

**CERTIFICATE OF SERVICE**

I do hereby certify that I have on this 28th day of February, 2008, served a true and correct copy of the above pleading on all counsel of record by placing same in the United States Mail, postage prepaid and properly addressed to:

William E. Brittain
Ball, Ball, Matthews & Novak, P.A.
P.O. Box 2148
Montgomery, AL 36102
ebrittain@ball-ball.com

David E. Allred
DAVID E. ALLRED, P.C.
P.O. Box 241594
Montgomery, AL 36124
dallred@allredpclaw.com

Joey Barnes, an individual
and d/b/a Bad J Trucking
P.O. Box 575
Booneville, MS 38829

_____
OF COUNSEL